IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division



DAVID WILLIAM WOOD,

          **Plaintiff**

v.                                          CIVIL NO. 3:15CV594

EQUIFAX CREDIT INFORMATION SERVICES, LLC.,

SERVE: Corporation Service Company, Registered Agent
        Bank of America Center, 16th Floor
        1111 East Main Street
        Richmond, Virginia 23219

EXPERIAN INFORMATION SOLUTIONS, INC.,

SERVE:    David N. Anthony, Registered Agent
              Troutman Sanders, LLP
              1001 Haxall Point
              Richmond, VA 23219

TRANS UNION, LLC.,

SERVE:    Corporation Service Company, Registered Agent
              Bank of America Center, 16th Floor
              1111 East Main Street
              Richmond, VA 23219

CREDIT ONE BANK
Robert DeJong, President
585 Pilot Road
Las Vegas, NV 89119

SERVE:    Secretary of the Commonwealth

and

MIDLAND CREDIT MANAGEMENT, INC.

SERVE:    Corporation Service Company, Registered Agent
              Bank of America Ctr, 16th Floor
              1111 E. Main Street
              Richmond, VA 23219

          **Defendants.**

## COMPLAINT

COMES NOW the Plaintiff, **David William Wood,** by counsel, and for his complaint against the Defendants, he alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act of "FCRA").

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

### PARTIES

4. The Plaintiff, **David William Wood,** ("Mr. Wood") is a natural person and a consumer as defined by 15 U.S.C. §1681a(c).

5. Upon information and belief, **EQUIFAX INFORMATION SERVICES, LLC.** ("*Equifax*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

6. Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

7. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

8. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.**

2

("*Experian*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

9. Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

10. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

11. Upon information and belief, **TRANS UNION, LLC.** ("*Trans Union*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

12. Upon information and belief, *Trans Union* is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

13. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

14. Upon information and belief, **Credit One Bank** ("*Credit One*") is a credit lender, furnisher and user of consumer reports as defined and governed by the Fair Credit Reporting Act.

15. Upon information and belief, **Midland Credit Management Inc.** ("*Midland*) is a furnisher and user of consumer reports as defined and governed by the Fair Credit Reporting Act.

## FACTS

15. Prior to April 15, 2015, Plaintiff, Mr. Wood, was a victim of fraud on several

3

accounts opened in his name.

16. Plaintiff immediately began disputing the reporting of these accounts and closed several accounts that were fraudulently opened. He made online disputes, telephonic disputes and written disputes to Equifax, Experian and Trans Union.

17. On or about March 31, 2015, Plaintiff pulled his online consumer disclosures form the consumer reporting agencies and learned that each of the consumer reporting agencies were reporting a fraudulent Credit One Bank account, Account Number 4476223178XXX derogatorily.

18. In addition, Midland was also reporting the fraudulent Credit One Bank account as a collection.

19. The Midland and Credit One Bank Reportings were inaccurate. Mr. Wood was not responsible for the accounts as they were apparently opened and/or used by someone else.

20. Mr. Wood again disputed the fraudulent accounts directly with *Equifax, Experian* and *Trans Union* in writing on April 15, 2015.

21. *Equifax* never responded to Mr. Wood's written dispute.

22. On or about April 29, 2015 *Trans Union* forwarded its Investigation Results to Mr. Wood as "New Information Below", however, *Trans Union* continued to inaccurately report the fraudulent accounts as belonging to Plaintiff.

23. On or about June 24, 2015 *Experian* forwarded its Dispute Results to Mr. Wood. *Experian* advised Mr. Wood that the Midland account was "updated" and the Credit One Bank account was "updated", however, both accounts were continuing to be reported as Mr. Wood's responsibility.

24. *Equifax, Experian* and *Trans Union* had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate accounts.

25. Upon information and belief, *Equifax, Experian* and *Trans Union* each prepared and published to third parties multiple inaccurate consumer reports about Mr. Wood that contained the inaccurate fraudulent accounts.

26. *Equifax, Experian* and *Trans Union* each received Mr. Wood's disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, *Equifax, Experian* and *Trans Union* merely "parroted" the information dictated to it by *Credit One Bank* and *Midland*.

27. Upon information and belief, Mr. Wood alleges that on one or more occasions *Equifax, Experian* and *Trans Union* forwarded Mr. Wood's disputes to both Credit One Bank and Midland. Upon information and belief, both Credit One Bank and Midland were provided notice of Mr. Wood's disputes and despite this notice, failed and refused to investigate and correct their inaccurate reporting.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681e(b)
## (EQUIFAX, EXPERIAN and TRANS UNION)

28. Mr. Wood realleges and incorporates all other factual allegations set forth in the Complaint.

29. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Wood's credit reports and credit file it published and maintained after the date Plaintiff put the agencies on notice of the suspect and disputed inaccuracies.

30. As a result *Equifax, Experian* and *Trans Union's* violations of 15 U.S.C. §1681e(b), Mr. Wood suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

31. The violations by *Equifax, Experian* and *Trans Union* were willful rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent, which entitles Mr. Wood to recovery under 15 U.S.C. §1681o.

32. Mr. Wood is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(1)
### (EQUIFAX, EXPERIAN and TRANS UNION)

33. Mr. Wood realleges and incorporates all other factual allegations set forth in the Complaint.

34. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the items from Mr. Wood's credit file.

35. As a result of *Equifax, Experian* and *Trans Union's* violations of 15 U.S.C. §1681i(a)(1), Mr. Wood suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

36. The violations by *Equifax, Experian* and *Trans Union* were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent which entitles Mr. Wood to recovery under 15 U.S.C. §1681o.

37. Mr. Wood is entitled to recover actual damages, statutory damages, costs and

attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(2)(A)
### (EQUIFAX, EXPERIAN and TRANS UNION)

38. Mr. Wood realleges and incorporates all other factual allegations set forth in the Complaint.

39. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide *Credit One Bank* and *Midland* with all the relevant information regarding Mr. Wood's disputes.

40. As a result of *Equifax, Experian* and *Trans Union's* violations of 15 U.S.C. §1681i(a)(2), Mr. Wood suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

41. The violations by *Equifax, Experian* and *Trans Union* were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent which entitles Mr. Wood to recovery under 15 U.S.C. §1681o.

42. Mr. Wood is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(4)
### (EQUIFAX, EXPERIAN and TRANS UNION)

43. Mr. Wood realleges and incorporates all other factual allegations set forth in the

Complaint.

44. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Mr. Wood.

45. As a result of Equifax, *Experian* and *Trans Union's* violations of 15 U.S.C. §1681i(a)(4), Mr. Wood suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

46. The violations by *Equifax, Experian* and *Trans Union* were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling Mr. Wood to recovery under 15 U.S.C. §1681o.

47. Mr. Wood is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(5)(A)
### (EQUIFAX, EXPERIAN and TRANS UNION)

48. Mr. Wood realleges and incorporates all other factual allegations set forth in the Complaint.

49. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Mr. Wood's credit file or modify the item of information upon a lawful reinvestigation.

50. As a result of *Equifax, Experian* and *Trans Union's* violations of 15 U.S.C. §1681i(a)(5)(A), Mr. Wood suffered actual damages, including but not limited to: loss of credit,

damage to reputation, embarrassment, humiliation and other mental and emotional distress.

51. The violations of *Equifax, Experian* and *Trans Union* were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligence entitling Mr. Wood to recover under 15 U.S.C. §1681o.

52. Mr. Wood is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(A)
### (CREDIT ONE BANK and MIDLAND CREDIT MANAGEMENT, INC.)

53. Mr. Wood realleges and incorporates all other factual allegations set forth in the Complaint.

54. On one or more occasions, *Credit One Bank* and *Midland* violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate Mr. Wood's disputes.

55. When *Credit One Bank* and *Midland* received a consumer dispute ACDV form, they are aware that they may also contact the CRA that sent it to obtain more information regarding a consumer's dispute.

56. Based on the manner in which *Experian* and *Trans Union* responded to Mr. Wood's disputes, representing that new information was being reported regarding the fraudulent *Credit One Bank* account and the *Midland* collection, however, both furnishers were continuing to report the disputed and derogatory accounts in Plaintiff's credit file. Mr. Wood alleges that *Equifax, Experian* and *Trans Union* did in fact forward Mr. Wood's disputes via ACDV dispute forms to *Credit One Bank* and *Midland*.

57. *Credit One Bank* and *Midland* both understood the nature of Mr. Wood's disputes when they received the ACDV's from *Equifax, Experian* and *Trans Union*.

58. When *Credit One Bank* and *Midland* received the ACDV's from *Equifax, Experian* and *Trans Union*, they could have reviewed their own systems and previous communications with Mr. Wood and discovered additional substance regarding Mr. Wood's dispute.

59. Notwithstanding the above, *Credit One Bank* and *Midland* followed a standard and systemically unlawful process when they received the ACDV dispute. Basically, all they did was review their own internal computer screens for the accounts and repeat back to the ACDV system the same information they had already reported to the CRAs.

60. As a result of *Credit One Bank* and *Midland's* violations of 15 U.S.C. §1681s-2(b)(1)(A), Mr. Wood suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

61. The violations by *Credit One Bank* and *Midland* were willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

62. The law in this District, the Fourth Circuit and even nationally has long ago been set to require a detailed and searching investigation by a creditor when it receives a consumer's FCRA dispute through a CRA.

63. Both *Credit One Bank* and *Midland* were aware of the *Johnson v. MBNA* FCRA decision by the Fourth Circuit when they followed their ACDV procedures regarding Mr. Wood's dispute.

64. On information and belief Mr. Wood alleges that the procedures followed through e-Oscar were the procedures that *Credit One Bank* and *Midland* intended their employees or agents to follow.

65. Both *Credit One Bank* and *Midland* employees or agents did not make a mistake in the way in which they followed *Credit One Bank* and *Midland* procedure when they received, processed and responded to the *Equifax, Experian* and *Trans Union* ACDVs.

66. The violations by *Credit One* and *Midland* were willful, rendering *Credit One* and *Midland* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Credit One* and *Midland* was negligent, which entitles Mr. Wood to recover under 15 U.S.C. §1681o.

67. Mr. Wood is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Credit One* and *Midland* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(B)
### (*Credit One* and *Midland Credit Management, Inc.*)

68. Mr. Wood realleges and incorporates all other factual allegations set forth in the Complaint.

69. On one or more occasions within the past two years, by example only and without limitation, *Credit One* and *Midland* violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies upon Mr. Wood's dispute.

70. As a result of *Credit One* and *Midland* violations of 15 U.S.C. §1681s-2(b)(1)(B), Mr. Wood suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

71. The violations by *Credit One* and *Midland* were willful, rendering *Credit One* and *Midland* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Credit One* and *Midland* were negligent, which entitles Mr.

Wood to recover under 15 U.S.C. §1681o.

72. Mr. Wood is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Credit One* and *Midland* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(C) and (D)
### (*Credit One* and *Midland Credit Management, Inc.*)

73. Mr. Wood realleges and incorporates all other factual allegations set forth in the Complaint.

74. On one or more occasions within the past two years, by example only and without limitation, *Credit One* and *Midland* violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the *Credit One* and *Midland* representation within Mr. Wood's credit files with the CRAs without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

75. Mr. Wood's dispute were, at a minimum, bone fide.

76. As a result of these violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Mr. Wood suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

77. The violations by *Credit One* and *Midland* were willful, rendering *Credit One* and *Midland* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

78. *Credit One* and *Midland* were aware of the *Saunders v. Branch Banking & Trust* FCRA decision by the Fourth Circuit when they followed the ACDV procedures used regarding the Mr. Wood's dispute.

79. On information and belief, Mr. Wood alleges that the procedures through e-Oscar were the procedures that *Credit One* and *Midland* intended their employees or agents to follow.

80. On information and belief, Mr. Wood alleges that Defendants' employees or agents did not make a mistake in the way in which they followed *Credit One* and *Midland* procedures when they received, processed and responded to the *Equifax, Experian* and *Trans Union's* ACDVs without the XB code in the CCC field.

81. On information and belief, the Mr. Wood alleges that *Credit One* and *Midland* have not materially changed their FCRA investigation procedures regarding the CCC field in ACDVs after learning of their failures in this case.

82. The violations by *Credit One* and *Midland* were willful, rendering *Credit One* and *Midland* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Credit One* and *Midland* were each negligent, which entitles Mr. Wood to recover under 15 U.S.C. §1681o

83. Mr. Wood is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Credit One* and *Midland* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for their attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

DAVID WILLIAM WOOD,

By _____
Of Counsel

13

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

SUSAN M. ROTKIS, VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

*Counsel for Plaintiff*