IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DAVID WILLIAM WOOD,<br><br>   Plaintiff,<br><br> v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>Et al.,<br><br>   Defendants. | Case No. 3:15-cv-594 |

**PLAINTIFFS' FED. R. CIV. P. 26(a)(1) DISCLOSURES**

COME NOW the Plaintiff, David William Wood, by counsel and pursuant to Fed. R. Civ. P. 26(a)(1), and make the following disclosures to Defendants. These initial disclosures are based on information reasonably available to Plaintiff at this time. Plaintiff reserves the right to supplement these initial disclosures (either through express supplements to these disclosures or through responses to formal discovery) when additional information becomes available.

In making these initial disclosures, Plaintiff does not waive the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper ground to the use of any such information, for any purpose, in whole or in part, and this action or any other action. Plaintiff also does not waive the right to object to any request for production of any document, electronically stored information, or tangible thing on the basis of any privilege, the work product doctrine, evidentiary exclusion, relevancy, undue burden or any other proper ground.

 **I.** **Individuals likely to have discoverable information.**

   a. ***The Plaintiff, David William Wood***, c/o Consumer Litigation Associates,

    P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, Virginia 23601.

    Mr. Wood has information regarding the facts alleged in his Complaint.

b. ***Employees of Equifax Credit Information Services, LLC.***

*All facts regarding the subject matter of the Complaint and Mr. Wood's communications regarding the inaccurate information within his credit file.*

c. ***Employees of Trans Union, LLC.***

*All facts regarding the subject matter of the Complaint and Mr. Wood's communications regarding the inaccurate information within his credit file.*

d. ***Employees of Experian Information Solutions, Inc.***

*All facts regarding the subject matter of the Complaint and Mr. Wood's communications regarding the inaccurate information within his credit file.*

e. ***Employees of Midland Credit Management, Inc.***

*All facts relating to the derogatory and inaccurate collection account that appeared on Mr. Wood's credit reports.*

f. ***Credit One Bank***

*All facts relating to the derogatory and fraudulent Credit One Bank account that appeared on Mr. Wood's credit reports.*

g. **Evan Hendricks**
8321 Tomlinson Avenue
Bethesda, MD 20817

*Expert Witness*

h. Unknown persons as may be revealed in discovery.

i. All witnesses identified by the Defendants.

**II.**     **Description of documents Plaintiff may use in support of his action:**

Other than those documents obtained from any Defendant in discovery, the Plaintiff has the following documents in his possession and control:

*Plaintiff's counsel will forward Plaintiff's Bate Stamped Exhibits under separate cover to Defendant's counsel.*

| Document Type | Bate Stamp # PLAINTIFFS- |
|---|---|
| Equifax 3-Bureau credit report as of January 29, 2015 | 000001-0000021 |
| Equifax Complete Advantage Plan 1/29/15 | 000022-000034 |
| Trans Union 90 day initial alert notification 4/29/15 | 000035 |
| Trans Union investigation results 4/29/15 | 000036-000051 |
| Trans Union Credit Proof of disclosure request 6/10/15 | 000052-000055 |
| Trans Union Proof of dispute request 4/27/15 | 000056-000057 |
| Experian Credit Report dated 5/1/15 | 000058-000075 |
| Experian address verification request 5/5/15 | 000076-000077 |
| Experian dispute results 6/5/15 | 000078-000081 |
| Experian security alert 6/9/15 | 000082-000085 |
| Experian correspondence 6/9/15-unable to change/delete | 000086-000087 |
| Experian correspondence 6/24/15-additional information | 000088-000089 |
| Experian Investigation results – 6/24/15 | 000090-000101 |
| Experian correspondence 6/9/15 | 000102-000103 |
| Dispute letter to Equifax, Experian and Trans Union | 000104-000107 |
| Certified mailing receipts | 000108-000111 |
| Documents pertaining to Midland Credit Management | 000112-000128 |
| | |

**III. Computation of Damages**

a. **Itemization Of Damages**

The Plaintiff seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997). The jury in this matter will determine such damages.

**Categories and types of Actual Damages**

i. Plaintiff has suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.
ii. Plaintiff has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.
iii. Plaintiff has suffered general economic damages in the form of lost credit capacity and decreased credit scores.
iv. Plaintiff has suffered general damages in the form of damage to

          reputation.
- v. Plaintiff has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.
- vi. Plaintiff has suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiff did not receive because of the false and derogatory information contained in his credit report.
- vii. The damage to Plaintiff's credit score may also have impacted the interest rates he may have on current loans, credit he has requested during this ordeal, if applicable or caused decreased credit limits on existing accounts.
- viii. Plaintiff's economic damage also includes the considerable time, effort and expense she has been forced to expend attempting to force Defendant to comply with its statutory obligations including telephone calls, writing letters, sending faxes.
- ix. Plaintiff has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture his good name and credit, as well as the fact that Defendants continue to persist in painting Plaintiff in a false light both personally and financially.
- x. Plaintiff suffers anxiety when considering seeking additional credit because he believes, justifiably, that they will be forced to once again subject herself to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about him.

b. **<u>Case Law Supporting Actual Damages</u>**

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

*Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002)($225,000 actual damages based upon general and economic damage theories);

*Anderson v. Conwood Co.* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Bach v. First Union,* No. 3:01CV191 (S. D. Ohio)($400,000 in actual damages);

*Bell v. May Dep't Stores*, (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc.*, 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.,* (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages and $623,180 for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Johnson v. MBNA*, (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b) appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

*Mullins v. Equifax Info. Servs., Inc.,* 2007 U.S. Dist. LEXIS 62912 (E.D. VA. Aug. 27, 2007) (jury verdict upheld $20,000 in actual damages and $100,000 in punitive damages)

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, No: 4:02 CV 1650 (E.D. Mo. Jan. 28, 2004)($87,000 actual damages award).

*Adams v. Phillips,* 2002 WL 31886737 (E.D. La. Dec. 19, 2002)($200,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Peer v. Lewis*, 2008 WL 2047578 (S.D. Fla)($133,200 damages, remittitur to $12,500);

*Jansen v. Experian*, 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

*Miller v. Equifax Information Services, LLC.,* 3:11-cv-1231 (D. Or. 2011) (awarding 18.4 million dollars in damages against Equifax)

d. **Punitive Damages.**

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through the Plaintiff's testimony, that of his expert witness and

through the testimony of the employees of the Defendant against who such damages are sought.

    e.    **<u>Case Law Supporting Punitive Damages.</u>**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

*Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);

*Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);

*Brimm v. Midland Credit Management, Inc.,* No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($623,180 jury verdict for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);

*Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)

*Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);

*Mills v. NationsBank, N.A*. 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

*Mullins v. Equifax Info. Servs., Inc.,* 2007 U.S. Dist. LEXIS 62912 (E.D. VA. Aug. 27, 2007) (jury verdict upheld $20,000 in actual damages and $100,000 in punitive damages)

*Saunders v. Branch Banking and Trust Co., of Virginia,* 526 F. 3d 142 (4th Cir. 2008) Fourth Circuit affirmed jury award under FCRA of $1,000 statutory damages and $80,000 punitive damages)

*Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

7

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

*Williams v. Equifax Information Solutions, LLC*: Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

*Miller v. Equifax Information Services, LLC.,* 3:11-cv-1231 (D. Or. 2011) (awarding 18.4 million dollars in damages against Equifax)

Plaintiff reserves the right to further supplement these disclosures.

Respectfully submitted,
**DAVID WILLIAM WOOD,**

By_____/s/_____
Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 10th day of February, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Timothy St. George
Troutman Sanders, LLP.
1001 Haxall Point
Richmond, VA 23219
(804) 697-1254
(804) 698-6013 facsimile
tim.stgeorge@troutmansanders.com
   *Counsel for Midland Credit Management, Inc.*

John Willard Montgomery, Jr.
2116 Dabney Road, Suite A-1
Richmond, VA 23230
(804) 355-8744
(804) 355-8748 facsimile
jmontgomery@jwm-law.com
   *Counsel for Equifax Information Solutions, Inc.*

David N. Anthony
Troutman Sanders, LLP.
P. O. Box 1122
Rihmond, VA 23218-1122
(804) 697-5410
(804) 698-5118 facsimile
david.anthony@troutmansanders.com
   *Counsel for Experian Information Solutions, Inc.*

Gibson Sinclair Wright
Morris & Morris, P.C.
11 South 12th Street, 5th Floor
Richmond, VA 23219
(804) 344-6314
(804) 344-8359 facsimile
gwright@morrismorris.com
   *Counsel for Trans Union, LLC.*

              /s/
            _____
Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com