IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| David William Wood, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:15CV594 (MHL) |
| ) | |
| EQUIFAX CREDIT INFORMATION ) | |
| SERVICES, LLC; EXPERIAN ) | |
| INFORMATION SOLUTIONS, INC.; ) | |
| TRANS UNION, LLC; ) | |
| CREDIT ONE BANK; and ) | |
| MIDLAND CREDIT MANAGEMENT, INC. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CREDIT ONE BANK, N.A.'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant Credit One Bank, N.A., ("Credit One") by counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, submits this Memorandum in Support of its Motion for Summary Judgment. For the reasons set forth below, Credit One is entitled to judgment as a matter of law on Plaintiff's claims.

**I. STATEMENT OF THE CASE**

This case involves David William Wood's ("Plaintiff") allegations that Credit One negligently and willfully violated the Fair Credit Reporting Act ("FCRA"). Plaintiff claims that Credit One failed to conduct a reasonable investigation when responding to disputes sent on his behalf to EquiFax, Experian, and TransUnion, thereby violating 15 U.S.C. § 1681s-2(b).

This case arises out of the Plaintiff's claim that his mother stole his identity and opened up several accounts, including a credit card account with Credit One Bank with a credit limit of $300.00. Mr. Wood claims that, upon discovering the identify theft, he submitted ACDVs to

1

credit reporting agencies disputing the reporting of information by several different data furnishers, one of which was Credit One. In his Complaint, Mr. Wood alleged that Credit One did not conduct a reasonable investigation with regard to his disputes but, rather, simply regurgitated the information that was on its primary system without looking at the underlying account documents or referring to outside resources. As a result, Mr. Wood maintains that he has sustained emotional distress and credit damage. *See* Exhibit No. 1, Deposition of Wood.

Although Mr. Wood has filed numerous ACDVs over the course of almost two years with various credit reporting agencies, the claims in this case focus on those ACDVs that were filed shortly after April 15, 2015. More specifically, Plaintiff's counsel has limited its discovery to the ACDV investigations conducted by Credit One employees Alexandra Chu and Jennifer Schmidt. For this period of time, Ms. Chu performed all of the investigations except for one. The record reveals that Ms. Chu performed meaningful investigations with regard to the ACDV disputes. *See* Exhibit No. 2, Deposition of Chu. Through a collection of "snippets", which have been preserved, it is apparent exactly what steps Ms. Chu took in conducting her investigation. Not only did she verify the disputed information with the actual account documents, but she was also able to verify the disputed information through third-party sources such as Accurint. Similarly, the record reveals that Ms. Schmidt also performed a meaningful investigation with regard to the ACDV and was also able to link all of the Plaintiff's identifying information to Mr. Wood. *See* Exhibit No. 3, Deposition of Schmidt.

## II. ARGUMENT

Credit One is entitled to summary judgment because (1) Plaintiff's negligent non-compliance claim fails because Plaintiff cannot show actual damages as a result of Credit One's investigations, and (2) Plaintiff's willful non-compliance claim fails because plaintiff cannot

show that Credit One "knowingly and intentionally committed an act in conscious disregard for the rights" of the consumer.

Under the well-established summary judgment standard, once the moving party has satisfied its "initial burden" of demonstrating the absence of a genuine dispute as to any material fact, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case" to avoid summary judgment. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 884 (1990). The non-moving party cannot rely on conclusory allegations, "mere speculation," the building of one inference upon another, or the appearance of some "metaphysical doubt." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 261, 106 S. Ct. 2505, 2516, (1986). Instead, "a party opposing a properly supported motion for summary judgment . . . must 'set forth specific facts showing that there is a genuine issue for trial.'" *Frederick E. Bouchat v. Baltimore Ravens Football Club Inc.,* 346 F.3d 514, 525 (4th Cir. 2003) (quoting FED. R. CIV. P. 56(e)). Applying this standard, Credit One is entitled to judgment as a matter of law.

### A. Mr. Wood's negligent non-compliance claim fails because he cannot show actual damages as a result of Credit One's investigations.

In order to prevail on a claim of negligent violation of the FCRA, it is necessary to prove actual damages[1] as a result of the alleged failure. *See* 15 U.S.C. § 1681o. In this regard, the Fourth Circuit Court of Appeals has noted that the statutory requirements of "actual damages" acts as a "gatekeeping function [to avoid] tremendous overcompensation of plaintiffs whose damages evidence fails to establish any meaningful injury at all." *Doe v. Chao*, 306 F.3d 170, 181 n.6 (4th Cir. 2002) (evaluating the "actual damages" requirement of the Stored

---

[1] Under the FCRA, "actual damages" do not include nominal damages. *See Wright v. TRW, Inc*., 872 F.2d 420 (4th Cir. 1989) (concluding that, absent a willful violation, no nominal damages should be awarded without a separate showing of actual damages).

Communications Act); *see also Global Policy Partners, LLC v. Yessin*, 686 F.Supp. 2d 642, 654 (E.D.Va. 2010) ("There is no reason in principle or in statutory language that the definition of 'actual damages' under the FCRA should be different from that under the [Stored Communications Act]."). Thus, in order to survive summary judgment, it is not enough to show that a defendant may have negligently violated Section 1681s-2(b). *See Davenport v. Sallie Mae, Inc.,* 124 F. Supp. 3d 574 (D. Md. 2015). Rather, actual damages must be established or else summary judgment in favor of a defendant is warranted. *See id*. at 581.

1. **Economic Damages**

A plaintiff in an action under the FCRA does not have a claim for a furnisher's inaccurate reporting. *See id*. at 582 (citing *Van Veen v. Equifax Inc.,* 844 F. Supp. 2d 599, 609 (E.D. Pa. 2012)). Instead, the claim for damages arises only out of a furnisher's failure to conduct a reasonable investigation. *See id.* Further, damages that are speculative in nature are insufficient to survive a motion for summary judgment. *See id.* (citing *Tinsley v. TRW, Inc.,* 879 F. Supp. 550, 552 (D. Md. 1995)).

Here, the Plaintiff's Rule 26(a)(1) disclosures indicate that, as a result of Credit One's conduct, Mr. Wood (1) lost credit capacity; (2) suffered decreased credit scores; (3) missed opportunities to obtain credit from an "unspecified number of credit offers," (4) may have realized a change in interest rates on current loans, and (4) may have experienced a decrease in credit limits on existing accounts. Despite this categorization of alleged damages, the Plaintiff has neither computed the value of such damages, nor produced any documents to support the claims. Further, the Plaintiff has not identified any witnesses to support his claim for damages and has not produced any opinion from an expert either linking the damages to Credit One's investigations or calculating the value of economic damages or the impact on Mr. Wood's credit

score. The insufficient and speculative nature of the Plaintiff's claimed damages is underscored by Mr. Wood's deposition testimony:

- Mr. Wood testified that a "countless number of apartments" ran his credit report and denied him housing, but could not specifically identify any landlords that refused to rent to him because of his credit or remember the dates (including the year) that he required housing. Exhibit No. 1, Deposition of Wood, 157:17-19; 158:9-16.

- Mr. Wood thinks he applied for a Capital One credit card, but does not remember the date and does not have a denial letter from that lender. *Id*., 158:1-5, 18-25; 159:1-4.

- Mr. Wood claims that he sought personal loans from Springleaf and Wells Fargo, but also does not remember the dates that he purportedly applied for the loans, does not remember the names of the loan officers, and does not have denial letters from those lenders. *Id*., 159:5-25; 161:16-18, 21-23.

- Mr. Wood stated that he wanted to apply for a construction loan with Wells Fargo, but never submitted an application – again, unable to state when that occurred or with whom he spoke. *Id*., 161:12-15.

- Mr. Wood alleges that he was denied a school loan and a car loan, but does not remember the dates or even the names of the lenders with whom he made an application. *Id*., 162:2-25; 163:1-2.

- Mr. Wood admits that none of his loans sustained an increase in rate due to his credit score. *Id*., 166:15-20.

In each of these examples, Mr. Wood is unable to temporally link the alleged adverse denials of credit to Credit One's investigations of the ACDVs at issue in this case. Similarly, the absence of denial letters (or any other admissible evidence setting forth the reasons for the denial of credit) results in speculation as to why any adverse credit decision may have been made. As for the construction loan, if Mr. Wood never applied for the loan, then he could not have been denied. *See Tinsley,* 879 F. Supp at 552 (holding that plaintiff was not entitled to FCRA damages where plaintiff never applied for a home mortgage). Thus, without the requisite causal link in each of these examples, the plaintiff cannot prevail on his FCRA damages claim. *See Perez v. Trans Union LLC*, 526 F. Supp. 2d 504, 512 (E.D. Pa. 2007).

## 2.     Non-Economic Damages

"[Because] emotional distress [is] fraught with vagueness and speculation, it is easily susceptible to fictitious and trivial claims." *Robinson v. Equifax Info. Servs*., LLC, 560 F.3d 235, 241 (4th Cir. 2009). Consequently, "[a]n award of compensatory emotional distress damages requires evidence establishing that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Doe*, 306 F.3d at 180 (internal quotation and citation omitted). On this point, a "plaintiff's own conclusory allegations that he felt 'embarrassed,' 'degraded,' or 'devastated,' and suffered a loss of self-esteem, will not suffice to create a disputed issue of material fact for the jury regarding the presence of compensable emotional distress.'" *Id.* Indeed, "a showing of 'very minor emotional distress,' which, one supposes, would have to include any amount of momentary annoyance, angst, or irritation that might support a nominal damages award, cannot possibly suffice to establish 'actual damages.'"[2] *Id.* at n.6.

Here, the Plaintiff's Rule 26(a)(1) disclosure states that, as a result of Credit One's investigations, Mr. Wood experienced frustration, annoyance, embarrassment, humiliation, low self-esteem, anger, and anxiety. In his deposition, Mr. Wood testified that there were places he wasn't able to go and people he wasn't able to see due to the inclusion of the Credit One account on his credit report. *See* Deposition of Wood, 156:15-21. He also testified that, as a result of his inability to obtain housing, he sometimes had to sleep in his car, but could not remember the month or the year when that occurred. *Id*., 164:16-18. Mr. Wood conceded that he has never sought any counseling or medical attention because of his credit reporting. *See id*., 165:21-24.

---

[2] As an example of what would suffice, the Fourth Circuit has suggested that when "a plaintiff can produce evidence that emotional distress caused chest pains and heart palpitations, leading to medical and psychological treatment which included a formal diagnosis . . . as well as necessitated prescription medication, it is clear that some amount of compensatory damages for emotional distress is warranted." *Doe v. Chao*, 306 F.3d 170,180 (4th Cir. 2002).

These assertions regarding emotional and mental distress are inadequate to defeat summary judgment. In sum, they do not rise above conclusory assertions. As stated above, Section 1681o of the FCRA does not support an award of nominal damages for such "minor emotional distress." As such, there is no genuine dispute of a material fact regarding whether Mr. Wood is entitled to actual damages as a result of Credit One's alleged negligent violation of the FCRA. Thus, the negligent compliance claim should be dismissed.

### B. Mr. Wood's willful non-compliance claim fails because he cannot show that Credit One "knowingly and intentionally committed an act in conscious disregard for the rights" of the consumer.

To receive punitive damages under the FCRA, Plaintiff must demonstrate that Credit One "willfully" failed to comply with a FCRA requirement. *See* 15 U.S.C. § 1681n(a)(2). "'To show willful noncompliance with the FCRA, the Plaintiff must show that the defendant knowingly and intentionally committed an act in conscious disregard for the rights of others, but need not show malice or evil motive.'" *Jordan v. Equifax Information Servs., LLC*, 410 F. Supp. 2d 1349, 1354 (N.D. Ga. 2006) (quoting *Bakker v. McKinnon*, 152 F.3d 1007, 1013 (8th Cir. 1998)). A "willful" violation requires the "knowing and intentional commission of an act the defendant knows to violate the law." *Id.* (quoting *Phillips v. Grendahl*, 312 F.3d 357, 370 (8th Cir. 2002)). The burden in establishing willfulness falls upon the plaintiff. *See Parker v. Sony Pictures Entertainment, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (a defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial). Without a demonstration of willfulness by Credit One, Mr. Wood is not entitled to punitive damages under the FCRA. *See Jordan v. Equifax Information Servs.,* LLC, 549 F. Supp. 2d 1372, 1374 (N.D. Ga. 2008).

7

There is no evidence that Credit One knowingly or intentionally did anything to violate the law. To the contrary, upon receipt of Plaintiff's disputes from the CRAs, Credit One promptly investigated and responded, according to the information provided by the CRAs in the respective ACDVs. Any assumption on the part of the Plaintiff about Credit One's motives is unsupported speculation, which cannot defeat summary judgment. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008) (speculation does not create a genuine issue of fact to defeat summary judgment). As such, the Plaintiff is not entitled to punitive damages and the willful non-compliance claim should be dismissed.

### III. CONCLUSION

For the foregoing reasons, Credit One respectfully requests that the Court GRANT its Motion for Summary Judgment, that Plaintiff's Complaint be dismissed with prejudice, with costs and all other proper relief.

**CREDIT ONE BANK, N.A.**
**(m/n/a Credit One Bank)**

By Counsel,

/s/_____
Lauren Cafferty (VSB 83712)
McGuireWoods LLP
2001 K Street N.W., Suite 400
Washington, DC 20006-1040
202.857.1733 (Direct Line)
202.828.3332 (Fax)
lcafferty@mcguirewoods.com

Christopher J. Sears (admitted *pro hac vice*)
CIPRIANI & WERNER, PC
500 Lee Street, E., Suite 900
Charleston, WV 25301
(304) 341-0500 (t)
(304) 341-0507 (f)
csears@c-wlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett
Susan M. Rotkis
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulebard, Suite 1-A
Newport News, VA  23601
*Counsel for Plaintiff*

/s/_____
Lauren Cafferty
Virginia State Bar No. 83712
McGuireWoods LLP
2001 K Street N.W., Suite 400
Washington, DC 20006-1040
202.857.1733 (Direct Line)
202.828.3332 (Fax)
lcafferty@mcguirewoods.com