IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| David William Wood, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:15CV594 (MHL) |
| | ) | |
| EQUIFAX CREDIT INFORMATION | ) | |
| SERVICES, LLC; EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC.; | ) | |
| TRANS UNION, LLC; | ) | |
| CREDIT ONE BANK; and | ) | |
| MIDLAND CREDIT MANAGEMENT, INC. | ) | |
| | ) | |

**DEFENDANT CREDIT ONE BANK, N.A.'S**
**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO**
**DEFENDANT CREDIT ONE BANK**

Defendant, Credit One Bank, N.A., by and through its attorneys, and pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds to Plaintiff's First Set of Interrogatories to Defendant Credit One Bank as follows.

**PRELIMINARY STATEMENT**

1. Defendant Credit One's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

2. By making the accompanying objections and responses to Plaintiff's First Set of Interrogatories, Defendant Credit One does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency,

relevancy, materiality, and privilege. Further, Defendant makes the objections and responses herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of this action.

3. Defendant Credit One expressly reserves the right to supplement, clarify, revise, or correct any or all of the objections and responses herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## ANSWERS TO INTERROGATORIES

1. State the full names and job titles of all individuals who provided information in answering these Interrogatories, and for each individual, describe the knowledge that he or she possesses. The interrogatory specifically excludes the identity, knowledge and work product of attorneys who represent Credit One in this matter.

**OBJECTION:** Subject to Defendant Credit One's Preliminary Statement, Credit One makes no objection to Interrogatory No. 1.

**ANSWER:** Credit One identifies the following individuals:

a. Helen Lanham, Senior Vice President of Risk at Credit One Bank. Ms. Lanham possesses knowledge regarding Credit One's credit reporting on the plaintiff's account, including knowledge about the e-Oscar process, as well as CDIA's Metro II Guidelines.

b. Jim Baffone, Senior Vice President of Customer Service at Credit One Bank. Mr. Baffone possesses knowledge regarding Credit One's training of employees on credit reporting, as well as the investigation and response to Automated Consumer Dispute Verifications received through the e-Oscar process.

  **b.**  **Etta Knight, Vice President of Human Resources at Credit One Bank.  Ms. Knight possesses knowledge regarding last known contact information for Shantel Reed.**

  2.  Did *Credit One* ever obtain or use information from Experian, Equifax, Trans Union or any other credit reporting agency or information provider which regarded the Plaintiff during the 5-year period which preceded the filing date of this Complaint?  On each such occasion on which information regarding the Plaintiff was obtained, state the date the information was obtained, the content of the information, the identity of the entity from which the information was obtained and the permissible purpose that *Credit One* certified to a general or specific basis to the entity for obtaining the information.

  **OBJECTION:** **Defendant Credit One objects to Interrogatory No. 2 on the basis that it is a compound interrogatory. Credit One further objects to this request on the grounds that it is nonsensical.  Credit One object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not reasonably tailored in time to the allegations in Plaintiff's complaint. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation.**

  **ANSWER:** **Yes, as to each of the entities identified in the request, Credit One received the following information regarding the plaintiff's account:**

  **a.**  **A written solicitation for a pre-approved Credit One credit card bearing a unique reservation number of FD16-6F23-JXHN was mailed to David Wood at the following address: ███████████, West Point, VA 23181.  The terms and conditions**

contained on the back of the solicitation state the following: "ACCESS TO CREDIT AND IDENTIFICATION INFORMATION: I authorize the Bank to obtain and use information about me from third parties and credit reporting agencies to: 1) verify my identity; 2) determine my income, debt and credit eligibility; 3) provide renewal of credit; and 4) present future offers, including extensions of credit.  The Bank may retain such credit or other information whether or not I receive a card."  On or about June 4, 2013, the solicitation was fulfilled via Credit One's website.  As a result, information was obtained validating the information provided by the applicant in response to the solicitation.

    b.    ACDV response dated July 11, 2014.  As to the content of the communication contained in the ACDV, Credit One refers the plaintiff to COB00046 – COB00047 which is hereby produced in accordance with Rule 33(d) of the Federal Rules of Civil Procedure.  The ACDV was initiated by Equifax on behalf of the plaintiff and routed to Credit One based on the CRA and subscriber code affiliations indicated by Credit One.

    c.    ACDV response dated April 28, 2015.  As to the content of the communication contained in the ACDV, Credit One refers the plaintiff to COB00048 – COB00050 which is hereby produced in accordance with Rule 33(d) of the Federal Rules of Civil Procedure.  The ACDV was initiated by Trans Union on behalf of the plaintiff and routed to Credit One based on the CRA and subscriber code affiliations indicated by Credit One.

    d.    ACDV response dated April 28, 2015.  As to the content of the communication contained in the ACDV, Credit One refers the plaintiff to COB00051 – COB00052 which is hereby produced in accordance with Rule 33(d) of the Federal Rules of

Civil Procedure. The ACDV was initiated by Equifax on behalf of the plaintiff and routed to Credit One based on the CRA and subscriber code affiliations indicated by Credit One.

  e. ACDV response dated May 1, 2015. As to the content of the communication contained in the ACDV, Credit One refers the plaintiff to COB00053 – COB00054 which is hereby produced in accordance with Rule 33(d) of the Federal Rules of Civil Procedure. The ACDV was initiated by Trans Union on behalf of the plaintiff and routed to Credit One based on the CRA and subscriber code affiliations indicated by Credit One.

  f. ACDV response dated June 10, 2015. As to the content of the communication contained in the ACDV, Credit One refers the plaintiff to COB00055 – COB00056 which is hereby produced in accordance with Rule 33(d) of the Federal Rules of Civil Procedure. The ACDV was initiated by Experian on behalf of the plaintiff and routed to Credit One based on the CRA and subscriber code affiliations indicated by Credit One.

  g. ACDV response dated June 15, 2015. As to the content of the communication contained in the ACDV, Credit One refers the plaintiff to COB00057 – COB00058 which is hereby produced in accordance with Rule 33(d) of the Federal Rules of Civil Procedure. The ACDV was initiated by Experian on behalf of the plaintiff and routed to Credit One based on the CRA and subscriber code affiliations indicated by Credit One.

  3. Identify all persons or entities known to you who have knowledge of the facts relevant to this case, including but not limited to all persons interviewed by you, by your counsel, or by any person cooperating with you in the defense of this action.

**OBJECTION:** Defendant Credit One objects to Interrogatory No. 3 to the extent that it purports to impose a requirement or discovery obligation greater than or different from that required under Rule 26(a)(1)(i) of the Federal Rules of Civil Procedure. This defendant further objects to this request to the extent that it seeks information which constitutes attorney work product.

**ANSWER:** In response to this discovery request, Credit One identifies the following individuals:

a. Helen Lanham, Credit One Bank, N.A., 585 Pilot Road, Las Vegas, NV 89119.

b. Jim Baffone, Credit One Bank, N.A., 585 Pilot Road, Las Vegas, NV 89119.

c. Etta James, Credit One Bank, N.A. 585 Pilot Road, Las Vegas, NV 89119.

d. Alexandra Chu, Credit One Bank, N.A., 585 Pilot Road, Las Vegas, NV 89119.

e. Jennifer Schmidt, Credit One Bank, N.A., 585 Pilot Road, Las Vegas, NV 89119.

f. Shantel Reed, last known address unknown. Telephone number: (510) 600-1829. Ms. Reed can be contacted through the undersigned counsel.

g. Plaintiff, David William Wood, c/o Leonard A. Bennett, Susan M. Rotkis, Consumer Litigation Services, Inc., 763 J. Clyde Morris Blvd., Suite 1-A, Newport News, VA 23601.

h. Dylan R. Lollis, address unknown.

i.  Sgt. L.L. Woodson and other employees, representatives, and custodian of records, Town of West Point Police Department, 433 12th Street, P.O. Box 152, West Point, VA 23181;

j.  The Clerk of the U.S. Bankruptcy Court, District of Eastern Virginia, Spottswood W. Robinson, III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219;

k.  Employees of Midland Credit Management, Inc., Timothy St. George, Troutman Sanders, LLP, 1001 Haxall Point, Richmond, VA 23219.

l.  Employees of Equifax Information Solutions, Inc., c/o John Willard Montgomery, Jr., Montgomery & Simpson, LLLP, 2116 Dabney Rd., Suite A-1, Richmond, VA 23230 (804) 355-8744.

m.  Tami Maspero and other employees of Trans Union, LLC, 2 Baldwin Place, 1510 Chester Pike, Crum Lynne, PA 19022;

n.  Lisa Wallace and other employees of Experian Information Solutions, Inc., 701 Experian Parkway, Allen, Texas 75013;

o.  James F. Lynn, The Lynn Group, Inc., 613 Eldridge Drive, Suite 200, Silver Springs MD 20904 3344, (301) 680 2599.

p.  Evan Hendricks, 8321 Tomlinson Avenue, Bethesda, MD 20817;

q.  Persons and entities with whom Plaintiff has applied for credit;

r.  Persons and entities who have reviewed Plaintiff's credit report;

s.  Medical and mental health care providers of Plaintiff; and

t.  All individuals identified as potential witnesses by any other party in their initial disclosures or elsewhere in discovery.

4.      If you contend that the Plaintiff has ever been personally liable to you for any account, notes or other debts, for each such account, notes or other debts, for each such account, state the date that the Plaintiff became personally liable and specifically list all debits and credits applied to this account, the account number, all facts upon which you relied in concluding that the Plaintiff was personally liable for the specific amounts claimed.

**OBJECTION: Defendant Credit One objects to Interrogatory No. 4 on the basis that it is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not reasonably tailored in time to the allegations in Plaintiff's complaint. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation.**

**ANSWER:** Credit One provides the following response to this request:

a.      **Credit One had a good faith belief that the plaintiff became liable to Credit One on credit card account number ending 8609 as of June 4, 2013.**

b.      **As to the debits and credits applied to this account, Credit One refers the plaintiff to monthly statements attached hereto as COB00014 (dated June 10, 2013 to June 15, 2013), COB00015 – COB00016 (dated June 16, 2013 to July 15, 2013), COB00017 – COB00018 (dated July 16, 2013 to August 15, 2013), COB00024 – COB00025 (dated November 16, 2013 to December 15, 2013), COB00026 – COB00027 (dated December 16, 2013 to January 15, 2014), COB00028 – COB00029 (dated January 16, 2014 to February 15, 2014), COB00030 – COB00031 (dated February 16, 2014 to March 15, 2014), COB00032 – COB00033 (dated March 16, 2014 to April 15, 2014), COB00034 – COB00035**

**(dated April 16, 2014 to May 15, 2014), COB00036 – COB00037 (dated May 16, 2014 to June 15, 2014), COB00038 – COB00039 (dated June 16, 2014 to July 15, 2014), and COB00040 – COB00041 (dated July 16, 2014 to July 27, 2014), which are hereby produced in accordance with Rule 33(d) of the Federal Rules of Civil Procedure.**

  **c. Credit One relied in good faith upon the following facts in concluding that the plaintiff was personally liable for the specific amounts claimed:**

  **(i). David Wood was sent a solicitation in May 2013.  See COB00001 - COB00006.**

  **(ii). It appeared that the plaintiff fulfilled the application online through Credit One's website on June 4, 2013 (IP Address of 173.67.231.89).  During the application process, Credit One was provided with the information contained in COB00007 which is hereby produced in accordance with Rule 33(d) of the Federal Rules of Civil Procedure.**

  **(iii). Upon completing the application and being approved for a Credit One credit card, plaintiff was mailed a credit card for activation, along with a *Visa/Mastercard Cardholder Agreement, Disclosure Statement, and Arbitration Agreement*, which stated in pertinent part: "By requesting and receiving, signing or using your Card, you agree as follows[.]"  See COB00008 – COB00013.**

  **(iv). On or about August 28, 2013, the credit card was reported lost/stolen.  Credit One mailed an Affidavit of Fraud to the plaintiff on/around September 23, 2013.  See COB00063.  The plaintiff did not return the Affidavit of Fraud.  The plaintiff was held responsible for the charges incurred because the address and phone number was linked to the plaintiff.**

(v). On or about March 27, 2014, Credit One received communication from the plaintiff that he had not received the Affidavit of Fraud. See COB00062. He provided an address of ▮▮▮▮▮▮▮▮▮▮▮▮., West Point, VA 23181, and a phone number of ▮▮▮▮▮▮▮▮▮▮8. See id. An Affidavit of Fraud was sent to him at that address on April 22, 2014. See id. The plaintiff did not return the Affidavit of Fraud.

(vi). On or before July 11, 2014, the Bank received an ACDV from Equifax alleging ID theft. The address provided by the plaintiff as belonging to him was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ a second previous address of P.O. Box 725, West Point, VA 23181. The account was validated as the plaintiff's.

(vii). On or about July 27, 2014, the account was charged-off and sold to a third party debt purchaser. See COB00061.

(viii). By letter dated November 4, 2014 and received by Credit One on or about November 19, 2014, the plaintiff requested validation of the debt. See COB00042 and COB00043. The address provided by the plaintiff as belonging to him was 8315 Mill Creek Road, West Point, VA 23181. See COB00042. The plaintiff did not allege in that letter that his identity was stolen or that the account was not his. See id. Credit One responded by letter dated November 28, 2014 by advising the account had been charged-off/sold and that the plaintiff should contact the debt purchaser. See COB000043. Credit One provided the plaintiff with the debt purchaser's contact information. See id.

(ix). On or about December 8, 2014, the plaintiff called Credit One and claimed fraud. See COB000061. Credit One advised the plaintiff that he needed to contact the debt purchaser as Credit One no longer owned the debt. See id.

(x). By letter dated December 9, 2014 and received by Credit One on or about December 29, 2014, the plaintiff sent another request to validate the debt. See COB00044 and COB00045. The address noted by the plaintiff as his was 8315 Mill Creek Road, West Point, VA, and a date of birth of August 28, 1988 was provided by plaintiff in this correspondence. See COB00044. Credit One responded by letter dated January 12, 2015 by advising the account had been charged-off/sold and that the plaintiff should contact the debt purchaser. See COB000045. Credit One provided the plaintiff with the debt purchaser's contact information. See id.

(xi). On or about January 12, 2015, the plaintiff requested validation of his debt. See COB00061. Credit One responded by advising the account had been charged-off/sold and that plaintiff should contact the debt purchaser. See id. Credit One provided the plaintiff with the debt purchaser's contact information. See id. The address for plaintiff was 8315 Mill Creek Rd., West Point, VA. See id. He did not alleged identity theft. See id.

(xii). On or before April 28, 2015, Credit One received an ACDV from Equifax and TransUnion alleging ID theft. With respect to the Equifax ACDV, plaintiff provided an address of 8315 Mill Creek Road, West Point, VA, with a previous address of ███████████████, West Point, VA and a second previous address of ███████████████ ███████████████ VA for the Equifax ACDV. With respect to the TransUnion ACDV, plaintiff provided an address of 3990 Chelsea Road, West Point, VA, with a previous address of P.O. Box 725, West Point, VA, and a second previous address of 8120 Kentwood Ave., West Point, VA. After a reasonable investigation, the plaintiff was deemed responsible for the charges.

(xiii). On or before May 1, 2015, Credit One received an ACDV from TransUnion alleging true ID theft. Plaintiff provided an address of 8315 Mill Creek Road, West Point, VA, a previous address of ███████████, West Point, VA, and a second previous address of ███████████ Trail, Lanexa, VA. After a reasonable investigation, the plaintiff was deemed responsible for the charges.

(xiv). On or before June 10, 2015, Credit One received an ACDV from Experian alleging true ID theft. Plaintiff provided an address of ███████████, Williamsburg, VA, with no previous or second previous address. After a reasonable investigation, the plaintiff was deemed responsible for the charges.

(xv). On or before June 15, 2015, Credit One received an ACDV from Experian alleging true ID theft. Plaintiff provided an address of 8315 Mill Creek Road, West Point, VA, a previous address of ███████████, Lanexa, VA, and a second previous address of ███████████, West Point, VA. After a reasonable investigation, the plaintiff was deemed responsible for the account.

5. For each factual allegation contained in the Complaint which you do not unequivocally admit, state the detail and particularly the factual basis for your failure to do so, the efforts undertaken by you to ascertain the truth of said allegation, identify all documents related or relevant to said allegation or your basis for not so admitting, and identify all persons with the knowledge of the fact or your basis for not so admitting.

**OBJECTION:** **Defendant Credit One objects to Interrogatory No. 5 on the basis that it is a contention interrogatory, which need not be answered until discovery has been completed.**

**CREDIT ONE BANK, N.A.**

By Counsel,

_____
Christopher J. Sears (*pro hac vice*)
CIPRIANI & WERNER, PC
400 Tracy Way, Suite 110
Charleston, WV  25311
(304) 341-0500 (t)
(304) 341-0507 (f)
csears@c-wlaw.com

Lauren M. Cafferty (VSB# 83712)
McGuireWoods LLP
2001 K Street N.W., Suite 400
Washington, DC 20006-1040
202.857.1733 (Direct Line)
202.828.3332 (Fax)
lcafferty@mcguirewoods.com
*Counsel for Credit One Bank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March, 2015, I served the foregoing via electronic mail to:

Leonard A. Bennett
Susan M. Rotkis
Casey S. Nash
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard,
Suite 1-A Newport News, VA 23601
Telephone:  (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: srotkis@clalegal.com
Email: casey@clalegal.com

Counsel for Plaintiff DAVID WILLIAM WOOD

_____
Christopher J. Sears (*pro hac vice*)
CIPRIANI & WERNER, PC
400 Tracy Way, Suite 110
Charleston, WV  25311
(304) 341-0500 (t)
(304) 341-0507 (f)
csears@c-wlaw.com

***Counsel for Credit One Bank, N.A.***