**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**DAVID W. WOOD**

**v.**                                                      **No. 3:15-cv-594-MHL**

**CREDIT ONE BANK, N.A.**

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF
### MOTION FOR RULE 37(c)(1) SANCTIONS

Comes now the Plaintiff David W. Wood, by counsel, and in support of his Rule 37(c)(1) motion for sanctions against Credit One Bank N.A., he supplies the following memorandum of law.

### OVERVIEW

The Plaintiff is entitled to an order excluding any evidence that Credit One Bank seeks to introduce on a motion, at a hearing or at trial, that it has previously disclosed pursuant to Rules 26(a)(1) and 26(e). Since it has never supplemented its mandatory disclosures, produced documents at the end of discovery and buried them in a document dump of previously produced documents, relied on documents and witnesses never identified until after the close of discovery, the court should exclude any evidence the Defendant has not previously disclosed pursuant to Rule 26(a)(1) and in response to Plaintiff's requests for production of documents. (Exs. 1 & 2).   In particular, Plaintiff moves to exclude the declaration of a Sgt. Woodson, produced only after the end of

discovery from a witness never disclosed by Credit One in discovery and under Rule 26(a)(1).[1]

Plaintiff moves the court to impose the sanction of exclusion that is automatically available under Fed. R. Civ. P. 37(c)(1) when a party fails to disclose or produce mandated information during the discovery period.   Specifically, Plaintiff respectfully requests that the Court exclude from Defendant's use in any motion or at trial (a.) any witness or document not disclosed in its original mandatory disclosures under Fed. R. Civ. P. 26(a)(1); (b.) any document not produced or not disclosed pursuant to Rule 26(e), including any supplemental Rule 26(a)(1) disclosures and failure to produce or supplement requests for production.

## THE NEW WOODSON AFFIDAVIT

The Defendant has produced and sought to use on summary judgment the affidavit of Sergeant Woodson, a West Point officer who refused to provide Mr. Wood with a police report or investigate his claim.  (ECF 68-4.)  Defendant has never disclosed its intent to call or use Woodson as a witness.  See Fed. R. Civ. P. 26(a)(1).

Sergeant Woodson's report affidavit should be excluded because (1) Credit One never contacted Sergeant Woodson until after this lawsuit was filed; (2) Sergeant Woodson's affidavit and report are not worthy of belief; and (3) they were not timely disclosed pursuant to Fed. R. Civ. P. 26(a)(1) and (e).

---

[1] Plaintiff's counsel met and conferred by telephone, and in person with the Defendant regarding the subject of this motion and warned that Plaintiff would move to exclude evidence pursuant to Fed. R. Civ. P. 37(c)(1).  Regardless, a party does "not have an obligation to meet and confer" with the opposing party "before filing its motion to strike because 'unlike motions to compel responses to discovery requests, personal consultation is not required prior to a motion for sanctions pursuant to Rule 37(c).' *Liquori v. Hansen*, 2012 WL 760747, at *14 (D. Nev. Mar. 6, 2012); *see also Fulmore v. Home Depot, USA,*

Sergeant Woodson had never provided Mr. Wood with a copy of this so-called report, despite his diligent requests for her to investigate the identity theft by his mother. Third, the date on Sergeant Woodson's affidavit is July 28, 2016, which is after the July 26, 2016 close of discovery in this case and must be ignored as untimely.  Defendant never disclosed Sergeant Woodson's affidavit or the August 4, 2016, Affidavit of Karen Schumacher until it filed its response to the Plaintiff's Motion for Summary Judgment on September 21, 2016, nearly two months after the close of discovery.  Defendant only disclosed the so-called incident report for the first time on July 13, 2016, among thousands of pages of documents it dumped on the Plaintiff the night before Mr. Wood's deposition.  Much of the document dump was duplicates of what it had already produced in discovery, but what was represented by Defendant's counsel as simply re-numbering the bates numbers.  The Defendant has never identified the so-called police report, the Woodson Affidavit or the Schumacher Affidavit in its mandatory disclosures of evidence or testimony it may use in hearing, motion, or trial under Fed. R. Civ. P. 26(a)(1) or (e). Therefore, Fed. R. Civ. P. 37(c)(1) demands that it should be precluded from evidence.

In January of 2016, through informal discovery, Plaintiff learned for the first time that Sergeant Woodson had been in contact with Midland Credit Management during the time that the Plaintiff had sought her assistance.  Plaintiff learned that she had allegedly told Midland that she disbelieved the Plaintiff.  So, Plaintiff's counsel immediately called Sergeant Woodson and spoke to her on the phone. During that conversation, with both Mr. Bennett and Ms. Rotkis on the speaker phone, Sergeant Woodson denied that she disbelieved the Plaintiff and expressly denied telling any creditor that she disbelieved the Plaintiff.  (Declaration of Susan M. Rotkis)(Ex. 1)  When asked, she informed counsel

that she did not conduct an investigation on Mr. Wood's complaint because she believed that Mr. Wood was in the wrong jurisdiction and should be filing his report in New Kent County.   She stated that when learned that he had done what she advised – report the identity theft to New Kent County law enforcement, she closed the file.   Taking a law enforcement officer's word for it, Plaintiff's counsel made strategic choices not to pursue more evidence from Woodson.   Plaintiff's counsel was satisfied not only that Woodson had not conducted an investigation or created a police report, but also that Credit One Bank had never, ever contacted her in order to conduct its investigation of the Plaintiff's disputes under 15 U.S.C. § 1681s-2(b).   And importantly, Plaintiff's counsel was satisfied that Credit Plus did not intend to call or use her as a witness as it had never disclosed such intent.

## ARGUMENT

### Defendant's Discovery Non-Compliance

This case was filed on October 5, 2015.   (ECF 5).   The parties appeared by counsel for a pretrial conference on February 24, 2016, at which time a scheduling order was entered and a trial date set.   (ECF 22, 29). Under the order, discovery must have been completed by July 26, 2016.   Both parties served mandatory disclosures by agreement. In addition to serving and filing its mandatory disclosures, Plaintiff provided Defendant with all documents in his possession.   (ECF 23).   Plaintiff has supplemented his mandatory disclosures throughout the case.   Defendant has never supplemented its mandatory disclosures or its responses to the Plaintiff's Request for Production of

Documents,[2] and despite Plaintiff's specific request, failed to produce such documents or supplement its disclosure. (Ex. 2).

The Plaintiff timely served written discovery as well as requested dates for witness depositions. However, the Defendant objected to nearly all of Plaintiff's requests for production and interrogatories with cookie-cutter form objections. Plaintiff's counsel wrote to Defendant's counsel:

> **From:** Susan Rotkis <srotkis@clalegal.com>
> **Subject: Re: Wood v. Credit One**
> **Date:** March 16, 2016 at 1:04:02 PM EDT
> **To:** Vivian Jones <VJones@c-wlaw.com>, "Mahaffey, Lauren Cafferty" <lcafferty@mcguirewoods.com>, Christopher Sears <csears@c-wlaw.com>
> **Cc:** "lenbennett@clalegal.com" <lenbennett@clalegal.com>, Donna Winters <dwinters@clalegal.com>
>
> Dear Counselors:
>
> You have objected to nearly all of the interrogatories and all of the RFPs with general and boilerplate objections disfavored in this district and division. You have objected on grounds we addressed in the 26(f) planning conference, including privilege and work product. You have objected based on privilege without producing a privilege log. You have objected based on burden without describing the nature and extent of the burden. Despite your citation to out non-controlling cases outside this district and division, the precedent in the Fourth Circuit and Eastern District of Virginia firmly require specificity. Blanket objections can amount to waiver of the objection. I urge to review J. Lauck's comprehensive opinions in *Cappetta v. GC Services* before we meet and confer. Meantime, please withdraw your boilerplate, general, privilege and non-specific objections. The time period is reasonably narrowed to within five years of the complaint.

---

[2] The Plaintiff takes the position that the Defendant has not supplemented its responses to the Request for Production of Documents because rather than identify newly produced documents and disclose their existence to the Plaintiff, Defendant chose to bury new documents on July 13, 2016, on the eve of the Plaintiff's deposition. Throughout the case, the Defendant had informed the Plaintiff that it had made a mistake in bates numbering its production. Defendant asked for the Plaintiff's consent to supply re-numbered documents, to which the Plaintiff agreed. It was in this production of 4167 documents that the Defendant inserted the so-called police report at Bates Nos. 4157-4158. In a meet and confer following the Plaintiff's deposition, Plaintiff's counsel informed the Defendant that if the Defendant tried to use documents or exhibits not timely disclosed, she would move for exclusion. Neither Schumacher nor Woodson were ever disclosed as witnesses, and their affidavits were obviously obtained after the close of discovery.

I spoke to Lauren yesterday, and agreed to move the depositions for next week if we can agree on an alternative date prior to the date of the deposition.  Since we have court reporters scheduling to consider, I need to know by COB Friday if we are not proceeding.  So, please provide alternate dates as soon as possible, but not later than early on Friday.  I will need to check my availability as well.

Susy

Counsel for the parties scheduled and held a meet and confer in an attempt to resolve the Defendant's objections to Plaintiff's discovery. Despite meeting and conferring, Defendant chose to not withdraw its objections and in many cases chose not to answer at all.  (Ex. 3).

Counsel for both parties have had written and telephone conversations about various aspects of the litigation, and have generally been collegial and cooperative. Still, the Defendant itself has refused to produce the most basic of documents requested by the Plaintiff and "stands on its objections" without having moved for a protective order. Plaintiff now moves for sanctions under Rule 37(c)(1).   Plaintiff seeks to exclude any witness or document not disclosed prior to July 13, 2016, about which or whom the Defendant had knowledge but embargoed from disclosure.  This request for exclusion specifically includes all evidence and testimony related to Sergeant LL Woodson and Karen Schumacher of the West Point Police Department.  (ECF 68-13, 68-5).[3]  Not only was this evidence not included in Defendant's mandatory disclosures, Defendant chose to "stand on its objection" and refuse to produce it in discovery in response to the Plaintiff's request for production of all the documents related to the Plaintiff and the subject of the lawsuit.  (Ex. 2, Request for Production #2).

### Fed. R. Civ. P. 37(c)(1) Exclusion is Automatic

---

[3] The Defendant produced the so-called police report by Woodson as bates numbers 4157-4158 out of 4167, but erased these bates numbers on the exhibit it filed with the court as ECF 68-5.

Aside from the various sanctions remedies provided by Rules 26, 37(a), and 37(b), the Defendant is subject to Rule 37(c)(1).  Defendant cannot be permitted to use documents and evidence that it has refused to disclose and provide pursuant to Rule 26(a)(1) and Rule 26(e). Unlike conventional discovery, a party's disclosure obligations are "self-executing."  If a party does not properly and timely comply with Rule 26(e), it may not use the evidence it failed to disclose or supplement in a timely fashion. Fed. R. Civ. P. 37(c).  *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010)(finding that the court "must impose sanctions" for under Rule 37(c)(1) where there was no harmless error or substantial justification).  Rule 37(c)(1) provides in pertinent part

> *Failure to Disclose, to Supplement an Earlier Response, or to Admit*. – (1) Failure to Disclose or Supplement.  If a party fails to provide information or to identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion or after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, cause by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Exclusion of evidence is the only appropriate remedy for a party's complete failure to disclose it, "[Rule] 37(c)(1) 'provides that a party who fails to [provide information or] identify a witness as required by Rule 26(a) or (e) is not allowed to use that [information or] witness to supply evidence on a motion.'" *Bland v. Fairfax County, Va.*, 1:10CV1030 JCC/JFA, 2011 WL 1660630 (E.D. Va. May 3, 2011)(quoting *Hoyle v. Freightliner,*

*LLC,* 650 F.3d 321 (4th Cir. 2011).  This is consistent with the Advisory Committee notes to the 1993 Amendment of Fed. R. Civ. P. 37(c), which explains:

> Subdivision (c). The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A).Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56.

The only exceptions in Rule 37(c) are for circumstances in which the failure to disclose was with "substantial justification" or in which the failure to disclose was "harmless." *Barksdale v. E & M Transp., Inc.,* 3:10CV140, 2010 WL 4534954, at *3.  Neither of these limited exceptions applies in this case.  Experienced counsel has no safe harbor, where even "counsel's lack of familiarity with the Federal Rules is not an excuse sufficient to stave off the harsh sanction of Rule 37." *Campbell v. United States*, 3:10-CV-363, 2011 WL 588344 (E.D. Va. Feb. 8, 2011).

The Advisory Committee Notes offer examples under which these conditions might apply, which courts have consistently done since their adoption. *See e.g. Scott v. GMAC Mortgage, LLC*, Civ. No. 10CV24-NKM (W.D.Va. April 14, 2011)(the court found GMAC's conduct to be egregious and accordingly ordered sanctions for failure to timely comply with discovery, including the sanction of entry of default and award of attorney fees.) They include instances in which the omission was limited, for a witness otherwise known to both parties, or when the negligent party was a *pro se* litigant.  *Id.; accord Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954, at *3-4.  None of these apply in the present case. The Advisory Committee Notes further explain that:

Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures. In the latter situation, however, exclusion would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party.

One of the cases which is most frequently cited on this issue, even outside this District and Circuit, is *Rambus, Inc. v. Infineon Tech. AG,* 145 F. Supp.2d 721 (E.D. Va. 2001)(Payne, J.).  In the Court's detailed analysis of the appropriate standard and remedy under Rule 37(c), the Court considered the severity of the exclusion remedy and determined the standard by which the remedy should be enforced.  The Court applied the *Burlington Insurance* test to consider the following five factors: (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.  145 F. Supp.2d at 726, 727-734.  Importantly, there is no "bad faith" element, and even an innocent omission cannot constitute "substantial justification." *Southern States Rack & Fixture v. Sherwin-Williams Co.*, 318 F.3d at 596; *Scott v. GMAC*, 3:10CV24-NKM, at 11-12. As Judge Payne explained in *Rambus*,

> [T]he plain language of the rule contains no requirement for bad faith or callous disregard of the discovery rules.  In fact, the rule is rather harsh in that it automatically imposes the preclusion sanction unless the non-complying party can show that there is substantial justification for the failure to make the disclosure, and that the failure was harmless.

145 F. Supp.2d at 727.

There can be no doubt that the Plaintiff has been prejudiced by the Defendant's failure to comply with its discovery obligations. *Scott v. GMAC*, 3:10CV24-NKM, at 11-12. The Defendant has attempted to use previously undisclosed or untimely-disclosed evidence and testimony in opposing summary judgment. Although the Defendant created the appearance of cooperation, it in fact has engaged in the type of gamesmanship prohibited by the Federal Rules. The Defendant has the same obligation as all parties to litigation in this court: to proceed without gamesmanship in the conduct of discovery. They must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 220-21 (N.D.W. Va. 2007)(citing *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D.Pa.1996)). Gamesmanship to evade producing and disclosing evidence and witnesses as required is not allowed. *Id.*

Rule 37(c) authorizes the Court to levy sanctions for a party's specific conduct, or lack thereof:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

FED. R. CIV. P. 37(c)(1). Without substantial justification for the failure to disclose information required under Rule 26(a), a party is automatically excluded from using that information at trial. *Rambus, Inc. v. Infineon Techs. AG*, 145 F. Supp. 2d at 724. A party

invoking Rule 37(c)(1) sanctions must demonstrate that the offending party failed "to disclose the evidence in question earlier in the proceedings." *Id.* at 724, n.4 (citing 7 MOORE'S FEDERAL PRACTICE § 37.60[2][a] (Matthew Bender 3d ed.)).   If this is accomplished, the offending party can avoid sanctions by showing a substantial justification for the failure to disclose. *Id.*

A showing of substantial justification cannot happen in this case. Despite Plaintiff's good faith effort in the meet and confer process and its belief that the Defendant would fulfill its obligation to participate in the process, Credit One has refused to provide any justification cognizable under the Rules and the law of this district and division, let alone a substantial justification for failing to supplement its disclosures or discovery, provide the documents it has identified, answer discovery, produce documents, produce or disclose the identity of witnesses, provide dates for depositions, has implemented an abusive discovery tactic despite the Court's orders and should therefore be sanctioned. *Scott v. GMAC*, 3:10CV24-NKM, at 11-12.   If Credit One truly believed it had a legitimate basis to refuse to supplement, withhold documents, refuse to answer interrogatories it knows has been ordered in other cases, and could prevent the Plaintiff from deposing fact and corporate witnesses, it should have moved for a protective order. It has not moved for a protective order, however unseasonable, such motion would nonetheless be destined to fail.[4]

---

[4] It is now entirely too late for the Defendant to seek a protective order, which motion would have to be rejected as untimely. *Ayers*, 240 F.R.D. at 221 (*citing Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991); *see also*, *Kolon Indus., Inc. v. E.I. du Pont de Nemours & Co.*, 3:11CV622, 2012 WL 560226, at *10 (E.D. Va. Feb. 21, 2012)(explaining that a recusal motion was untimely when the movant failed earlier to move for recusal despite that it had knowledge of all relevant facts for over a year but did not file a motion until it perceived the risk of an adverse ruling.).

**Conclusion**

Rule 37 is flexible, giving the district court a wide range of possible sanctions from which to choose the most appropriate considering the unique circumstances of each case. In this case, the minimum appropriate sanction is an order excluding any witnesses or evidence that was not timely disclosed before July 12, 2016. The Plaintiff respectfully requests the court order such other relief as appropriate.

Respectfully Submitted,

David William Wood,

_____/s/_____
Susan Mary Rotkis, VSB #40693
Leonard A. Bennett,VSB #37523
Craig C. Marchiando
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
srotkis@clalegal.com
craig@clalegal.com
lenbennett@clalegal.com

Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Lauren Marie Cafferty                Christopher James Sears
McGuireWoods LLP (DC)                 Cipriani & Werner PC
2001 K Street NW                      400 Tracy Way
Suite 400                             Suite 110
Washington, DC 20006-1040             Charleston, WV 25311
Email: lcafferty@mcguirewoods.com     Email: csears@c-wlaw.com


_____/s/_____
Susan Mary Rotkis, VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
srotkis@clalegal.com

Counsel for Plaintiff