IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DAVID WOOD,**

    **Plaintiff,**

v.           No. 3:15-cv-594-MHL

**CREDIT ONE BANK, N.A.,**

    **Defendant.**

**DECLARATION OF SUSAN M. ROTKIS**

I, Susan M. Rotkis, am the age of majority and competent to testify to the following facts of which I have personal knowledge. Pursuant to the laws governing the penalty of perjury of the United States, I declare:

1. I am an attorney and an officer of this court. I represent the Plaintiff, David W. Wood, in this matter.

2. In about January of 2016, in the course of conducting informal discovery, counsel for Midland Credit Management informed me that his client had been in contact with Sergeant Woodson of the West Point Police Department. My client related to us that he had tried to obtain a police report from the West Point Police Department, but that he was given the run around.

3. I realized that Sergeant Woodson was the officer to whom he had attempted to make the police report regarding the identity theft that he believed had been perpetrated by his mother, Dyan Lollis.

4. After the conversation with Midland's counsel, I discussed this development with Donna Winters, the paralegal in our office who is assigned to the case. She confirmed that it was

Sergeant Woodson that our client had indicated was the officer who refused to investigate his report of identity.

5. We went into Leonard Bennett's office and decided to call Sergeant Woodson on the telephone in or about the end of January of 2016 to figure out what she had done with respect to our client's report of identity theft and to whom she had spoken about his case.

6. Mr. Bennett is the person who initiated the call from his desk phone, and Mrs. Winters and I listened on speaker phone

7. Mr. Bennett asked Sergeant Woodson whether she had been in contact with Midland Credit Management and whether she had told them that she believed Mr. Wood was "trying to get out of paying his bills."

8. Sergeant Woodson strongly denied that she had ever made such a statement to anyone or that it was her opinion that Mr. Wood was trying to get out of paying his bills.

9. Sergeant Woodson stated that the only thing she did was contact Midland Credit Management to inform Midland that she was closing the file because Mr. Wood had made a report about the same subject matter to the New Kent County law enforcement.

10. Sergeant Woodson expressed that she had not conducted an investigation because she believed that Mr. Wood was in the wrong jurisdiction and that she believed he lived in New Kent County and therefore New Kent County had jurisdiction. She also stated that she believed that no Virginia law enforcement agency had jurisdiction since Dyan Lollis had supposedly moved to Florida.

11. Mr. Bennett probed a bit more, asking Sergeant Woodson to clarify why she had closed the file. She stated that she did not believe she had jurisdiction to conduct the investigation because she believed that Mr. Wood did not live in her jurisdiction at the time she thought to be relevant. He also asked whether she had ever been contacted by or in contact with

any of the other Defendants in this case, and she denied that she had communicated with anyone else regarding Mr. Wood's case.

14. Based on Sergeant Woodson's representation to Mr. Bennett, we made a strategic decision that Sergeant Woodson had no information that was relevant to the case.

13. If I had known that Sergeant Woodson withheld information such as the fact that she now claims that she in fact did an investigation, formed an opinion, and conducted a handwriting analysis, I would have made different strategic choices.

14. Even though Credit One Bank never contacted her when it was conducting its 1681s-2(b) investigation, I believe that to the extent that the court would allow any evidence from her to come into this case, Mr. Wood is legally prejudiced from rebutting it.

Made this 27th day of September, 2016, in New Orleans, Louisiana,

_____/s/_____