**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| David William Wood, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.: 3:15CV594 (MHL) |
| | ) |
| EQUIFAX CREDIT INFORMATION | ) |
| SERVICES, LLC; EXPERIAN | ) |
| INFORMATION SOLUTIONS, INC.; | ) |
| TRANS UNION, LLC; | ) |
| CREDIT ONE BANK; and | ) |
| MIDLAND CREDIT MANAGEMENT, INC. | ) |
| | ) |

**DEFENDANT CREDIT ONE BANK, N.A.'S**
**RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCITON OF**
**DOCUMENTS TO DEFENDANT CREDIT ONE BANK**

Defendant, Credit One Bank, N.A., by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, objects and responds to Plaintiff's First Requests for Production of Documents to Defendant Credit One Bank as follows:

PRELIMINARY STATEMENT

1.    Defendant Credit One's investigation and development of all facts and circumstances relating to this action is ongoing. These objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

2.    By making the accompanying objections to Plaintiff's First Requests for Production of Documents, Defendant Credit One does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to,

competency, relevancy, materiality, and privilege. Further, Defendant makes the objections herein without in any way implying that it considers the requests or responses thereto to be relevant or material to the subject matter of this action.

3.     Defendant will produce responsive documents only to the extent that such documents are in the possession, custody, or control of Defendant Credit One, as set forth in the Federal Rules of Civil Procedure. Defendant's possession, custody or control does not include any constructive possession that may be conferred by the Defendant's right or power to compel the production of documents from third parties.

4.     Defendant Credit One expressly reserves the right to supplement, clarify, revise, or correct any or all of the objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## RESPONSES

1.     Produce all documents identified in your answers to Plaintiff's First Set of Interrogatories.

**OBJECTION:  Defendant Credit One generally objects to Request for Production No. 1 to the extent that any document identified in its answers to Plaintiff's First Set of Interrogatories was identified subject to an objection.**

**RESPONSE:  For each document identified in Credit One's answers to Plaintiff's First Set of Interrogatories, please see the documents attached to the respective answers.**

2.     Produce all documents in your possession with regard to the Plaintiff or the subject of this suit.

**OBJECTION:**  Defendant Credit One generally objects to Request for Production No. 2 on the basis that the request is overly broad and unduly burdensome on its face. See Wagner v. Dryvit Systems, 208 F.R.D. 606, 610 (D. Neb. 2001) (finding that, while a party normally must make specific objections to discovery requests, this is not the case where "it is obvious from the wording of the request . . . that discovery is overly broad and unduly burdensome."); see also DIRECTV, Inc. v. Puccinelli, 224 F.R.D. 677, 688 (D. Kan. 2004) (stating that, while a party opposing discovery normally has the burden of showing why the discovery is inappropriate, the burden shifts where "the request is overly broad and unduly burdensome on its face."); see also Stephens v. City of Chicago, 203 F.R.D. 353, 361 (N.D. Ill. 2001) (holding that an interrogatory was "objectionable because it is onerous and unduly burdensome on its face."). Stated more specifically, Request for Production No. 2 fails to comply with Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. In this regard, a request for production shall set forth the items to be inspected either by individual item or by category, and described each item and category with reasonable particularity. The discovery rules do not permit a general inspection of an adversary's records and materials or production of Defendant's records as this constitutes nothing more than a "fishing" expedition.

**RESPONSE:**  Because Plaintiff's request is too general and comprehensive to be allowed by law, Defendant Credit One stands on this objection and will produce no documents pursuant thereto.

3.      Produce all correspondence between you and the Plaintiff, which regarding the subject of this lawsuit or the Plaintiff.

**OBJECTION:** Defendant Credit One objects to Request for Production No. 3 to the extent that it seeks correspondence between it and the Plaintiff as such documents are within the possession of the Plaintiff and, thus, can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Credit One further objects to this request on the grounds that it is not reasonably tailored in time to the allegations in Plaintiff's complaint. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation.

**RESPONSE:**  Please find attached hereto the following correspondence:

a.	Solicitation mailed May, 2013. See COB00001 - COB00006.

b.	Application information. COB00007.

c.	Credit One Bank Cardholder Agreement effective June 10, 2013.  See COB00008 – COB00013.

d.	Credit One Bank Credit Card Statement on account ending in 8609, dated June 10, 2013 to June 15, 2013. See COB00014.

e.	Credit One Bank Credit Card Statement on account ending in 8609, dated June 16, 2013 to July 15, 2013. See COB00015 – COB00016.

f.	Credit One Bank Credit Card Statement on account ending in 8609, dated July 16, 2013 to August 15, 2013. See COB00017.

g.	Credit One Bank Credit Card Statement on account ending in 8609, dated August 16, 2013 to September 15, 2013. See COB00018 – COB00019.

h.	Credit One Bank Credit Card Statement on account ending in 8609, dated September 16, 2013 to October 15, 2013. See COB00020 – COB00021.

      **i.**      **Credit One Bank Credit Card Statement on account ending in 8609, dated October 16, 2013 to November 15, 2013. See COB00022 – COB00023.**

      **j.**      **Credit One Bank Credit Card Statement on account ending in 8609, dated November 16, 2013 to December 15, 2013. See COB00024 – COB00025.**

      **k.**      **Credit One Bank Credit Card Statement on account ending in 8609, dated December 16, 2013 to January 15, 2014. See COB00026 – COB00027.**

      **l.**      **Credit One Bank Credit Card Statement on account ending in 8609, dated January 16, 2014 to February 15, 2013. See COB00028 – COB00029.**

      **m.**      **Credit One Bank Credit Card Statement on account ending in 8609, dated February 16, 2014 to March 15, 2014. See COB00030 – COB00031.**

      **n.**      **Credit One Bank Credit Card Statement on account ending in 8609, dated March 16, 2014 to April 15, 2014. See COB00032 – COB00033.**

      **o.**      **Credit One Bank Credit Card Statement on account ending in 8609, dated April 16, 2014 to May 15, 2014. See COB00034 – COB00035.**

      **p.**      **Credit One Bank Credit Card Statement on account ending in 8609, dated May 16, 2014 to June 15, 2014. See COB00036 – COB00037.**

      **q.**      **Credit One Bank Credit Card Statement on account ending in 8609, dated June 16, 2014 to July 15, 2014. See COB00038 – COB00039.**

      **r.**      **Credit One Bank Credit Card Statement on account ending in 8609, dated July 16, 2014 to July 27 15, 2014. See COB00040 – COB00041.**

      **s.**      **Letter from David Wood to Credit One dated November 4, 2014. See COB00042.**

**t.**      **Letter from Credit One to David Wood dated November 28, 2014. See COB00043.**

**u.**      **Letter from David Wood to Credit One dated December 9, 2014. See COB00044.**

**v.**      **Letter from Credit One to David Wood dated January 12, 2015. See COB00045.**


4.      Produce all documents which were mailed or otherwise delivered to you by the Plaintiff which regarding the subject of this lawsuit or the Plaintiff.

**OBJECTION:  Defendant Credit One objects to Request for Production No. 4 to the extent that it seeks correspondence between it and the Plaintiff as such documents are within the possession of the Plaintiff and, thus, can be obtained from some other source that is more convenient, less burdensome, or less expensive. Credit One further objects to this request on the grounds that it is not reasonably tailored in time to the allegations in Plaintiff's complaint. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation.**

**RESPONSE:  Please find attached hereto the following correspondence:**

**a.**      **Application information. See COB00007.**

**b.**      **Letter from David Wood to Credit One dated November 4, 2014.  See COB00042.**

**c.**      **Letter from David Wood to Credit One dated December 9, 2014.  See COB00044.**

5.      Produce all documents or exhibits which you intend to produce at trial.

**OBJECTION:** Defendant Credit One objects to Request for Production No. 5 to the extent that it purports to impose a requirement or discovery obligation greater than or different from that required under Rule 26(a)(3)(iii) of the Federal Rules of Civil Procedure. Further, Defendant Credit One objects to Request for Production No. 5 to the extent that it seeks the production of documents or exhibits it intends to produce at trial solely for the purpose of impeachment, the pre-trial disclosure of which is not required under Rule 26(a)(3) of the Federal Rules of Civil Procedure. Finally, Defendant Credit One objects to Request for Production No. 5 to the extent that it seeks the production of documents and tangible things (*i.e.*, demonstrative exhibits) that may reveal the mental impressions, conclusions, opinions, or legal theories of its attorney or other representatives concerning the litigation which is otherwise protected under Rule 26(b)(3) of the Federal Rules of Civil Procedure.

**RESPONSE:**  Credit One intends to produce all documents disclosed pursuant to Credit One's Rule 26(a)(1) Disclosures and produced in response to plaintiff's interrogatories and requests for production of documents, all of which either have been previously produced or are now produced.

6.      Produce all documents which detail or describe your procedures for compliance with 15 U.S.C. §1681s-2(b), since January 2012.

**OBJECTION:**  Defendant Credit One objects to Request for Production No. 6 on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One

objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Credit One objects to this request to the extent that it seeks information which is confidential, proprietary, or protected as trade secrets regarding its business practices. Credit One objects to this request to the extent it calls for documents protected by the attorney-client privilege or work-product doctrine. Subject to and without waiving these objections, Credit One will produce relevant, non-privileged documents, if any, responsive to this request.

**RESPONSE:**  Please see COB00066 – COB00359, the production of which will be made after entry of an appropriate protective order.


7.	Produce all manuals which describe, detail or explain the operation of or any codes within any computer program or software in which data has been compiled, created stored or organized pertaining to the Plaintiff or any account(s) attributed or related to him.

**OBJECTION:**  Defendant Credit One objects to Request for Production No. 7 on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Credit One objects to this request to the extent it calls for Credit One to create a document. Credit One objects to this request to the extent that it seeks information which is confidential, proprietary, or protected as trade secrets regarding its business practices. Subject to and without waiving these objections, Credit One will produce relevant, non-privileged documents, if any, responsive to this request.

**RESPONSE:   Please see COB00360, the production of which will be made after entry of an appropriate protective order.**

8.      Produce all documents pertaining to or containing explanation(s), instruction(s) or procedure(s) for your reporting of credit information or investigation of credit information disputes.

**OBJECTION:   Defendant Credit One objects to Request for Production No. 8 on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Credit One objects to this request to the extent that it seeks information which is confidential, proprietary, or protected as trade secrets regarding its business practices. Credit One objects to this request to the extent it calls for documents protected by the attorney-client privilege or work-product doctrine. Subject to and without waiving these objections, Credit One will produce relevant, non-privileged documents, if any, responsive to this request.**

**RESPONSE:   Please see COB00066 – COB00359, the production of which will be made after entry of an appropriate protective order.**


9.      Produce all manuals, instructional materials, training videos or tapes or other documents provided to you by Equifax, Experian and Trans Union which pertain to your credit reporting procedures and/or your compliance with the Federal Fair Credit Reporting Act.

**OBJECTION:   Defendant Credit One objects to Request for Production No. 9 on the basis that the term "you" is not specifically defined and, therefore, is susceptible to**

various meanings. **In responding to this request, Defendant Credit One will construe the request as if the term "you" applies only to the corporate entity, Credit One Bank. Thus, Defendant Credit One bank will produce all documents pertaining to the communications identified in the request between it and any Credit Reporting Agency or the CDIA in their formal, business communications. In responding to this Request, Defendant Credit One will not make a search of the non-business records of its principals, agents, employees, associates, or other like entities. Subject to and without waiving these objections, Credit One will produce relevant, non-privileged documents, if any, responsive to this request.**

**RESPONSE:  Credit One is not currently aware of any documents responsive to this request.**

10. Produce all personnel file(s) of each of your employees who ever conducted an investigation or reinvestigation of any information ever placed in the Plaintiff's file or regarding the Plaintiff or any account which you had attributed to him.

**OBJECTION:  Defendant Credit One objects to Request for Production No. 10 on the grounds that it seeks information that is considered private and/or confidential employment information.**

**RESPONSE:  Credit One stands on its objection.**

11. Produce every manual or other documents which explains and/or describes when, how and under circumstances you archive, retain capture account data in any file bearing any of Plaintiff's personal identifiers.

**OBJECTION:** Defendant Credit One objects to Request for Production No. 11 on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Credit One objects to this request to the extent that it seeks information which is confidential, proprietary, or protected as trade secrets regarding its business practices. Subject to and without waiving these objections, Credit One will produce relevant, non-privileged documents, if any, responsive to this request.

**RESPONSE:** Credit One is unable to ascertain what the plaintiff is requesting by and through this discovery request.


12.     Produce each Consumer Dispute Verification or Automated Consumer Dispute Verification [CDV or ACDV] communication or other dispute communication you received from any consumer reporting agency which regarded the Plaintiff or any of her personal identifiers.

**OBJECTION:** Defendant Credit One objects to Request for Production No. 12 on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Credit One objects to this request to the extent that it seeks information which is confidential, proprietary, or protected as trade secrets regarding its business practices. Subject to and without waiving these objections, Credit One will produce relevant, non-privileged documents, if any, responsive to this request.

**RESPONSE:**  Credit One does not have a copy of documents received, but please find attached the following responses:

a.      Response to ACDV from Equifax dated July 11, 2014.  See COB00046 – COB00047.

b.      Response to ACDV from Trans Union dated April 28, 2015.  COB00048 – COB00050.

c.      Response to ACDV from Equifax dated April 28, 2015.  See COB00051 – COB00052.

d.      Response to ACDV from TransUnion dated May 1, 2015.  See COB00053 – COB00054.

e.      Response to ACDV from Experian dated June 10, 2015.  See COB00055 – COB00056.

f.      Response to ACDV from Experian dated June 15, 2015.  See COB00057 – COB00058.


13.     Produce for each fact witness or expert witness you believe may have knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and/or may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit, produce a copy of any affidavit, deposition, transcript, or report which contains the testimony or opinion(s) of such witness and which has been previously furnished to the court or opposing counsel in such case.

**OBJECTION:  Defendant Credit One objects to Request for Production No. 13 on the basis that, as it is worded, it is vague and ambiguous as to what is being referred by the use of the phrase "in such case." To the extent that Request for Production No. 13 seeks the production of depositions and transcripts related to testimony or opinions of fact and/or expert witnesses in relation to the pleadings and/or defenses in this case, Defendant Credit One objects on the basis that such documents are or would be equally available to Plaintiff as they are to the Defendant and that Plaintiff has failed to establish a substantial need for such materials without undue hardship. Moreover, Defendant Credit One objects to Request for Production No. 13 to the extent that the request for production now of affidavits and/or reports of expert witnesses purports to impose a requirement or discovery obligation greater than or different from that required under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Subject to and without waiving these objections, Credit One will produce relevant, non-privileged documents, if any, responsive to this request.**

**RESPONSE:  None at this time.**

14.    Produce all documents prepared by your or on your behalf used in connection with the training, instruction, supervision or evaluation of any of your employees or of any third party paid by you identified in your responses to these interrogatories.

**OBJECTION:  Defendant Credit One objects to Request for Production No. 14 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not limited as to the time period or the issues before the Court in this litigation.**

**RESPONSE:  Credit One is unable to ascertain what the plaintiff is requesting by and through this discovery request.**

15.     Produce your annual report issued for the fiscal or calendar years 2012, 2013, 2014 and 2015. (In lieu of producing such documents, you may produce a written stipulation of the amount of your Net Worth as of January 1, 2016).

**OBJECTION:  Defendant Credit One objects to Request for Production No. 15 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Defendant Credit One further objects to this request on the basis that the factual allegations asserted in the Complaint are insufficient to support an award of punitive damages.**

**RESPONSE:  Credit One stands on this objection and will produce no documents pursuant thereto.**

16.     Produce every manual or other document which lists, explains and/or describes any code contained in your customer information systems, any reinvestigation record or file, and any other retained computer record and/or screen/file you generated and accessed regarding Plaintiff or any account attributed to the Plaintiff.

**OBJECTION:  Defendant Credit One objects to Request for Production No. 16 on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One**

objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Credit One objects to this request to the extent it calls for Credit One to create a document. Credit One objects to this request to the extent that it seeks information which is confidential, proprietary, or protected as trade secrets regarding its business practices. Subject to and without waiving these objections, Credit One will produce relevant, non-privileged documents, if any, responsive to this request.

**RESPONSE:  Please see COB00066 – COB00359, the production of which will be made after entry of an appropriate protective order.**

17.     Produce your complete procedures manual for reinvestigations, including all revisions since January 1, 2012.

**OBJECTION:  Defendant Credit One objects to Request for Production No. 17 on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Credit One objects to this request to the extent that it seeks information which is confidential, proprietary, or protected as trade secrets regarding its business practices. Credit One objects to this request to the extent it calls for documents protected by the attorney-client privilege or work-product doctrine. Subject to and without waiving these objections, Credit One will produce relevant, non-privileged documents, if any, responsive to this request.**

**RESPONSE:  This response is under review and will be supplemented.**

18.     Produce any document which you have regarding the establishment, maintenance, implementation, improvement or modification of investigation procedures or of procedures related to the submission of accuracy of data by you to the credit bureaus through Metro 1 or Metro 2.

**OBJECTION:  Defendant Credit One objects to Request for Production No. 18 to the extent that it seeks the production of documents pertaining to Metro 1. This objection is based upon the fact that Defendant Credit One complied with the requirements of Metro 2 in relation to Plaintiff's account. Consequently, any documents pertaining to Metro 1 are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Credit One also objects to this request on the grounds that it is not reasonably tailored in time to the allegations in Plaintiff's complaint. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Credit One objects to this request to the extent that it seeks information which is confidential, proprietary, or protected as trade secrets regarding its business practices. Subject to and without waiving these objections, Credit One will produce relevant, non-privileged documents, if any, responsive to this request.**

**RESPONSE: Credit One is unable to ascertain what the plaintiff is requesting by and through this discovery request, but see COB00066 – COB00359, the production of which will be made after entry of an appropriate protective order.**

19.     Produce each Universal Data Form or Automated Universal Data Form [UDF or AUDF] communication you provided to any consumer reporting agency which pertained to the Plaintiff or any of his personal identifiers.

**OBJECTION:**  Defendant Credit One objects to Request for Production No. 19 on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Credit One objects to this request to the extent that it seeks information which is confidential, proprietary, or protected as trade secrets regarding its business practices. Subject to and without waiving these objections, Credit One will produce relevant, non-privileged documents, if any, responsive to this request.

**RESPONSE:**  Please find attached the following:

a.      Response to ACDV from Equifax dated July 11, 2014.  See COB00046 – COB00047.

b.      Response to ACDV from Trans Union dated April 28, 2015.  COB00048 – COB00050.

c.      Response to ACDV from Equifax dated April 28, 2015.  See COB00051 – COB00052.

d.      Response to ACDV from TransUnion dated May 1, 2015.  See COB00053 – COB00054.

e.      Response to ACDV from Experian dated June 10, 2015.  See COB00055 – COB00056.

f.      Response to ACDV from Experian dated June 15, 2015.  See COB00057 – COB00058.

20.     Produce every document, internal memorandum, e-mail or other electronic communications through which you or your employees discussed your maintenance, modification and/or creation of your reinvestigation procedures.

**OBJECTION:  Defendant Credit One objects to Request for Production No. 20 to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, or that may constitute subsequent remedial measures. Credit One further objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not reasonably tailored in time to the allegations in Plaintiff's complaint. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Credit One objects to this request to the extent that it seeks information which is confidential, proprietary, or protected as trade secrets regarding its business practices. Subject to and without waiving these objections, Credit One will produce relevant, non-privileged documents, if any, responsive to this request.**

**RESPONSE:  Please see COB00066 – COB00359, the production of which will be made after entry of an appropriate protective order.**

21.     Produce the application(s), monthly statements and any other documents which pertain to any account(s) for which you contend that the Plaintiff has ever been personally liable to you.

**OBJECTION:** Defendant Credit One objects to Request for Production No. 21 on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Credit One objects to this request to the extent that it seeks information which is confidential, proprietary, or protected as trade secrets regarding its business practices. Credit One objects to this request to the extent it calls for documents protected by the attorney-client privilege or work-product doctrine. Subject to and without waiving these objections, Credit One will produce relevant, non-privileged documents, if any, responsive to this request.

**RESPONSE:** Please documents produced pursuant to Credit One's Rule 26(a)(1) Disclosures, and in response to Plaintiff's interrogatories and requests for production of documents.

22.    Produce any settlement agreement in which you have been a party which disposed of any lawsuit in which you have been sued for your alleged violation of 15 U.S.C. §1681s-2.

**OBJECTION:** Defendant Credit One objects to Request for Production No. 22 on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Credit One objects to this request to the extent that it seeks information which is confidential.

**RESPONSE:** Credit One stands on its objections.

23.     Produce any documents which list the names, positions and job descriptions of all of your employees.

**OBJECTION:  Defendant Credit One objects to Request for Production No. 23 on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Credit One objects to this request to the extent that it seeks information which is confidential.**

**RESPONSE:  Credit One stands on its objections.**

24.     Please produce any document which details and describes the organizational structure of your company.

**OBJECTION:  Defendant Credit One objects to Request for Production No. 24 on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Credit One objects to this request on the grounds that it is not limited to the issues before the Court in this litigation. Credit One objects to this request to the extent that it seeks information which is confidential, proprietary, or protected as trade secrets regarding its business practices. Credit One objects to this request to the extent it calls for documents protected by the attorney-client privilege or work-product doctrine.**

**RESPONSE:  Credit One stands on its objections.**

**CREDIT ONE BANK, N.A.**

By Counsel,

_____

Christopher J. Sears (*pro hac vice*)
CIPRIANI & WERNER, PC
400 Tracy Way, Suite 110
Charleston, WV  25311
(304) 341-0500 (t)
(304) 341-0507 (f)
csears@c-wlaw.com


Lauren M. Cafferty (VSB# 83712)
McGuireWoods LLP
2001 K Street N.W., Suite 400
Washington, DC 20006-1040
202.857.1733 (Direct Line)
202.828.3332 (Fax)
lcafferty@mcguirewoods.com

*Counsel for Credit One Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of March, 2015, I served the foregoing via electronic

mail to:

Leonard A. Bennett
Susan M. Rotkis
Casey S. Nash
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard,
Suite 1-A Newport News, VA 23601
Telephone:  (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: srotkis@clalegal.com
Email: casey@clalegal.com

Counsel for Plaintiff DAVID WILLIAM WOOD

_____
Christopher J. Sears (*pro hac vice*)
CIPRIANI & WERNER, PC
400 Tracy Way, Suite 110
Charleston, WV  25311
(304) 341-0500 (t)
(304) 341-0507 (f)
csears@c-wlaw.com

*Counsel for Credit One Bank, N.A.*