| Evidence to which the Plaintiff Objects | Plaintiff's Objection | Defendant's Response | | Court's Ruling |
|---|---|---|---|---|
| | | | | |
| LL Woodson: documents, affidavit, testimony | Plaintiff learned only after the close of discovery of Defendant's intention to try and use this witness in its defense. While the name of the witness was known to Plaintiff and his counsel was aware of her general connection to the case, they did not explore discovery of the witness further because Defendant did not intend to call Woodson as a witness in its defense. There is a big difference between knowing of a person with putative knowledge and knowing that an opposing party actually intended to use such a person at trial.<br><br>The witness/evidence has never been disclosed pursuant | Federal Rule of Civil Procedure 26(e) requires supplementation of initial disclosures if: (1) the initial disclosure is in some material respect incomplete or incorrect, and (2) the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. *See* Fed. R. Civ. P. 26(e). The basic purpose of supplementation is to prevent surprise and prejudice to the opposing party. *See Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003); *Reed v. Iowa Marine and Repair Corp.*, 16 F.3d 82 | | |

| | | | | |
|---|---|---|---|---|
| | to Fed. R. Civ. P. 26(a)(1) or (e) as a witness/evidence that the Defendant is likely to use at a hearing, motion or trial. Rule 37(c)(1) is automatic and requires the sanction of exclusion for failing to timely disclose or supplement. *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010)(finding that the court "must impose sanctions" for under Rule 37(c)(1) where there was no harmless error or substantial justification). *Samsung Elecs. Co. v. Nvidia Corp.,* 314 F.R.D. 190, 193 (E.D. Va. 2016) | (5th Cir. 1994) (recognizing that a party has a duty to supplement only if the additional information has not otherwise been made known to the other parties during the discovery process). There is no element of surprise here. Credit One's Initial Disclosures identified "[a]ll individuals identified as potential witnesses by any other party in their initial disclosures or elsewhere in discovery." On February 22, 2016, Mr. Wood disclosed Sgt. Woodson in Plaintiff's Supplemental Initial Disclosures. On February 26, 2016, Defendant Trans Union, LLC disclosed Sgt. Woodson in its Initial Disclosures. On March 28, 2016, Credit One disclosed Sgt. Woodson in its Responses to Plaintiff's | | |

| | | | | |
|---|---|---|---|---|
| | | First Set of Interrogatories to Credit One. During the course of discovery, Credit One's counsel spoke with Plaintiff's counsel regarding the anticipated testimony of Sgt. Woodson. Ms. Rotkis indicated that her office had previously interviewed Sgt. Woodson on at least three occasions. Thus, Mr. Wood was aware of Sgt. Woodson and had the opportunity to take discovery and, in fact, apparently did so by interview. Sgt. Woodson's affidavit was produced to Plaintiff's counsel prior to its use in briefing the cross-motions for summary judgment. | | |
| | | | | |
| Karen Schumacher: documents, affidavit, testimony | The witness/evidence has never been disclosed pursuant to Fed. R. Civ. P. 26(a)(1) or (e) as a witness/evidence that the Defendant is likely to use at a hearing, motion or trial. | Ms. Schumacher is the records custodian for the West Point Police Department. Ms. Schumacher's testimony will be used solely for | | |

| | | | | |
|---|---|---|---|---|
| | Rule 37(c)(1) is automatic and requires the sanction of exclusion for failing to timely disclose or supplement. *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010)(finding that the court "must impose sanctions" for under Rule 37(c)(1) where there was no harmless error or substantial justification). *Samsung Elecs. Co. v. Nvidia Corp.,* 314 F.R.D. 190, 193 (E.D. Va. 2016) | impeachment and, thus, is not required to be disclosed under Federal Rule of Civil Procedure 26(a)(1)(i). Nonetheless, Ms. Schumacher's affidavit was produced to Plaintiff's counsel prior to its use in briefing the cross-motions for summary judgment. | | |
| | | | | |
| All documents that were not disclosed prior to July 13, 2016 | The evidence was never been disclosed pursuant to Fed. R. Civ. P. 26(a)(1) or (e) as evidence that the Defendant is likely to use at a hearing, motion or trial until the very end of discovery. Even then, it was only produced without being identified as part of a document dump on the eve of Plaintiff's deposition. Rule 37(c)(1) is automatic and | Plaintiff does not dispute that Credit One Bank supplemented the subject documents on July 13, 2016. The size of the document supplementation was due, in part, to the production of documents specifically requested by Plaintiff's counsel and the need to re-produce previously produced | | |

| | | | | |
|---|---|---|---|---|
| | requires the sanction of exclusion for failing to timely disclose or supplement. *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010)(finding that the court "must impose sanctions" for under Rule 37(c)(1) where there was no harmless error or substantial justification). *Samsung Elecs. Co. v. Nvidia Corp.,* 314 F.R.D. 190, 193 (E.D. Va. 2016) | documents to correct a Bates numbering error. The .pdf file containing all of the documents was extensively bookmarked for the purpose of ease in navigating the file. Plaintiff's counsel made no objection to the production/supplementation. | | |

| | | | | |
|---|---|---|---|---|
| Any witness not disclosed in the Defendant's mandatory disclosures or supplemental mandatory disclosure that the Defendant knew about but failed to timely disclose | The witnesses were never disclosed pursuant to Fed. R. Civ. P. 26(a)(1) or (e) as evidence that the Defendant is likely to use at a hearing, motion or trial. Rule 26(a)(1) and (e) disclosures are mandatory and different from the discovery answers, especially when it is a witness or evidence that the Defendant knows about but fails to identify. Rule 37(c)(1) is automatic and requires the sanction of exclusion for failing to timely disclose or supplement. *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010)(finding that the court "must impose sanctions" for under Rule 37(c)(1) where there was no harmless error or substantial justification). *Samsung Elecs. Co. v. Nvidia Corp.,* 314 F.R.D. 190, 193 (E.D. Va. 2016) | All witnesses have been previously disclosed to Plaintiff's counsel in accordance with Federal Rule of Civil Procedure 26. | | |

| | | | | |
|---|---|---|---|---|
| Plaintiff's RFP to Defendant No. 15- Produce your annual report issued for the fiscal or calendar years 2012, 2013, 2014 and 2015 (In lieu of producing such documents you may produce a written stipulation of the amount of your Net Worth as of January 1, 2016) - | Defendant has objected and refuses to produce documents in response to this request. – Plaintiff herein moves to compel Defendant to respond to this request. | Credit One Bank has produced documents responsive to the request as agreed to by counsel during a meet and confer that took place on the record at the deposition of Credit One's corporate representative, Helen Lanham, on June 12, 2016. These documents are bates numbered COB02761 – COB04134 (Consolidated Reports of Condition and Income of Credit One Bank, N.A. from 03/31/12 to 03/31/16). Mr. Wood has not previously objected to the production. | | |