IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DAVID W. WOOD,**

    **Plaintiff,**

v.                                                           **Civil Action No. 3:15cv594**

**CREDIT ONE BANK,**

    **Defendant.**

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff David William Wood's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(c)(1)[1] (the "Motion for Sanctions"). (ECF No. 72.) After Wood filed the Motion for Sanctions, the parties filed a joint chart in compliance with the Court's Initial Pretrial Order. (ECF No. 75.) The Court heard oral argument, and the matter is ripe for disposition. The Court exercises jurisdiction pursuant to

---

[1] Rule 37(c)(1) provides, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>     **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
>     . . . .
>
>     **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

28 U.S.C. § 1331[2] and 15 U.S.C. § 1681p.[3] For the reasons that follow, the Court DENIES Wood's Motion for Sanctions. (ECF No. 72.)

### I. The Discovery Dispute at Issue in Wood's Motion for Sanctions

The parties' joint discovery chart lists five separate discovery disputes. (Disc. Chart 1–7, ECF No. 75.) At the hearing, Wood withdrew three of those disputes. Remaining before the Court is Wood's request to exclude the affidavits and testimony of two witnesses from the West Point Police Department because, according to Wood, Credit One failed to disclose the witnesses in accordance with discovery rules. The witnesses at issue are: (1) L.L. Woodson, a Sergeant with the West Point Police Department, whose affidavit is dated July 28, 2016;[4] and, (2) Karen Schumacher, the records custodian for the West Point Police Department, whose affidavit is dated

---

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[3] "An action to enforce any liability created under [15 U.S.C. § 1681] may be brought in any appropriate United States district court, without regard to the amount in controversy . . . ." 15 U.S.C. § 1681p.

[4] Sergeant Woodson's affidavit relates to interactions she had with Wood when he "came to the West Point Police Department to make a report of identity theft." (Woodson Aff. ¶ 3, ECF No. 68-5.) Sergeant Woodson was assigned to investigate his complaint. (*Id.*) Sergeant Woodson includes the following opinions and observations in her affidavit:

1) She "concluded that there was insufficient evidence to support a finding of a credible or *bona fide* claim of identity theft by [Wood's] mother";

2) "As a result of [her] investigation, [she] is of the belief that Mr. Wood is now at the point where he only wants the credit card companies to write off his bill"; and,

3) She is "not aware of any time that Mr. Wood or someone acting on his behalf ever requested a copy of the Incident Report."

(Woodson Aff. ¶¶ 4–5).

2

August 4, 2016.[5] Attached to both Sergeant Woodson's and Schumacher's affidavits was a copy of an Incident Report (the "Incident Report") "prepared by [Woodson] upon the complaint of [Wood]." (Schumacher Aff. ¶ 3.) Wood argues that Credit One failed to comply with Federal Rule of Civil Procedure 26(a)(1)[6] or 26(e)[7] when disclosing these witnesses, and asks the Court to

---

[5] Schumacher's affidavit states, in pertinent part, that:

1) An incident report "was prepared by [Sergeant Woodson] upon the complaint of" Wood;

2) Schumacher has "no personal recollection of [Wood] (or anyone acting on his behalf) making a request for a copy of the Incident Report"; and,

3) "There are no records kept of any requests made for copies of incident reports," but "[i]f [Wood] (or someone acting on his behalf) would have made a request for the Incident Report, a copy of the Incident Report would have been provided in a timely manner."

(Schumacher Aff. ¶¶ 3–4, ECF No. 68-13.)

[6] Rule 26(a)(1) governs initial disclosures. That rule provides in relevant part:

**(1) *Initial Disclosure.***

    **(A)** *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

        **(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

Fed. R. Civ. P. 26(a)(1)(A)(i).

3

apply the "sanction of exclusion" for failing to timely disclose or supplement. (Mem. Supp. Mot. Sanctions 2, ECF No. 73.) Wood argues that, although "the name of the witness was known to Plaintiff[,] and his counsel was aware of her general connection to the case, . . . . [t]here is a big difference between knowing of a person with putative knowledge and knowing that an opposing party actually intended to use such a person at trial." (Joint Chart 1, ECF No. 75-1.) Discovery in this case closed on July 26, 2016.

Credit One counters that it properly disclosed Sergeant Woodson. Specifically, Credit One's "[i]nitial [d]isclosures identified '[a]ll individuals identified as potential witnesses by any other party in their initial disclosures or elsewhere in discovery," and Wood identified Sergeant Woodson on February 22, 2016. (Joint Chart 2, ECF No. 75-1.) Credit One later "disclosed Sergeant Woodson in its Responses to Plaintiff's First Set of Interrogatories." (*Id.* at 2–3.) Credit One further asserts that, "[t]here is no element of surprise here," (*id.* at 2), at least in part because Wood's counsel "indicated that her office had previously interviewed [Sergeant] Woodson on at least three occasions," (*id.* at 3). Regarding Schumacher, Credit One asserts that Schumacher's "testimony will be used solely for impeachment and, thus, is not required to be disclosed under Federal rule of Civil Procedure 26(a)(1)(i)." (*Id.* at 3–4.)

---

[7] Rule 26(e) governs mandatory supplementing of parties' initial disclosures. That rule provides in full:

**(e) Supplementing Disclosures and Responses.**

 (1) *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

  (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or[,]

  (B) as ordered by the court.

4

## II. A Separate Opinion Addresses Credit One's Rule 33 and Rule 56 Violations

The Court takes a moment to clarify that this sanctions Order addresses matters different than those raised by Wood and the Court during summary judgment briefing. Here, Wood's Motion for Sanctions challenges only what he calls the improper disclosure of witnesses.

In a separate Memorandum Opinion issued earlier today (the "September 21, 2017 Memorandum Opinion"), (ECF No. 89), the Court addressed possible sanctions for Credit One's failures during the summary judgment briefing process. There, the Court acknowledged its broad discretion to sanction Credit One for its abject failure to abide by the dictates of this Court's Local Civil Rule 56(B)[8] in its Motion for Summary Judgment. The Court, *sua sponte*, also noted that Credit One failed to follow Federal Rule of Civil Procedure 33[9] in its Responses to Wood's Interrogatories (the "Responses") because the Responses had not been properly sworn to and signed as required by Rule 33. Credit One then sought to rely on its improper Responses in its own Motion for Summary Judgment and in its opposition to Wood's Motion for Partial Summary

---

[8] Local Civil Rule 56(B) provides, in pertinent part:

Summary Judgment – Listing Of Undisputed Facts: Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed. A brief in response to such a motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute.

Local Civ. R. 56(B).

[9] Federal Rule of Civil Procedure 33 articulates three relevant requirements for answering interrogatories properly. First, interrogatories must be answered "by the party to whom they are directed," but "if that party is a public or private corporation, . . . by any officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1). Second, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). And finally, "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5).

Judgment. Even after the Court brought the failure to Credit One's attention, Credit One never filed a proper motion to correct its failures.

For the reasons stated in the September 21, 2017 Memorandum Opinion, the Court declined to exercise its inherent discretion, based on Credit One's failure to comply with Rule 56, to deny Credit One's Motion for Summary Judgment outright. Given Credit One's failure to properly sign and swear to the Responses, however, the Court refused to consider the substance of the Responses in ruling on the motions for summary judgment.[10] But these findings as to Rules 33 and 56 do not pertain to Wood's Motion for Sanctions for the alleged improper disclosure of witnesses.

### III. Wood's Instant Motion for Sanctions Regarding Sergeant Woodson and Karen Schumacher

A court assesses whether to impose sanctions under Federal Rule of Civil Procedure 37(c)(1) using a three-step approach: (1) determining whether a violation of Federal Rule of Civil Procedure 26(a) or (e) occurred; (2) determining whether that violation was harmless or substantially justified; and, (3) determining the appropriate sanction, if any, to impose. *Thomas v. FTS USA, LLC*, 2016 WL 3566657, at *4 (E.D. Va. June 24, 2016).

Rule 26(a) directs, among other things, the timing and scope of required initial disclosures. Fed. R. Civ. P. 26(a). Rule 26(e) governs the supplementation of initial disclosures. Fed. R. Civ. P. 26(e). And Rule 37(c)(1) provides that a party who "fails to provide information or identify a witness as required by Rule 26(a) . . . is not allowed to use that information or witness" in certain

---

[10] Credit One's unsigned, unsworn Responses failed to meet the requirements of Federal Rule of Civil Procedure 56(c)(4), which dictates that a "declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Roberts v. Gen. Elec. Co.*, 1 F.3d 1234, at *1 n.3 (4th Cir. 1993) (unpublished table opinion) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970)) (stating that "unsworn, unsigned answers to interrogatories do not meet the requirements of F[ederal] R[ule of] Civ[il] P[rocedure] 56(e)," now Rule 56(c)(4)).

6

circumstances, unless the failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) also empowers the district court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure," or impose "other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." *Id.* Possible sanctions under Rule 37(b)(2)(A) include: directing that certain facts be taken as established; "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; "striking pleadings in whole or in part"; "dismissing the action or proceeding in whole or in part"; and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A).

When deciding whether to excuse a party's failure to comply with the disclosure requirements of Rule 26 as "substantially justified" or "harmless" under Rule 37(c)(1), courts consider five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and[,] (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). The first four factors "relate mainly to the harmlessness exception," whereas the last factor "relates primarily to the substantial justification exception." *Id.* However, the Court need not address harmlessness or substantial justification. As discussed below, a review of the record demonstrates that Credit One did not violate Rule 26(a) or (e) at all. Thus, the Court will not sanction Credit One pursuant to Rule 37(c)(1).

## IV. The Court Will Not Impose Sanctions Regarding Credit One's Disclosure of Witnesses

### A. Credit One Did Not Violate Federal Rule of Civil Procedure Rule 26(a) or (e)

Because Credit One did not violate Rule 26(a) or (e) by failing to properly disclose the identity of Sergeant Woodson or Schumacher, the Court will not impose sanctions under Rule 37(c)(1).

First, as to Sergeant Woodson, Credit One points to its initial disclosures as evidence that it disclosed Sergeant Woodson's identity. This is accurate. That said, Credit One most clearly identified Sergeant Woodson to Wood on March 28, 2016, in the Responses.[11] Specifically, in response to Wood's interrogatory question three asking Credit One to "[i]dentify all persons or entities known to you who have knowledge of the facts relevant to this case," Credit One identified, among others, "Sgt. L.L. Woodson and other employees, representatives, and custodian of records, Town of West Point Police Department." (Resps. 5–7, ECF No. 60-2.) This disclosure satisfied Credit One's obligation under Rule 26(a) and 26(e). Although Wood argues that "[t]here is a big difference between knowing of a person with putative knowledge and knowing that an opposing party actually intended to use such a person at trial," (Joint Chart 1), Rule 26 does not entitle Wood to know, at this point in the case, which witnesses Credit One

---

[11] The Court declined to consider Credit One's Responses in ruling on the motions for summary judgment because the unsworn, unsigned Responses failed to meet the requirements of Federal Rule of Civil Procedure 56(c)(4). *See supra* note 10. In ruling on Wood's Motion for Sanctions, however, the Court will not entertain the fiction that Sergeant Woodson was not disclosed at all. Credit One's Rule 26(a) disclosures and the Responses—properly signed or not—show otherwise. Moreover, Wood did not object to Credit One's Responses on the grounds that they were improperly signed.

8

intends to use at trial. *See* Fed. R. Civ. P. 26(a)(3).[12] The information Credit One provided Wood about Sergeant Woodson complied with Federal Rules of Civil Procedure 26(a) and (e).

Second, as to Schumacher, Credit One had no obligation to disclose her existence or her expected testimony, meaning that any failure to disclose her identity would not violate a discovery order or the Federal Rules of Civil Procedure. Although Rule 26 requires disclosure of the name of each individual a party knows will likely have discoverable information, the rule explicitly exempts information that would be used "solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Credit One asserts that Schumacher's testimony would be used solely for impeachment of any claim by Wood that he tried, unsuccessfully, to obtain a copy of the Police Incident Report. The record before the Court does not contradict this assertion. Therefore, Credit One was not required to disclose her name either under Rule 26(a)(1) or under Rule 26(e).

Moreover, as was the case with Sergeant Woodson, Credit One did in fact disclose Schumacher's identity during the course of discovery. In the Responses, Credit One identified "Sgt. L.L. Woodson and other employees, representatives, and *custodian of records*, Town of West Point Police Department . . . ." as people who might have knowledge of the facts in the case. (Resps. 7, ECF No. 60-2 (emphasis added)). Schumacher is the records custodian for the West Point Police Department.

## V. Conclusion

Credit One did not, as Wood asserts, violate Rule 26(a) or 26(e) by failing to properly disclose the identities of Woodson and Schumacher. Thus, the Court DENIES Wood's Motion for Sanctions. (ECF No. 72.)

---

[12] Rule 26(a)(3) requires that parties disclose to each other, at least thirty days before trial, "the name . . . of each witness—separately identifying those the party expects to present and those it may call if the need arises." No trial date currently exists.

Let the Clerk send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 9/21/2017
Richmond, Virginia

10