**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

DAVID WILLIAM WOOD,

                Plaintiff,

v.

                                      Civil No. 3:15-cv-00594-MHL

CREDIT ONE BANK, N.A.,

                Defendant.

### DEFENDANT CREDIT ONE BANK'S PROPOSED JURY INSTRUCTIONS

Defendant Credit One Bank, by counsel, and pursuant to Local Rule 51 and the Court's Initial Pretrial Order (ECF No. 29), as amended (ECF No. 105), submits the following proposed jury instructions. Defendant reserves the right to modify these instructions in accordance with any stipulations reached by the parties or any ruling issued by the Court in connection with the parties' motions *in limine*.

Dated: December 11, 2017                Respectfully submitted,

                                        CREDIT ONE BANK

                                          /s/
                                      Bryan A. Fratkin (VSB No. 38933)
                                      bfratkin@mcguirewoods.com
                                      Heidi E. Siegmund (VSB No. 89569)
                                        hsiegmund@mcguirewoods.com
                                      McGuireWoods LLP
                                        800 East Canal Street
                                        Richmond, VA 23219
                                        (804) 775-1000
                                        Facsimile: (804) 775-1061
                                        *Counsel for Defendant*

## DEFENDANT'S PROPOSED INSTRUCTION A

### PRELIMINARY INSTRUCTIONS
### OPENING INSTRUCTIONS

Members of the jury, we are about to begin the trial of the case you heard about during the jury selection.  Before the trial begins, I am going to give you instructions that will help you understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before.  Let me briefly explain some of the most common to you.  The party who sues is called the Plaintiff.  In this action, the Plaintiff is David Wood.  The party being sued is called the Defendant.  In this action, the defendant is Credit One Bank.

You will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact.  I will decide all questions of law that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses.  During the trial you

should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, and the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in note taking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places – things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was, and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case.  When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, §101.01 (6th ed. 2011).

Given:          _____
Refused:        _____
Modified:       _____

## DEFENDANT'S PROPOSED INSTRUCTION B

### PRELIMINARY INSTRUCTION
### ORDER OF TRIAL

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, Mr. Wood will present evidence in support of his claim and Credit One Bank's lawyers may cross-examine Mr. Wood's witnesses. Mr. Wood may also call Credit One's witnesses as part of his case presentation. At the conclusion of Mr. Wood's case, Credit One may introduce evidence and Mr. Wood may cross-examine its witnesses. Credit One is not required to introduce any evidence or to call any witnesses. If Credit One introduces evidence, Mr. Wood may then present rebuttal evidence.

After the evidence is presented, Mr. Wood's and Credit One's lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, §101.02 (6th ed. 2011).

Given: _____
Refused: _____
Modified: _____

5

## DEFENDANT'S PROPOSED INSTRUCTION C

### PRELIMINARY INSTRUCTION
### JURY CONDUCT

You will not be required to remain together while the Court is in recess.  It is important that you obey the following instructions with reference to the recesses of the Court:

First:  Do not discuss the case either among yourselves or with anyone else until the end of the trial when you go to the jury room to decide on your verdict.  This includes members of your family and your friends.  You may tell people you are a juror, but do not tell them anything else about the case.

Second:  Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended.  If someone should try to talk to you about the case during the trial, please report it to me immediately.

Third:  During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

Fourth:  Do not do any research, such as using the internet, or make any investigation about the case on your own.

Fifth:  If you need to tell me something, simply give a signed note to the courtroom security officer to give to me.

Sixth:  Do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, §101.11 (6th ed. 2011) (modified).

Given:         _____
Refused:      _____
Modified:     _____

**<u>DEFENDANT'S PROPOSED INSTRUCTION D</u>**

**PRELIMINARY INSTRUCTION**
**JUDGE'S QUESTIONS TO WITNESSES**

During the trial, I may sometimes ask a witness questions.  Please do not assume that I have any opinion about the subject matter of my questions.

Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u> § 101.30 (6th ed. 2011).

Given:        _____
Refused:      _____
Modified:     _____

**<u>DEFENDANT'S PROPOSED INSTRUCTION E</u>**

**PRELIMINARY INSTRUCTION
BENCH CONFERENCES**

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, §101.31 (6th ed. 2011).

Given: _____
Refused: _____
Modified: _____

## **DEFENDANT'S PROPOSED INSTRUCTION F**

### **PRELIMINARY INSTRUCTION**
### **NOTETAKING PERMITTED**

During this trial I will permit you to take notes.  You are not required to take notes.  If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

You must not allow your note taking to distract you from the proceedings.  Frequently there is a tendency to attach too much importance to what a person writes down.  Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Your memory should be your greatest asset when it comes time to decide this case.

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, §§ 101.15 (6th ed. 2011).
Given: _____
Refused: _____
Modified: _____

## DEFENDANT'S PROPOSED INSTRUCTION G

### EVIDENCE IN THE CASE

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, §§ 103.30 (6th ed. 2011).
Given: _____
Refused: _____
Modified: _____

## DEFENDANT'S PROPOSED INSTRUCTION H

### OBJECTIONS

During the course of the trial, you have heard objections to evidence.  Sometimes these were argued out of the presence of the jury.

It is the duty of the lawyers to object when the other side offers testimony or other evidence that they believe is not properly admissible.  You should not draw any conclusions or be prejudiced against a lawyer or the party he or she represents because of the making of any objection.

By allowing testimony or other evidence to be introduced over the objection of a lawyer, the Court does not indicate any opinion as to the weight or effect of such evidence.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 70.01 (4th ed. 1987).
Given: _____
Refused: _____
Modified: _____

**<u>DEFENDANT'S PROPOSED INSTRUCTION I</u>[1]**

**EVIDENCE ADMITTED FOR A LIMITED PURPOSE**

You [have heard][will now hear] evidence, in the form of _____, that was received for a particular limited purpose.  This evidence can be considered by you in determining _____.  It may not be used for any other purpose.  Specifically, you cannot use this evidence as proof that _____; rather, you must consider it only for _____.

Model Civ. Jury Instr. 3rd Cir. 2.10 (2015) (modified).

Given: _____
Refused: _____
Modified: _____

---

[1] Credit One offers this instruction in the event that it becomes necessary based on the Court's rulings on the parties' exhibits and motions *in limine*.

## DEFENDANT'S PROPOSED INSTRUCTION J

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

14

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, § 105.01 (6th ed. 2011).

Given: _____
Refused: _____
Modified: _____

## DEFENDANT'S PROPOSED INSTRUCTION K

## IMPEACHMENT – INCONSISTENT STATEMENT OR CONDUCT

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of a mistake or accident or other innocent reason.

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, § 105.04 (6th ed. 2011).

Given: _____
Refused: _____
Modified: _____

16

## DEFENDANT'S PROPOSED INSTRUCTION L

### BIAS

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color their testimony.  In short, if you find that a witness is biased, you should view their testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Hon. Leonard G. Sand, John S. Siffert, et al., Modern Federal Jury Instructions, Vol. 4, Instruction 76-2 (Rel. 52A, April 2008).

Given: _____
Refused: _____
Modified: _____

## **DEFENDANT'S PROPOSED INSTRUCTION M**

### **USE OF DEPOSITIONS AS EVIDENCE**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing or by video under oath. Such written or video testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, §105.02 (6th ed. 2011) (modified).

Given:             _____
Refused:          _____
Modified:        _____

## **DEFENDANT'S PROPOSED INSTRUCTION N**

## **30(B)(6) DEPOSITION – DEFINED**

You will hear testimony from multiple witness depositions that was taken under a rule, 30(b)(6).  The testimony elicited at those depositions represent the knowledge of the corporation, not just the individual witnesses.  The witnesses speak on behalf of the corporation because they were chosen by the corporation as its spokespeople on particular topics.  The witnesses were obligated to become familiar with any knowledge in the corporation concerning the topics on which they were designated to testify.

Milbourne v. JRK Residential Am., Case No. 3:12-cv-861-REP, ECF No. 257-1, at 21 (E.D. Va. July 22, 2016).

Given:           _____
Refused:       _____
Modified:      _____

## **DEFENDANT'S PROPOSED INSTRUCTION O**

### **STIPULATIONS**

Before the trial of this case, the court held a conference with the lawyers for all the parties. At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

[INSERT STIPULATED FACTS]

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, §101.47 (6th ed. 2011).

Given:          _____
Refused:        _____
Modified:       _____

**<u>DEFENDANT'S PROPOSED INSTRUCTION P</u>**

**QUESTIONS NOT EVIDENCE**

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact.  The lawyer's questions and statements are not evidence.

Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, § 103.34 (6th ed. 2011).

Given:          _____
Refused:       _____
Modified:      _____

## DEFENDANT'S PROPOSED INSTRUCTION Q

## CONSIDERATION OF THE EVIDENCE—CORPORATE
## PARTY'S AGENTS AND EMPLOYEES

A corporation may act only through natural persons as its agents or employees.  In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, §103.31 (6th ed. 2011).

Given: _____
Refused: _____
Modified: _____

## <u>DEFENDANT'S PROPOSED INSTRUCTION R</u>

**ALL PERSONS EQUAL BEFORE THE LAW – ORGANIZATIONS**

The fact that Mr. Wood is an individual and Credit One is a bank must not enter into or affect your verdict.  You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A bank like Credit One is entitled to the same fair trial as an individual like Mr. Wood.  All persons, including banks and other organizations stand equal before the law, and are to be treated as equals.

Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, §103.12 (6th ed. 2011) (modified).

Given: _____
Refused: _____
Modified: _____

## <u>DEFENDANT'S PROPOSED INSTRUCTION S</u>

### DIRECT EVIDENCE – CIRCUMSTANTIAL EVIDENCE – CIVIL

There are two types of evidence from which you may find the truth as to the facts of a case – direct and circumstantial evidence. Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness; circumstantial evidence is proof of a chain of facts and circumstances indicating a fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence in the case.

1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 15.02 (3d ed. 1977).

Given:         _____
Refused:       _____
Modified:      _____

## <u>DEFENDANT'S PROPOSED INSTRUCTION T</u>

### NATURE OF THE ACTION

In this case, the Plaintiff, David William Wood, alleges that the Defendant, Credit One Bank, failed to conduct a reasonable investigation after being notified by credit reporting agencies that there was a dispute, namely, a claim of identity theft, with respect to Mr. Wood's Credit One account.

Given: _____
Refused: _____
Modified: _____

## DEFENDANT'S PROPOSED INSTRUCTION U

### NATURE OF THE STATUTE

Under the Fair Credit Reporting Act, after receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall:

(A) Conduct an investigation with respect to the disputed information;

(B) Review all relevant information provided by the consumer reporting agency;

(C) Report the results of the investigation to the consumer reporting agency;

(D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b).

Given: _____
Refused: _____
Modified: _____

## **DEFENDANT'S PROPOSED INSTRUCTION V**

### **"CONSUMER" – DEFINED**

The term "consumer" means an individual.

15 U.S.C. § 1681a(c).

Given: _____
Refused: _____
Modified: _____

## **DEFENDANT'S PROPOSED INSTRUCTION W**

## **"CONSUMER REPORTING AGENCY" – DEFINED**

A "consumer reporting agency" is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating…information on consumers for the purpose of furnishing consumer reports to third parties, and who uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

Given:        _____
Refused:      _____
Modified:     _____

## DEFENDANT'S PROPOSED INSTRUCTION X

### "PERSON" – DEFINED

A "person" as defined by the FCRA means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.

15 U.S.C. § 1681a(b).

Given: _____
Refused: _____
Modified: _____

## DEFENDANT'S PROPOSED INSTRUCTION Y

### APPLICABILITY OF THE FCRA

For purposes of this case, Mr. Wood is a "consumer" and Credit One Bank is a "person,"

as those terms are defined in the Fair Credit Reporting Act.

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, §153.11 (6th ed. 2011)
(modified).

Given: _____
Refused: _____
Modified: _____

## <u>DEFENDANT'S PROPOSED INSTRUCTION Z</u>

### PURPOSES OF THE FCRA

The purposes of the FCRA as a whole are to improve the accuracy of consumer reports, ensure the fairness of credit reporting processes, and protect the confidentiality of consumers' personal information.

15 U.S.C. § 1681.

Given:            _____
Refused:          _____
Modified:         _____

## DEFENDANT'S PROPOSED INSTRUCTION AA

## QUESTIONS FOR THE JURY

I have already concluded, as a matter of law, that Credit One did not conduct a reasonable investigation in response to receipt of the disputes regarding Mr. Wood's account, so you will not need to consider that question.  The questions that remain to be decided by you are as follows:

(1) Did Credit One act negligently or willfully in conducting its investigation into Mr. Wood's disputes?

(2) Did Credit One's investigations proximately cause any actual damage to Mr. Wood? And,

(3) What is the appropriate amount of damages, if any, that Mr. Wood should receive?

Each of these issues must be decided by you.  You are not to construe my previous rulings in this case as having an impact on any of the questions above.  I will instruct you on each of these issues in turn.

Given: _____
Refused: _____
Modified: _____

## DEFENDANT'S PROPOSED INSTRUCTION BB

## "REASONABLE INVESTIGATION" – DEFINED

As I have already stated, Credit One had a duty to conduct a reasonable investigation of Mr. Wood's disputes when it received notice of those disputes from the consumer reporting agencies.  A reasonable investigation is one that is not casual or hasty.  The reasonableness of Credit One's investigation is based on an evaluation of information within its possession, such as correspondence between Mr. Wood and Credit One, the data identified by the consumer reporting agency as disputed, and Credit One's other records relating to the disputed account.

With respect to reinvestigation of subsequent disputes, reasonableness is also judged on whether Credit One had any indication that its initial investigation lacked reliability or that new information was available to discover.

Daugherty v. Ocwen Loan Servicing, LLC, -- F. App'x --, 2017 WL 3172422, at *4 (4th Cir. July 26, 2017); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1160 (9th Cir. 2009); Johnson v. MBNA Am. Bank, N.A., 357 F.3d 426, 432 (4th Cir. 2004).

Given: _____
Refused: _____
Modified: _____

## DEFENDANT'S PROPOSED INSTRUCTION CC

### "NEGLIGENCE" – DEFINED

The term "negligence" means the failure to do something that a reasonably prudent person would do, or the doing of something that a reasonably prudent person would not do under the circumstances that existed with regard to the consumer.  It is the failure to use ordinary or reasonable care.  Ordinary or reasonable care is that which persons of ordinary prudence would use in order to avoid injury to themselves or others under circumstances similar to those shown by the evidence.

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, § 153.38, § 120.02 (6th ed. 2011) (modified); Philbin v. Trans Union Corp., 101 F.3d 957, 963 (3d Cir. 1996).

Given: _____
Refused: _____
Modified: _____

## **DEFENDANT'S PROPOSED INSTRUCTION DD**

### **"WILLFULLY" – DEFINED**

It is up to you to determine whether the defendant's violation of the FCRA was willful. "Willfully" means that Credit One violated the law either knowingly or with reckless disregard for the fact that their conduct was prohibited by the Fair Credit Reporting Act. Defendant Credit One Bank's conduct is not willful if you find that it diligently and in good faith attempted to fulfill its obligations under the statute.

Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007); Daugherty v. Ocwen Loan Servicing, LLC, Case No. 5:14-cv-24506, ECF No. 177 (S.D.W. Va. May 24, 2016).

Given:          _____
Refused:       _____
Modified:      _____

## **DEFENDANT'S PROPOSED INSTRUCTION EE**

## **SIGNIFICANCE OF INTERNAL PROCEDURES**

In determining whether Credit one acted willfully or negligently, you may consider the existence and nature of Credit One's internal policies and procedures related to the Fair Credit Reporting Act, whether its employees acted in accordance with those policies, whether Credit One enacted mechanisms to ensure that its policies and procedures were followed, and other steps taken by Credit One to ensure compliance with the Fair Credit Reporting Act.

Boggio v. USAA Fed. Sav. Bank, 696 F.3d 611, 620 (6th Cir. 2012); Paul v. Syndicated Office Sys., Inc., 2013 WL 11971288, at *3 (S.D. Fla. Feb. 28, 2013).

Given: _____
Refused: _____
Modified: _____

## DEFENDANT'S PROPOSED INSTRUCTION FF

### "KNOWINGLY" – DEFINED

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, § 157.30 (6th ed. 2011); United States v. Thompson, 2007 WL 2815586, at *2 (D.S.C. Sept. 25, 2007).

Given: _____
Refused: _____
Modified: _____

## **DEFENDANT'S PROPOSED INSTRUCTION GG**

## **"RECKLESS DISREGARD" – DEFINED**

An act or omission is done in "reckless disregard" of the Plaintiff's rights if the action entailed an unjustifiably high risk of harm that was either known to the Defendant or so obvious that it should have been known.  Reckless conduct need not be intentional, premediated, or malicious.  However, recklessness requires substantially more than ordinary carelessness or negligence.  In other words, an entity acts with reckless disregard when it acts, or fails to act, with a conscious lack of concern for the consequences of its actions on the rights of those protected by the law that was violated.

In other words, reckless disregard means the closing of the eyes to or deliberate indifference toward the requirements of a mandatory standard, which standard the defendant should have known and had reason to know at the time of the violation.

Safeco, 551 U.S. at 68, 69; Voisine v. United States, 136 S. Ct. 2272, 2278 (2016) (contrasting "reckless" with "knowing," "intentional," and "purposeful"); 4 L. Sand, J. Siffert, S. Reiss, & N. Batterman, Modern Federal Jury Instructions – Civil ¶ 85.01, p. 85-33 (2015); United States v. Jones, 735 F.2d 785, 790 (4th Cir. 1984).

Given: _____
Refused: _____
Modified: _____

## DEFENDANT'S PROPOSED INSTRUCTION HH

### PREPONDERANCE OF THE EVIDENCE

To "establish by a preponderance" of the evidence means to prove that something is more likely so than it is not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, §170.41 (6th ed. 2011).

Given:            _____
Refused:          _____
Modified:         _____

## DEFENDANT'S PROPOSED INSTRUCTION II

### "PROXIMATE CAUSE" – DEFINED

Given the rulings that I have made, which I have already explained to you, you must determine whether Credit One's violation of the FCRA was the proximate cause of any actual damage to Plaintiff.  "Proximate cause" means that there is a direct relation between Credit One's investigation of Mr. Wood's dispute and the injuries that he asserts.  It is a cause without which the damage would not have occurred.

Moreover, the damages that Mr. Wood may recover may not include any damages that were caused by the inaccuracy of the information itself.  Damages to be recoverable are limited to those, if any, arising from Credit One's investigation of Mr. Wood's disputes.

Bank of Am. Corp. v. City of Miami, Fla., 137 S. Ct. 1296, 1306 (2017); Restatement (Second) of Torts § 431 (1965); Philbin, 101 F.3d at 968-69; Mullins v. Equifax Info. Servs., Case No. 3:05-cv-888-REP (E.D. Va. Apr. 4, 2007); Johnson v. Experian Info. Sol., Inc., Case No. 3:02-cv-523-RLW, Docket No. 50 (E.D. Va. Jan. 22, 2003), aff'd, Johnson v. MBNA America Bank, N.A., 537 F.3d 426, 433 (4th Cir. 2004).

Given:        _____
Refused:      _____
Modified:     _____

## DEFENDANT'S PROPOSED INSTRUCTION JJ

### COMPENSATORY DAMAGES

If you find by a preponderance of the evidence that Credit One's investigation was the proximate cause of harm to Mr. Wood, your duty is to determine the amount of money that reasonably, fairly, and adequately compensates Mr. Wood for the damage you decide resulted from Credit One's failure to comply with the FCRA.

Which elements of damage have been proven by plaintiff is for you to decide based upon evidence and not upon speculation, guess or conjecture.  The amount of money to be awarded for certain of these items of damage, such as mental anguish, cannot be proved in a precise dollar amount.  The law leaves such amount to your sound judgment.

Denial of or delay in granting credit does not constitute damage in and of itself under the law.

Damages for embarrassment, humiliation and mental anguish will not be presumed to have occurred.  Mr. Wood must prove they have occurred, and although he is not obligated to prove the amount with mathematical precision, he must give you sufficient material so that you can make an intelligent estimate.

Mr. Wood must prove that any damages incurred were proximately caused by acts or omissions of Credit One that were not in compliance with its duty to conduct a reasonable investigation under the Fair Credit Reporting Act.  Even if you find that Mr. Wood was damaged, if you find that the damage was not the result of Credit One's noncompliance with the Fair Credit Reporting Act, you find for defendant Credit One.

Even if you find that Mr. Wood suffered damage as a result of the denial or delay in granting credit, if you find that the denial or delay was not caused by Credit One's noncompliance with the Act, then you must award no damages.

Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, § 153.70 (6th ed. 2011) (modified); <u>Johnson</u>, Case No. 3:02-cv-523, Docket No. 50 at 204.

Given:          _____
Refused:        _____
Modified:       _____

## DEFENDANT'S PROPOSED INSTRUCTION KK

## TEMPORAL LIMITATIONS ON DAMAGES

Credit One's duty under the FCRA to conduct a reasonable investigation arose on the date that it received the first dispute notice from a consumer reporting agency that is at issue in this case, which I have found occurred on or about April 28, 2015.  Therefore, you may not award Mr. Wood any damages relating to events that occurred prior to this date.

Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 474 (2d Cir. 1995); Sassaman v. Rushmore Loan Mgmt. Servs., LLC, 2016 WL 7239941, at *2-*3 (M.D. Pa. Dec. 15, 2016); Campbell v. Experian Info. Sols., Inc., 2009 WL 3834125, at *7 (W.D. Mo. Nov. 13, 2009); Reed v. Experian Info. Sols., Inc., 321 F. Supp. 2d 1109, 1115 (D. Minn. 2004).

Given:        _____
Refused:     _____
Modified:    _____

## DEFENDANT'S PROPOSED INSTRUCTION LL

### EMOTIONAL DISTRESS

To recover damages for emotional distress, which includes feelings such as anguish, embarrassment, humiliation, or depression, it is not enough for Mr. Wood to offer vague or conclusory testimony about his mental state. Nor can you award damages to Mr. Wood based on mild frustration, annoyance, brief unhappiness, or mere inconvenience. Rather, Mr. Wood must provide competent evidence of genuine injury to recover for emotional distress.

Carey v. Piphus, 435 U.S. 247, 264 n.20 (1978); Doe v. Chao, 306 F.3d 170, 180 (4th Cir. 2002); Taylor v. Tenant Tracker, Inc., 710 F.3d 824, 829 (8th Cir. 2013) (a "brief episode of frustration and unhappiness" is insufficient); Ruffin-Thompkins v. Experian Info. Sols., Inc., 422 F.3d 603, 610 (7th Cir. 2005); Cousin v. Trans Union Corp., 246 F.3d 359, 371 (5th Cir. 2001); Davenport v. Sallie Mae, Inc., 124 F. Supp. 3d 574, 583 (D. Md. 2015) (neither conclusory allegations nor minor annoyance, angst, or irritation can support an award of emotional distress damages under the FCRA); Rambarran v. Bank of Am., N.A., 609 F. Supp. 2d 1253, 1270 (S.D. Fla. 2009) (mild frustration does not constitute emotional distress under the FCRA).

Given:          _____
Refused:        _____
Modified:       _____

**DEFENDANT'S PROPOSED INSTRUCTION MM**

**STATUTORY DAMAGES**

If you find that Credit One's violation of the FCRA was willful, but you find that the violation did not cause Mr. Wood any actual damage, you must award statutory damages in the amount you believe is reasonable under the circumstances, provided that the amount is at least $100, but no more than $1,000, per violation.

The law does not provide any fixed standard by which you are to determine the amount of statutory damages within this range.  However, when determining the amount of statutory damages you may consider Congress's purpose in enacting the FCRA, the nature of Credit One's violation, and other circumstances relating to Credit One's course of conduct.

You may not award statutory damages for the purpose of punishing Credit One.  Statutory damages are separate from any punitive damages you may choose to award.

Milbourne v. JRK Residential Am., Case No. 3:12-cv-861, ECF No. 257-1 at 40 (E.D. Va. July 22, 2016); Ashby v. Farmers' Ins. Co. of Oregon, 592 F. Supp. 2d 1307, 1318-19 (D. Or. 2008).

Given:          _____
Refused:        _____
Modified:       _____

## DEFENDANT'S PROPOSED INSTRUCTION NN

### PUNITIVE DAMAGES[2]

If you find that Defendant Credit One Bank willfully violated the FCRA, you may, in the exercise of your discretion, add to your award of statutory damages such amount of punitive damages as you unanimously agree is proper in order to punish Credit One for violating the FCRA. You may also award punitive damages to set an example to others not to engage in such conduct.

You are not obligated to award punitive damages. Rather, you have the discretion to decide whether punitive damages are appropriate and what amount, if any, those punitive damages are to be. You may award punitive damages only if you find that Credit One's actions were willful.

Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, § 153.71, § 128.81 (6th ed. 2011) (modified); <u>Mullins v. Equifax Info. Servs.</u>, Case No. 3:05-cv-888-REP; 15 U.S.C. § 1681n.

Given: _____
Refused: _____
Modified: _____

---

[2] Defendant believes that no evidence exists that could sustain an award of punitive damages in this case and therefore objects to any such instruction. However, in the event that the Court overrules Defendant's objection, Defendant has included proposed punitive damages instructions here.

## **DEFENDANT'S PROPOSED INSTRUCTION OO**

### **PUNITIVE DAMAGES**

You should bear in mind not only the condition under which and the purpose for which the law permits an award of punitive damages to be made, but also the requirement of the law that the amount of such punitive damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, bias or prejudice with respect to any party.  You may consider the Defendant's net worth in connection with punitive damages. The net worth of the Defendant is _____.  Its net income for _____, the last year for which figures are available, is _____.

## DEFENDANT'S PROPOSED INSTRUCTION PP

### PUNITIVE DAMAGES

If you find that Defendants' violations of the Fair Credit Reporting Act were willful, and if you choose to assess punitive damages, you may consider the following factors in assessing such an award:

(1) The remedial purpose of the Fair Credit Reporting Act;

(2) The harm to consumers intended to be avoided or corrected by the Act's reasonable investigation requirements;

(3) The profitability of the Defendant's conduct;

(4) The reprehensibility of the Defendant's acts, including the type of injury caused thereby, if any;

(5) The manner in which the Defendant conducted business;

(6) The Defendant's income and net worth; and

(7) The amount needed to punish the Defendant, to affect its future conduct and to deter the Defendant and others like it from violating the FCRA.

Furthermore, under the law there must be a rational relationship between punitive damages, if you elect to award any, and Plaintiff's actual damages.

Daugherty, Case No. 5:14-cv-24506, ECF No. 178; State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003); Continental Trend Resources, Inc. v. OXY USA Inc., 101 F.3d 634, 638 (10th Cir. 1996); Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 20 (1991); Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694, 704 (W. Va. 1990).

Given: _____
Refused: _____
Modified: _____

**<u>DEFENDANT'S PROPOSED INSTRUCTION QQ</u>**

**EFFECT OF INSTRUCTION AS TO DAMAGES**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, §106.02 (6th ed. 2011).

Given:          _____
Refused:        _____
Modified:       _____

## DEFENDANT'S PROPOSED INSTRUCTION RR

### DUTY TO DELIBERATE

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, §106.02 (6th ed. 2011).

Given:          _____
Refused:        _____
Modified:       _____

## DEFENDANT'S PROPOSED INSTRUCTION SS

### ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in Court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom security officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. The form reads:

**[READ FORM]**

You will note that each of the questions calls for a "Yes" or "No" answer.  The answer to each question must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided opposite each question.  As you will note from the wording of the questions, it may not be necessary for you to consider every question.

When each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the courtroom security officer that you are ready to return to the courtroom.

Kevin F. O'Malley et al., <u>Federal Jury Practice and Instructions</u>, § 103.50 (6th ed. 2011).

Given:        _____
Refused:      _____
Modified:     _____

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed via the

Court's ECF system on December 11, 2017, which will then send a notification of electronic filing

(NEF) to the attorneys of record.

<div style="margin-left: 50%;">

_____/s/_____

Bryan A. Fratkin (VSB No. 38933)
bfratkin@mcguirewoods.com
Heidi E. Siegmund (VSB No. 89569)
hsiegmund@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA  23219
(804) 775-1000
Facsimile: (804) 775-1061
*Counsel for Defendant*

</div>

96537901_2