UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division


DAVID WILLIAM WOOD,

        Plaintiff

v.                                        Civil Action No. 3:15-cv-00594-MHL

CREDIT ONE BANK, N.A.,

        Defendant

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

COME NOW the Plaintiff, David William Wood, ("Mr. Wood"), by counsel, and hereby submits the following proposed jury instructions.

Plaintiff has attached jury instructions provided by this Court in previous Fair Credit Reporting Act cases, as well as those from the last jury trial Plaintiff's counsel completed in a 1681s-2(b) furnisher case, *Brim v. Midland Funding, LLC*, before the Northern District of Alabama.  He has also attached copies of the most recent FCRA jury instructions provided by this Court (Hon. Robert Payne), *Thomas v. FTS*, a case that settled after the close of evidence, but before a verdict.

The transcripts or instructions are attached as follows:  (1) *Johnson v. MBNA*, Civil Action No. 3:02CV523 (E.D.Va.) aff'd *Johnson v. MBNA* 357 F.3d 426 (4th Cir. 2004), Williams, J. presiding; (2) *Saunders v. BB&T*, Civil Action No. 3:05CV731 (E.D.Va.) Dohnal, J. presiding; (3) *Mullins v. Equifax*, Civil Action No. 3:05CV888 (E.D.Va.) Payne, J. presiding; (4) Transcript of Jury Instructions, *Brim v. Midland Credit Mgmt., Inc*., No. 5:10-cv-369 (N.D. Ala.); and (5) *Thomas v. FTS USA, LLC et al*., No. 3:13-cv-825 (as filed in *Milbourne v. JRK Residential Am*., No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016)).

PLAINTIFF'S PROPOSED INSTRUCTION NO:  1

The Plaintiff, Mr. Wood, alleges that Defendant Credit One Bank violated the Fair Credit Reporting Act ("FCRA") because it failed to conduct a reasonable investigation after receiving notice that Mr. Wood disputed the consumer information Credit One Bank had reported about him to the credit reporting agencies, Equifax, Trans Union and Experian.  Mr. Wood claims that after receiving disputes directly from him as well as all three credit reporting agencies, Credit One failed to review all of the information provided by him and by the credit reporting agencies, failed to reasonably investigate his disputes, and failed to accurately report back to the agencies the result of its investigation.

Every time an individual disputes the accuracy or completeness of any item of information in his credit file, the FCRA requires a Furnisher such as Credit One to conduct a reasonable investigation of that dispute and to accurately report the results of such an investigation.

15 U.S.C. §1681s-2(b); This instruction is similar to one given by Judge Williams in the United States District Court, Eastern District of Virginia, Richmond Division in Slater/Johnson v. MBNA, 3:03cv1235-RLW, and upheld by the Fourth Circuit on appeal. 357 F.3d 426 (4th Cir. 2004). For instance, the Plaintiff added the word "accurately" and summarized the case to conform with the facts presented. (Like here, Johnson was about "ownership" of the account).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 2

STATUTE – 15 U.S.C. § 1681s-2(b)

TITLE 15, UNITED STATES CODE, SECTION 1681s-2(b) PROVIDES, IN PERTINENT PART:

> After receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>
> (A)    Conduct a reasonable investigation with respect to the disputed information;
>
> (B)    Review all relevant information provided by the consumer reporting agency;
>
> (C)    Report the results of the investigation to the consumer reporting agency;
>
> (D)    If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, based on the results of the investigation, the furnisher must promptly--
>
> > (i) Modify the item of information;
> >
> > (ii) Delete that item of information; or
> >
> > (iii) Permanently block the reporting of the information.

The Court has already determined that defendant violated the above section of the FCRA as a matter of law because Credit One failed to conduct a reasonable investigation of Mr. Wood's disputes that the Credit One account in his credit report did not belong to him.  The Court has also found that Defendant violated this section of the FCRA as a matter of law because it failed to accurately report to the credit reporting agencies that the Account was disputed, after processing Mr. Wood's disputes.

15 U.S.C. § 1681s-2(b); ECF Nos. 86, 89, 90 (summary judgment opinions); *Thomas v. FTS USA, LLC et al.*, No. 3:13-cv-825 (as filed in *Milbourne v. JRK Residential Am.*, No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 3

Credit One reported that Mr. Wood was contractually responsible for the credit card accounts in dispute here. You are instructed that Credit One was inaccurate in reporting that Mr. Wood was contractually responsible for this account.

Mullins v. Equifax Info. Servs. LLC., No. 3:05CV888 (E.D.Va. Aug. 27, 2007) (Jury Instruction No. 16); Wood v. Credit One Bank, N.A., No. 3:15CV594-MHL, ECF 86 & 90.

PLAINTIFF'S PROPOSED INSTRUCTION NO. 4

Because Credit One reported credit information to one or more credit reporting agencies, it is a "Furnisher."

15 U.S.C. § 1681s-2(a), (b)

PLAINTIFF'S PROPOSED INSTRUCTION NO. 5

Credit One was required to conduct a reasonable investigation. An investigation is defined as a detailed inquiry or systematic examination. The plain meaning of investigation requires "some degree of careful inquiry" by a furnisher of credit information. A superficial, cursory, or unreasonable investigation does not satisfy the Fair Credit Reporting Act's requirements. After receiving all of the consumer's disputes through a consumer reporting agency, the creditor may not furnish any information relating to a consumer to any consumer reporting agency if the creditor knows the information is inaccurate.

I have already determined that Credit One violated this requirement of the Fair Credit Reporting Act as a matter of law when it failed to conduct a reasonable investigation of Mr. Wood's six disputes through Experian, Equifax, and Trans Union.

Johnson v. MBNA America Bank, NA, 357 F.3d 426 (4th Cir. 2004); "Investigation," is defined as: "[A] detailed inquiry or systematic examination." AM. HERITAGE DICTIONARY 920 (4th ed. 2000); WEBSTER'S THIRD NEW INT'L DICTIONARY 1189 (1981) (defining "investigation" as "a searching inquiry"); Saunders v. B.B.T (Jury Charge, Ex. 1); Brim v. Midland Credit Mgmt., No. 5:10cv369-IJP (N.D. Ala.) (Jury Charge, Ex. 2); Wood v. Credit One Bank, Summary Judgment Orders, ECF No. 86 and 90.

PLAINTIFF'S PROPOSED INSTRUCTION NO.  6

The requirements in the Fair Credit Reporting Act for a furnisher who receives notice of a dispute from a credit reporting agency include notifying the consumer reporting agency if the consumer has made a bona fide dispute to the furnisher of the account.

I have already determined that Credit One violated this requirement of the Fair Credit Reporting Act as a matter of law when it failed to notify Experian, Equifax, and Trans Union that Plaintiff had disputed the account in responding to the credit reporting agencies' notices of dispute.

15 U.S.C. § 1681s-2(a), (b); Saunders v. Branch Banking & Trust Co. of VA, 526 F.3d 142, 145 (4th Cir. 2008); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1151 (9th Cir. 2009); Seamans v. Temple Univ., 744 F.3d 853, 856 (3d Cir. 2014).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 7

Each separate and distinct violation of the FCRA is a separate and distinct tort.

Hyde v. Hibernia Nat'l Bank of Jefferson Parish, 861 F.2d 446 (5th Cir. 1988), cert. denied, Credit Bureau Services - New Orleans v. Hyde, 491 U.S. 910; James Young v. Equifax Credit Info. Servs., 294 F.3d 631 (5th Cir. 2002); Whitesides v. Equifax, 125 F.Supp.2d 807 and 813 (W.D. La. 2000); Parker v. Parker, 124 F.Supp.2d 1216 (M.D. Ala. 2000); Jaramillo v. Experian, 155 F.Supp.2d 356, 2001 U.S. Dist. Lexis 6745 (E.D. Pa. 2001).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 8

Accuracy and completeness are sometimes a defense to a Plaintiff's claim that a Defendant failed to conduct a reasonable investigation.

However, in this case, I am instructing you that Credit One reported inaccurate and incomplete information regarding Plaintiff upon its receipt of the notice of Plaintiff's disputes via ACDV through the consumer reporting agencies because the Credit One account did not belong to him.  Therefore, you will not need to decide this element of the claim.

Mullins v. Equifax Info. Servs., LLC, 2007 WL 2471080, at *4 (E.D. Va. Aug. 27, 2007) (Payne, J.) ("TU objects to the Court's jury instruction 16, which instructed that inaccuracy was established. The Court noted at the instructions hearing that instruction 16 was based on its pretrial rulings, and indeed, the Court ruled in the final pretrial conference that inaccuracy had been established. The Court rejected TU's argument at the instructions hearing, and finds no reason to change its ruling here.") (internal citations omitted).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 9

I have already determined that the following facts are true and established:

I have already determined that the following facts are true and established:

1.   Credit One's reporting that the Account belonged to Mr. Wood was inaccurate.

2.   Credit One failed to conduct a reasonable investigation of Mr. Wood's disputes.

3.   Credit One's investigations of his disputes were cursory. Specifically, the undisputed evidence shows that Wood submitted six disputes via ACDVs of the Account in fewer than three months.

4.   Credit One received six Automated Consumer Dispute Verifications ("ACDVs") from the CRAs regarding the Account. Each of the disputes was submitted with a dispute code of "103: Claims true identity fraud, account fraudulently opened. Provide or confirm complete ID."

5.   In response to those disputes, Credit One did nothing more than verify each time that Wood's personal information on the ACDVs matched his personal information on the Account, and, three of the six times, Credit One merely compared that personal information to addresses associated with Wood on Accurint.

6.   Credit One spends as few as five and as many as fifteen minutes investigating an individual dispute, and that each investigation of Wood's ACDVs cost Credit One approximately six or seven dollars. Each dispute agent processes between thirty and one hundred disputes a day.

7.   Credit One's dispute agents do not use a telephone to investigate ACDV disputes. Credit One never calls a cardholder who claims true identity theft.

8.   Credit One failed to report the results of the investigation accurately to the Consumer Reporting Agencies ("CRAs") because it failed to use the "XB" Compliance Condition Code ("CCC") to state "Account information disputed by consumer under the Fair Credit Reporting Act."

10.   In the span of seventy-four days, Credit One received six separate ACDVs—each alleging fraud—regarding the Account, and it conducted six separate investigations. After each investigation, Credit One reported a CCC of XH, meaning that the Account had previously been in dispute, but the dispute was now resolved. In Wood's situation, that code was materially misleading. Wood continued to dispute that the Account was his, and he continued to dispute the results of Credit One's investigations—as evidenced by the fact that he continued to submit ACDVs. By reporting a CCC of XH when Wood was continuing to dispute the accuracy of Credit One's reporting, Credit One "create[d] a materially misleading impression," that the Account was not in dispute.

11.   Mr. Wood contacted Credit One on the phone more than twenty-five times and sent them at least five letters.

12.   When a consumer disagrees with the outcome of an investigation completed by Credit One, Credit One never reports that circumstance to the CRAs, and it therefore that dispute is not included on the consumer's credit report.

Wood v. Credit One Bank, ECF. 89 & 90.

PLAINTIFF'S PROPOSED INSTRUCTION NO. 10

There is no other liable party in this civil action, only the Defendant Credit One Bank. You may not assume that any other person about whom you may have heard testimony has to compensate the Plaintiff in this civil action for any harm that you found was substantially caused by the Defendant's conduct.

See Texas Instruments Inc. v. Radcliff Material, Inc., 451 U.S. 630, 638 (1981) (no set-off or contribution under federal statutes unless statute itself or federal common law so provides); Nw. Airlines, Inc. v. Transport Workers Union of Am., AFL-CIO, 451 U.S. 77, 90–91 (1981); FED. R. CIV. P. 408. See also McMillan v. Equifax Credit Info. Servs., Inc., 153 F. Supp. 2d 129, 132 (D. Conn. 2001); Irwin v. Mascott, 94 F. Supp. 2d 1052, 1058 (N.D. Cal. 2000); Conner v. Howe, 344 F. Supp. 2d 1164 (S.D. Ind. 2004); Kerr v. Wanderor & Wanderor, 211 F.R.D. 625, 632 (D. Nev. 2002); Kay v. First Continental Trading, Inc., 966 F. Supp. 753, 754–55 (N.D. Ill. 1997). Betts v. Equifax Credit Info. Servs., 245 F. Supp. 2d 1130, 1136 (W.D. Wash. 2003); Agosta v. Inovision, Inc., Civ. No. 02-806 (E.D. Pa. June 12, 2003).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 11

Plaintiff is entitled to recover his actual damages caused by Defendant's failure to comply with the Fair Credit Reporting Act. It is your duty to determine the amount of money that reasonably, fairly and adequately compensates him for the damage that you decide resulted from Defendant's failure to comply.

15 U.S.C. § 1681n(a)(1)(A) & 1681o(a)(1).

PLAINTIFF'S PROPOSED INSTRUCTION NO.  12

Actual damages include recovery for any out-of-pocket expenses and economic losses and also damages for personal humiliation, embarrassment, mental and emotional distress, anxiety, and frustration. There is no fixed standard or measure in the case of intangible items such as humiliation, mental anguish and emotional distress. You must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

An FCRA plaintiff need not state his emotional damages with particularity. Humiliation and embarrassment are cognizable injuries under the FCRA; and there is no requirement that a plaintiff provide corroborating evidence or medical testimony in support of an award of damages. A plaintiff may recover for humiliation and embarrassment even if she has incurred no out-of-pocket expenses.

Mullins v.  Equifax Info. Servs. LLC., No.  3:05CV888 (E.D.Va. Aug. 27, 2007) (Jury Instruction No. 26, Ex. 2); Zimmerman v. Bank of Am., 1:07CV294, 2009 WL 418606 (N.D. Miss. Feb. 19, 2009); Drew v. Equifax Info. Servs., LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010); Dixon-Rollins v. Experian Info. Sols., Inc., CIV.A. 09-0646, 2010 WL 4939441 (E.D. Pa. Sept. 23, 2010); Philbin v. Trans Union Corp., 101 F.3d 957, 963 n. 3 (3d. Cir.1996); Dalton v. Capital Assoc. Indus., Inc., 257 F.3d 409, 419 (4th Cir. 2001); Guimond v. Trans Union Credit Corp., 45 F.3d 1329, 1333 (9th Cir. 1995); Smith v. Law Office of Mitchell N. Kay, 124 B.R. 182, 185 (D. Del. 1990); Johnson v. Dep't of Treasury, 700 F.2d 971, 985 fn. 39 (5th Cir. 1983); Bryant v. TRW, Inc., 487 F. Supp. 1234, 1239 n.7 (E.D. Mich. 1980); aff'd 689 F.2d. 72 (6th Cir. 1982); Jones v. Credit Bureau of Huntington, Inc., 184 W. Va. 112, 399 S.E. 2d 694, 699 fn. 5 (1990).

PLAINTIFF'S PROPOSED INSTRUCTION NO.  13

Proof of an outright denial of credit is not necessary in order for you to award actual damages under the FCRA.

Brim v. Midland Credit Mgmt. (Jury Charge, Ex. 2); Cortez v. Trans Union, LLC, 617 F.3d 688, 719 (3d Cir. 2010); Bach v. First Union Nat'l Bank, 149 F. App'x 354, 360, 2005 WL 2009272, at *6 (6th Cir. 2005); Guimond v. Trans Union Credit Corp., 45 F.3d 1329, 1333 (9th Cir. 1995).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 14

For actions brought under the FCRA, harm or damage is considered caused by an act, or a failure to act, whenever you can infer from the evidence that the act or omission was a substantial part or factor in bringing about or actually causing the harm or damage. It is not necessary that the act was the sole or primary cause of the harm.

See Philbin v. Midland Corp., 101 F.3d 957, 966 (3d Cir. 1996); DEVITT, BLACKMAR & WOLFF, FEDERAL JURY PRACTICE AND INSTRUCTIONS, §§ 80.18 and 92.06; Levine v. World Fin. Network Nat'l Bank, 437 F.3d 1118, 1124 (11th Cir. 2006).

16

PLAINTIFF'S PROPOSED INSTRUCTION NO.  15

If you find that Defendant's violations of the FCRA were willful, and also find that the Plaintiff suffered no actual damages or actual damages of less than one hundred dollars, then you must award the Plaintiff statutory damages of at least one hundred dollars, but no more than one thousand dollars. These damages are separate from any punitive damages you may award.

15 U.S.C. § 1681n(a)(1)(A); Dreher v. Experian Info. Sols., Inc., 2014 WL 2800766, at *3 (E.D. Va. June 19, 2014)

PLAINTIFF'S PROPOSED INSTRUCTION NO. 16

Statutory damages

The law does not provide any fixed standard by which you are to determine the amount of statutory damages within this range.   However, when determining the amount of statutory damages per class member, you may consider congress's purposes in enacting the FCRA and, more specifically, sections 1681b(b)(2) and 1681b(b)(3), the nature of defendants' violations, and other circumstances relating to defendants' course of conduct.

You may not award statutory damages for the purpose of punishing the defendants.  Statutory damages are separate from any punitive damages you may choose to award.

Thomas v. FTS USA, LLC et al., No. 3:13-cv-825 (as filed in Milbourne v. JRK Residential Am., No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016); Ashby v. Farmers' Ins. Co. of Oregon, 592 F. Supp. 2d 1307, 1318-19 (D. Or. 2008); Harris v. Mexican Specialty Foods, Inc., 564 F.3d 1301, 1313 (11th Cir. 2009) (confirming that the purpose of statutory damages under the FCRA is neither punitive nor compensatory).

18

PLAINTIFF'S PROPOSED INSTRUCTION NO. 17

Purposes of the FCRA

The purposes of the FCRA as a whole are to improve the accuracy of consumer reports, ensure the fairness of credit reporting processes, and protect the confidentiality of consumers' personal information.

15 U.S.C. § 1681a; Thomas v. FTS USA, LLC et al., No. 3:13-cv-825 (as filed in Milbourne v. JRK Residential Am., No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016); Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 127 S.Ct. 2201, 2205–06, 167 L.Ed.2d 1045 (2007) (citing 84 Stat. 1128, 15 U.S.C. § 1681); Saunders v. Branch Banking And Tr. Co. Of VA, 526 F.3d 142, 147 (4th Cir. 2008).

PLAINTIFF'S PROPOSED INSTRUCTION NO.  18

In addition to actual damages or statutory damages, Plaintiff is claiming punitive damages in this case. Punitive damages may be awarded if you find that Defendant willfully violated the FCRA. Plaintiff has the burden of proving punitive damages by a preponderance of the evidence.

Willfully means that Credit One knowingly performed an act that violated the FCRA or that Defendant acted in "reckless disregard" of any consumer right set forth in the FCRA. Reckless disregard means an action entailing an unjustifiably high risk of harm that is either known or so obvious that it should have been known. A defendant may also willfully violate the FCRA by adopting a policy with reckless disregard of whether it contravenes a plaintiff's rights under the FCRA.

Note that reckless disregard need not be knowing, intentional, premeditated or malicious. The Plaintiff here does not need to show that Credit One deliberately violated the law, only that it acted with reckless disregard for his consumer rights.

15 U.S.C. § 1681n; see also Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 57-68 (2007); Dreher v. Experian Info. Sols., Inc., No. 3:11-CV-00624-JAG, 2013 WL 2389878, at *1 (E.D. Va. May 30, 2013); Levine v. World Fin. Network Nat'l Bank, 554 F.3d 1314, 1318 (11th Cir. 2009); Cortez v. Trans Union, LLC, 617 F.3d 688, 721-23 (3d Cir. 2010).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 19

If you find that Defendant violated the FCRA and that such act was willful, you may award punitive damages.

You should bear in mind, however, the purpose from which the law permits an award of punitive damages but also the requirement of the law that the amount of such punitive damages must be fixed with calm discretion and sound reasoning. It must never be awarded or fixed in amount of any bias or prejudice with respect to any parties.

You may consider the Defendant's net worth in connection with the punitive damages and also under the law there should be a rational relationship between punitive damages, if you elect to award them, and Plaintiff's actual damages.

If you choose to assess punitive damages against a Defendant under the Fair Credit Reporting Act, you may consider the following factors in assessing the award: (1) the remedial purpose of the Fair Credit Reporting Act; (2) the harm to consumers intended to be avoided or corrected by this Act's requirements; (3) The length of time before the defendant corrected its mistake; (4) the degree of notice provided to the Defendant about its mistake; (5) Defendant's awareness of the mistake; and (6) The Defendant's income and net worth.

Saunders v. B.B.T. (Jury Charge, Ex. 1); See also Gertz v. Welch, 418 U.S. 323, 350 (1974); Kaplan v. Harco Nat. Ins. Co., 708 So. 2d 89, 95 (Miss. App. 1998); Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694 (W. Va. 1990); Pinner v. Schmidt, 805 F.2d 1258 (5th Cir. 1986); Pac. Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 19 (1991) (upholding trial court's jury instructions on state tort claim where punitive damages were "confined to deterrence and retribution"); Dalton, 257 F.3d at 418; Diprinzio v. MBNA Am. Bank, N.A., 2005 WL 2039175 (E.D. Pa. 2005).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 20

"Willfully" – defined

It is up to you to determine whether the defendants' violations were willful. "Willfully" means that defendants violated the law knowingly or with reckless disregard for the fact that their conduct was prohibited by the Fair Credit Reporting Act.

Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007); Thomas v. FTS USA, LLC et al., No. 3:13-cv-825 (as filed in Milbourne v. JRK Residential Am., No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 21

"Knowingly" – defined

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Thomas v. FTS USA, LLC et al., No. 3:13-cv-825 (as filed in Milbourne v. JRK Residential Am., No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 22

"Reckless disregard" – defined

An act or omission is done in "reckless disregard" of the plaintiffs' rights if the action entailed an unjustifiably high risk of harm that was either known to the defendants or so obvious that it should have been known.  Reckless conduct need not be intentional, premeditated, or malicious.  However, recklessness requires substantially more than ordinary carelessness or indifference.  In other words, an employer acts with reckless disregard when it acts, or fails to act, with a conscious lack of concern for the consequences of its actions on the rights of those protected by the law they are found to have violated.

Thomas v. FTS USA, LLC et al., No. 3:13-cv-825 (as filed in Milbourne v. JRK Residential Am., No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016); Safeco, 551 U.S. at 68, 69; Voisine v. United States, 136 S. Ct. 2272, 2278 (2016) (contrasting "reckless" with "knowing," "intentional," and "purposeful"); 4 L. Sand, J. Siffert, S. Reiss, & N. Batterman, Modern Federal Jury Instructions – Civil ¶ 85.01, p. 85-33 (2015).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 23

In assessing the issue of notice to Credit One, you are instructed that Credit One was on notice of and aware of the decisions of the United States Court of Appeal in Johnson v. MBNA and Saunders v. B.B.&T. since at least 2007.

In the Johnson decision, the Court of Appeals stated that when a furnisher of credit account information such as Credit One receives a consumer's disputes through the credit reporting agency, it much conduction a "reasonable investigation." Such an investigation requires a degree of "searching" and "careful" inquiry by Credit One Bank into the Plaintiff's specific dispute. A superficial inquiry is unreasonable.

In the Saunders decision, the Court of Appeals held that Congress clearly intended furnishers to review reports not only for inaccuracies in the information reported but also for omissions that render the reported information misleading and that a furnisher's decision to report a disputed debt without any mention of a dispute was misleading in such a way and to such an extent that it can be expected to have an adverse effect.

Mullins v. Equifax Info. Servs. LLC., No. 3:05CV888 (E.D.Va. Aug. 27, 2007); Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007); Johnson v. MBNA America Bank, NA, 357 F.3d 426 (4th Cir. 2004); Saunders v. Branch Banking And Tr. Co. Of VA, 526 F.3d 142, 148 (4th Cir. 2008).

PLAINITFF'S PROPOSED INSTRUCTION NO. 24

If you find that defendants willfully violated the FCRA, you may, in the exercise of your discretion, add to your award of Actual damages or statutory damages such amount of punitive damages as you unanimously agree is proper in order to punish defendants for violating the FCRA.  You may also award punitive damages to set an example to others not to engage in such conduct.

You are not obligated to award punitive damages.  Rather, you have the discretion to decide whether punitive damages are appropriate and what amount, if any, those punitive damages are to be.

3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 153:71 (6th ed. 2011); 3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 128:81 (6th ed. 2011); Mullins v. Equifax Info. Servs., Civ. No. 3:05-cv-888-REP.

PLAINTIFF'S PROPOSED INSTRUCTION NO. 25

You should bear in mind not only the condition under which and the purpose for which the law permits an award of punitive damages to be made, but also the requirement of the law that the amount of such punitive damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount because of any sympathy, bias or prejudice with respect to any party.  You may consider defendants' net worth in connection with punitive damages.  The net worth of Defendant is _____.  Its net income for ____, the last year for which figures are available, is _____.

Mullins v.  Equifax Info. Servs. LLC., No.  3:05CV888 (E.D.Va. Aug. 27, 2007).

PLAINTIFF'S PROPOSED INSTRUCTION NO.  26

To "establish by a preponderance of the evidence" means to prove something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force pared with that opposed to it, has more convincing force and produces in your minds  belief that what is sought to be proved is more likely true than not true. This rule does not of  course require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

Thomas v. FTS USA, LLC et al., No. 3:13-cv-825 (as filed in Milbourne v. JRK Residential Am., No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016); DEVITT,  BLACKMAR & WOLFF,  FEDERAL  JURY  PRACTICE  AND  INSTRUCTIONS,  §  72.01 (modified).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 27

Direct evidence -- circumstantial evidence

There are two types of evidence from which you may find the truth as to the facts of a case -- direct and circumstantial evidence.  Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness; circumstantial evidence is proof of a chain of facts and circumstances indicating a fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence in the case.

Thomas v. FTS USA, LLC et al., No. 3:13-cv-825 (as filed in Milbourne v. JRK Residential Am., No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016); Based on 1 Devitt and Blackmar, Federal Jury Practice and Instructions, § 15.02 (3rd ed. 1977).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 28

Consideration of the evidence -- corporate party's agents and employees

When a corporation is involved, of course, it may act only through natural persons as its agents or employees, and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

Thomas v. FTS USA, LLC et al., No. 3:13-cv-825 (as filed in Milbourne v. JRK Residential Am., No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016); 3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 71.09 (4th ed. 1987).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 29

Credibility of witnesses -- inconsistent statement

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.   The earlier inconsistent or contradictory statements of a witness not a party to the action are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

Thomas v. FTS USA, LLC et al., No. 3:13-cv-825 (as filed in Milbourne v. JRK Residential Am., No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016).

31

PLAINTIFF'S PROPOSED INSTRUCTION NO. 30

Depositions – generally

   During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Thomas v. FTS USA, LLC et al., No. 3:13-cv-825 (as filed in Milbourne v. JRK Residential Am., No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 31

30(b)(6) deposition – defined

You will hear testimony from a witness deposition that was taken under a rule, 30(b)(6).  The testimony elicited at the deposition represents the knowledge of the corporation, not just the individual witness.  The witness speaks on behalf of the corporation because he was chosen by the corporation as its spokesperson on particular topics.  The witness was obligated to become familiar with any knowledge in the corporation concerning the topics on which he was designated to testify.

Thomas v. FTS USA, LLC et al., No. 3:13-cv-825 (as filed in Milbourne v. JRK Residential Am., No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016),

PLAINTIFF'S PROPOSED INSTRUCTION NO. 32

Interrogatories

    Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party.  A party is bound by its sworn answers.  By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers.  The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

Thomas v. FTS USA, LLC et al., No. 3:13-cv-825 (as filed in Milbourne v. JRK Residential Am., No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 33

Evidence in case-stipulations-judicial notice-inferences permitted

You are to consider only the evidence in the case.  The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which have been admitted or stipulated.

But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as you feel are justified in the light of experience.

When the attorneys on both sides stipulate or agree as to the existence of a fact, however, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

Statements, arguments, questions and objections of counsel are not evidence in the case. Any evidence as to which an objection was sustained by the court, and any evidence ordered stricken by the court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.


Thomas v. FTS USA, LLC et al., No. 3:13-cv-825 (as filed in Milbourne v. JRK Residential Am., No. 3:12-cv-861-REP, Doc. 257-1 (E.D. Va. July 22, 2016); Based on 1 Devitt and Blackmar, Federal Jury Practice and Instructions, § 11.11 (3rd ed. 1977), and 3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 71.08 (4th ed. 1987).

Respectfully Submitted,

DAVID W. WOOD,

By: _____/s/_____
Leonard A. Bennett, VSB# 37523
Susan M. Rotkis, VSB # 40693
Craig C. Marchiando, VSB #89736
Consumer Litigation Associates, P.C.
763 J Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
757-930-3660 - Telephone
757-930-3662 - Fax
Email: lenbennett@clalegal.com
        srotkis@clalegal.com
        craig@clalegal.com

Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all Counsel of Record.

_____/s/_____
Leonard A. Bennett, VSB#37523
Consumer Litigation Associates, P.C.
763 J Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
757-930-3660 - Telephone
757-930-3662 - Fax
Email: lenbennett@clalegal.com