# EXHIBIT A

JOHNSON V. MBNA NATIONAL BANK, N.A., CIV. ACTION NO. 3:02CV523 (E.D.VA.), aff'd 357 F.3d. 426 (4th Cir. 2004).
TRIAL TRANSCRIPT CONTAINING INSTRUCTIONS TO THE JURY

18  here, MBNA is going to leave, go back to Delaware,

19  and continue to do this again.

20      If you can come up with any other way other

21  than making them pay a bill, if you can come with

22  any other way to make MBNA change its policy so it

23  doesn't happen to other consumers, so it doesn't

24  happen to my client, make them come up with a

25  different means of investigating, then more power

                           194

1   to you. And please, that is your job. But the

2   only thing I know of, the only thing that will

3   wake MBNA up and make someone redraft its policy

4   instead of defending a law suit out in Vermont or

5   Indiana somewhere, deal with these local lawyers

6   like me, the only thing that will do it is to hit

7   them.

8       You will be instructed that this company is

9   worth a lot. It is worth so much that I can't

10  with a straight face, and given my belief about

11  some things like the McDonald's verdict that gives

12  my profession a bad name, with a straight face

13  even ask for what I would like to say. I would

14  say one percent, a hiccup to the company, but one

15  percent is astronomical. One percent would be

16  $77 million. So then one tenth of a percent,

17  7.7 million, or one one hundredth of a percent,

18  which might not even make a footnote in the annual

19   report, of $770,000. $770,000, one one hundredth

20   of a percent should make someone in Delaware

21   curious about what happened down here in Richmond,

22   and should make someone want to look at the

23   records and protect the credit report, not just of

24   Mrs. Johnson, but of anyone else that is out

25   there.

195

1    You saw how many jury panel members had MBNA

2    cards. I don't recall, some of you may have had

3    MBNA cards. But if it happened to anyone, you can

4    stop it today. We have asked for actual damages.

5    The actual damages are at your discretion. We

6    think the mortgage amount is 81 hundred. I would

7    ask for ten times that in the amount of emotional

8    and mental anguish and humiliation and the delay

9    of her inability to get out of the house. But we

10   would ask you to set an example or a punish,

11   damage number that makes this company pay

12   attention to us here in Richmond.

13       MR. GETCHELL: Your Honor, could I have an

14   admonition to the jury these repeated references

15   to Delaware and out-of-state are improper.

16       THE COURT: I will cover it in my charge.

17       MR. BENNETT: Thank you very much.

18       THE COURT: Ladies and gentlemen, now that

19   you have heard the evidence and argument of

20   counsel, it becomes my responsibility to instruct

21   you on the law applicable to this case. I give a

22   general charge in all civil cases, and then after

23   I give a general charge, I will instruct you on

24   the substantive law that governs this case.

25       On the assumption all you of you aren't so

196

1    gifted you can remember verbatim what the

2    substantive law is, you will have a copy of that

3    to take back in the jury room, and I will give you

4    further guidance as we go along.

5        You aren't to single out any one of my

6    instructions as being controlling, but you are to

7    consider them as a whole. And irrespective of any

8    thoughts that you might have as to what the law

9    ought to be, it would be a violation of your oath

10   if you disregarded what The Court had to say and

11   applied some law that you thought would be more

12   appropriate.

13       You have been chosen as jurors, and you took

14   an oath that you would try the issues that have

15   been raised by the pleadings and the evidence, and

16   the public expects you to do your duty without

17   bias or prejudice and to render justice in the

18   case between these litigants.

19       Also, under our system all entities that

20   appear in a court of law are entitled to be

21   treated equally, and it doesn't make any

22  difference whether it is a corporation that is

23  organized in Delaware or Virginia, or it is an

24  individual against a corporation or an individual

25  against a partnership. They are all entitled to

197

1   the same even-handed justice at the hands of a

2   jury.

3       The burden is on the plaintiff in a civil

4   action such as this to prove every essential

5   element of her claim by a preponderance of the

6   evidence. Now, preponderance of the evidence is a

7   quantitative concept. All of you have seen the

8   blind lady holding the scales of justice. As she

9   holds those scales they are always in perfect

10  balance. And whenever someone has the burden of

11  proving something by preponderance of the

12  evidence, it means that they have, their evidence

13  tilts that perfect balance every so slightly in

14  their favor. And that is a preponderance.

15      There are generally speaking two types of

16  evidence from which a jury may properly find the

17  truth as to the facts of the case. One is direct

18  evidence, such as the testimony of an eye witness.

19  And the other is independent or circumstantial

20  evidence, which is the proof of a chain of

21  circumstances pointing to the existence or non

22  existence of certain facts. As a general rule,

23  the law makes no distinction between direct and

24  circumstantial evidence. And, ladies and

25  gentlemen, bear in mind that the system recognizes

198

1  that the eight of you bring to the jury box your

2  accumulated common sense of a lifetime, and we

3  expect you to use your common sense in reaching a

4  decision in this case, just as you do on a daily

5  basis in making other important decisions.

6      Exhibits are considered direct forms of

7  evidence. Arguments and statements of counsel are

8  not evidence, unless the attorneys enter into a

9  stipulation, and if they enter into a stipulation

10  you can accept that stipulation as a fact in the

11  case.

12      From time to time in their arguments the

13  lawyers may have stated what law was applicable to

14  the case. If what they made reference to differs

15  from what The Court said, disregard what they had

16  to say altogether and literally apply the law as

17  stated by The Court. Also, the lawyers from time

18  to time may have made reference to what the

19  witnesses testified to. If their recollection

20  differs from yours, then ignore entirely what they

21  said and make your own determination. But we have

22  so much confidence in the jury system that we rely

23  a hundred percent upon you to make a determination

24  of the facts in the case.

25    You as jurors are the sole judges of the
199
1     credibility of the witnesses and the weight that
2     their testimony deserves. You may be guided by
3     the appearance and conduct of the witness or by
4     the manner in which the witness testifies, or by
5     the character of the testimony given. You should
6     carefully scrutinize all the testimony, the
7     circumstances under which each witness has
8     testified, and every matter in evidence which
9     tends to show whether a witness is worthy of
10    belief. Consider each witness' intelligence,
11    motive, and state of mind and demeanor and manner
12    while on the stand. Consider the witness' ability
13    to observe the matter to which the witness
14    testifies, and whether the witness impresses you
15    as having an accurate recollection of these
16    matters. Consider, also, any relation each
17    witness may bear to each side of the case, the
18    manner in which each witness might be affected by
19    your verdict, and the extent to which, if at all,
20    each witness is either supported or contradicted
21    by other evidence in the case.
22        Inconsistencies or discrepancies in the
23    testimony of a witness or between the testimony of
24    different witnesses may or may not cause you to
25    discredit such testimony. Two or more persons
200

1  witnessing an incident or transaction may see or

2  hear it differently. And innocent

3  misrecollection, like failure of recollection, is

4  not an uncommon experience. In weighing the

5  effect of the discrepancy, always consider whether

6  it pertains to matters of importance or an

7  unimportant detail and whether the discrepancy

8  results from innocent error or intentional

9  falsehood. After making up your own judgment, you

10  will give the testimony of each witness such

11  weight, if any, as you think it deserves.

12      On occasion it was suggested that a witness

13  may have given a prior inconsistent statement when

14  the witness' deposition was taken in a prior

15  situation. If such is shown, it could be

16  considered for purposes of impeaching the witness'

17  testimony. Before discounting a witness'

18  testimony for this reason you ought to consider

19  whether the inconsistency was of a minor,

20  insignificant nature, or something material to the

21  case.

22      A verdict cannot be based upon surmise,

23  speculation, or sympathy for either party, but

24  must be based solely upon the evidence and the

25  instructions of The Court.

                            201

1      Now, that concludes my general charge, and

2  while you breathe a collective sigh of relief I

3   will take a drink of water, and then I will

4   instruct you on the substantive law.

5       The plaintiff, Linda Johnson, is suing the

6   defendant, MBNA America Bank, N.A., for damages

7   alleging that the defendant negligently and

8   willfully violated the Fair Credit Reporting Act,

9   15 U.S.C. section 1681. The plaintiff claims that

10  the defendant violated the Fair Credit Reporting

11  Act because she claims that after receiving notice

12  from three credit reporting agencies that the

13  plaintiff was disputing the identity and balance

14  of an MBNA account. The defendant failed to

15  review all of the information provided by the

16  credit reporting agencies, failed to investigate

17  the plaintiff's disputes, and failed to report

18  back to the agencies the result its investigation.

19  The defendant denies that it violated any

20  provision of the Fair Credit Reporting Act. The

21  defendant claims that it reviewed all of the

22  information provided by the credit reporting

23  agencies, investigated the plaintiff's disputes,

24  and reported back to the these agencies the

25  results of an investigation. The plaintiff claims

                          202

1   first, that the defendant negligently failed to

2   comply with the Fair Credit Reporting Act in

3   failing to review all of the information provided

4  by Experian, Equifax and TransUnion; failing to

5  conduct a reasonable investigation of her

6  disputes, and failing to accurately report back to

7  these agencies the result of its investigation.

8  To establish her claim that the defendant

9  negligently failed to comply with the Fair Credit

10  Reporting Act the plaintiff must establish the

11  following elements by a preponderance of the

12  evidence: One, that the defendant negligently

13  failed to, A, conduct an investigation with

14  respect to the disputed information B, review all

15  relevant information provided by the consumer

16  reporting agencies; or C, report the results of

17  the investigation to the consumer reporting

18  agencies; and two, that the plaintiff was damaged;

19  and three, that the negligence of the defendant

20  proximately caused the damage suffered by the

21  plaintiff.

22  Your verdict will be for the defendant if you

23  find that the plaintiff fails to establish any one

24  of the three elements.

25  Negligence as used in these instructions

203

1  means the failure to do something which a

2  reasonably prudent person would do, or the doing

3  of something which a reasonably prudent person

4  would not do under the circumstances which you

5  find existed in this case.

 6    It is for you to decide what a reasonably

 7    prudent person would do or not do under the

 8    circumstances as they existed in this case. In

 9    other words, you must determine whether the

10    defendant's investigation of the disputed

11    information was reasonable. The term "proximate

12    cause" as used in these instructions means that

13    there must be a connection between the conduct of

14    the defendant that the plaintiff claims was

15    negligent and the damage complained of by the

16    plaintiff, and that the act that is claimed to

17    have produced the damage was a natural and

18    probable result of the negligent conduct of the

19    defendant.

20    If your verdict is for the plaintiff on the

21    claim of negligent non compliance, then your duty

22    is to determine the amount of money that

23    reasonably, fairly, and adequately compensates her

24    for the damage that you decide resulted from the

25    defendant's failure to comply. Whether the

               204

 1    element of damages has been proved by the

 2    plaintiff is for you to decide based upon evidence

 3    and not upon speculation, guess or conjecture.

 4    Damages for embarrassment, humiliation and mental

 5    anguish will not be presumed to have occurred, but

 6    the plaintiff must prove that they did occur, and

```
 7    the plaintiff, while it is not obligated to prove
 8    it with mathematical precision, they must give you
 9    sufficient raw material so that you can make an
10    intelligent estimate of it. And, also, the burden
11    is on the plaintiff to mitigate her damages, and
12    if you feel that any evidence shows that she had
13    an opportunity to lessen those damages and she
14    didn't take advantage of it, then you can take
15    that into consideration, also.
16         The plaintiff's second claim is that the
17    defendant willfully failed to comply with the Fair
18    Credit Reporting Act in failing to review all of
19    the information provided by Experian, Equifax and
20    TransUnion. Failing to investigate her disputes
21    and failing to report back to these agencies the
22    result of its investigation to establish her claim
23    that the defendant willfully failed to comply with
24    the Fair Credit Reporting Act the plaintiff must
25    establish the following elements by a
```
                                    205
```
 1    preponderance of the evidence. Bear in mind we
 2    are now talking about willfully doing something,
 3    whereas the first claim was negligently doing
 4    something. That the defendant willfully failed
 5    to, A, conduct an investigation with respect to
 6    the disputed information; B, review all relevant
 7    information provided by the computer reporting
 8    agencies; or C, report the results of the
```

9 investigation to the consumer reporting agency.

10 If the plaintiff fails to prove one of these

11 three, A, B or C, you should find your verdict for

12 the defendant.

13 The term "willfully" as used in these

14 instructions means that the defendant knowingly

15 and intentionally committed an act in conscious

16 disregard for the rights of the consumer and not

17 by mistake or accident or other innocent reason.

18 A showing of malice or evil motive is not required

19 to prove willfulness. MBNA was required to

20 conduct a reasonable investigation. Factors to be

21 considered in determining whether MBNA has

22 conducted a reasonable investigation include

23 whether the consumer has alerted MBNA that its

24 information may be unreliable; and two, the cost

25 of verifying the accuracy of the information

206

1 versus the possible harm of reporting inaccurate

2 information. The standard for such an

3 investigation is what a reasonably prudent person

4 would do under the circumstances. And evaluating

5 the reasonableness of MBNA's investigation

6 involves weighing the potential harm from

7 inaccuracy against the burden of safeguarding such

8 inaccuracy. The damage that Mrs. Johnson may

9 recover for MBNA's alleged failure to investigate

10   a claim of inaccuracy of the record or to report

11   the results of its investigation may not include

12   any damages that were caused by the inaccuracy of

13   the information itself.

14       Damages to be recoverable are limited to

15   those, if any, arising from a willful or negligent

16   failure to conduct any investigation or to report

17   the results.  Damages recoverable for willful non

18   compliance with the fair credit reporting act are

19   two kinds.  First, there are damages that are

20   actually suffered by reason of the wrong

21   complained of.  Second, there are punitive

22   damages, which means damages over and above the

23   actual damages, if any, suffered by the plaintiff.

24   These are damages that may be awarded by you in

25   your discretion for the purpose of punishing the

                              207

1    defendant for the wrong done.  Punitive damages

2    also serve as an example to others not to engage

3    in such conduct.  If you find that MBNA willfully

4    failed to follow reasonable procedures in its

5    investigation of the plaintiff's dispute, you must

6    award her the actual damage she sustained as a

7    result of the defendant's failure.  If you find

8    that MBNA willfully failed to follow reasonable

9    procedures in its investigation, and also find

10   that the plaintiff suffered no actual damage or

11   actual damages of less than a hundred dollars,

12  then you must award the plaintiff at least a

13  hundred dollars, but not more than one thousand

14  dollars.

15      If you as a juror further find that the acts

16  or omissions of the defendant that proximately

17  caused the actual injury or damage to the

18  plaintiff were willfully done, then you may, if in

19  the exercise of your discretion, you unanimously

20  chose to do so, add to the award of actual damages

21  such amount as you shall unanimously agree to be

22  proper as punitive damages. Whether or not to

23  make any award punitive damages in addition to

24  actual damages is a matter exclusively within your

25  province.

208

1   You should bear in mind not only the

2   conditions under which and the purpose for which

3   the law permits an award of punitive damages to be

4   made, but also the requirement of the law that the

5   amount of such punitive damages must be fixed with

6   calm discretion and sound reason, and must never

7   be either awarded or fixed in amount because of

8   any sympathy, bias or prejudice with respect to

9   any party. You may consider the defendant's net

10  worth in connection with punitive damages, and I

11  believe their net worth at 12/31/01 was

12  7.7 million. And also under the law there should

13  be a rational relationship between punitive

14  damages, if you elect to award any, and the

15  plaintiff's actual damages.

16      The Fair Credit Reporting Act is not

17  required, does not require that credit card

18  account records, including original applications,

19  be kept in any particular form; however, the law

20  does prohibit MBNA from maintaining its record in

21  such manner as to consciously avoid knowing that

22  information it is reporting is accurate.

23      A corporation may act only through natural

24  persons as its agents or employees, and in general

25  any agent or employee of a corporation may bind

                          209

1  the corporation by his acts and declarations made

2  while acting within the scope of his authority

3  delegated to him by the corporation, or within the

4  scope of his duties as an employee of the

5  corporation.

6      If a corporation has established a standard

7  of procedure for the accomplishment of an act, it

8  is relevant to proving that it acted in a specific

9  instance in conformance with that standard of

10  procedure. And here again, you have heard

11  evidence that everybody is getting electronic now

12  days, and it is up to you to decide whether that

13  is a reasonable way to conduct your business or

14  not.

15    Now, that concludes my substantive charge.

16    MR. GETCHELL: May we approach?

17         BENCH CONFERENCE

18    MR. BENNETT: It is 7.7 billion.

19    THE COURT: Did I say million? I meant

20  billion.

21    MR. GETCHELL: I think on instruction number

22  12 you said "accurate" instead of "inaccurate."

23    THE COURT: Okay.

24    MR. GETCHELL: And you had something that was

25  not here, not printed, but you put in something,

           210

1  if the "plaintiff," sounded like "the defendant,"

2  had failed to prove. If you will instruct the

3  plaintiff has the burden on everything.

4    THE COURT: I told them that the plaintiff

5  failed to prove.

6         IN OPEN COURT

7    THE COURT: On my instruction number 12,

8  ladies and gentlemen -- you will have a copy of

9  it -- counsel tells me that I used the word

10  "reporting is accurate," and it should have been

11  "inaccurate." You will have it in printed form.

12  Isn't that your complaint, counsel?

13    MR. GETCHELL: Yes, Your Honor.

14    THE COURT: All right.

15  Your first order of business when you go back

16  in your room is to select a foreperson. It is

17  that individual's responsibility to preside over

18  your deliberations and see that each juror is

19  given full opportunity to express their viewas and

20  participate in your verdict. The verdict must

21  ultimately be unanimous. The foreperson's vote

22  counts no more than any other. You will have in

23  addition to the charge a verdict form. It says,

24  we, the jury, unanimously find as follows. Did

25  the defendant MBNA negligently fail to comply with

211

1  the reporting act? It has, yes, no. If you

2  answer yes, proceed to question two. If the

3  answer is no, proceed to question three. And

4  then, did the defendant's conduct proximately

5  cause plaintiff's damage? If yes, you plug in a

6  number. And then you would go to whether MBNA

7  willfully failed to comply with the Fair Credit

8  Act. And then you have the same sort of questions

9  after that.

10       Now, from time to time during the course of

11  your deliberations you may need to communicate

12  with The Court. If you do, Mr. Winn will be

13  sitting outside the jury room. Knock on the door

14  and he will come in. And if you have a question,

15  that should be in writing and signed by the

16  foreperson. If it's something I can help you

17  with, I will bring you back in and give you

18 further guidance. Also, after you have reached a

19 verdict, the foreperson has to sign it and date

20 it. Knock on the door and let Mr. Winn know you

21 have reached a verdict. I will bring you back in

22 and receive it and send you home. I leave it up

23 to jurors to determine their work hours after they

24 start deliberating, but I will tell you now that

25 if you haven't reached a verdict by 6:30 or 7:00 I

212

1 will send you home for the evening because they

2 close down here at night, and I don't want you to

3 freeze up there in the jury room.

4     Everyone remain seated while the jury

5 departs. And see that you take your handouts with

6 you because you will now need those.

7     I will get you the instructions back in due

8 course.

9     (Jury withdrew)

10     THE COURT: Before you put anything else on

11 the record, let me warn you that I am about to go

12 into some arrangements, and I would hate to

13 mistake you for one of the defendants in the case.

14 So do you have anything further to put on the

15 record, Mr. Bennett?

16     MR. BENNETT: No, Your Honor.

17     THE COURT: Mr. Getchell.

18     MR. BENNETT: Although I didn't do it.

```
Court Name: EASTERN DISTRICT OF VIRGINIA
Division: 3
Receipt Number: 300005414
Cashier ID: lbreeden
Transaction Date: 06/19/2008
Payer Name: JASON KRUMBEIN
------------------------------------
PAPER COPIES
 For: JASON KRUMBEIN
 Amount:      $16.50
------------------------------------
CREDIT CARD
 Amt Tendered: $16.50
------------------------------------
Total Due:      $16.50
Total Tendered: $16.50
Change Amt:     $0.00
```