```
 1              THE COURT:  You're welcome.
 2              MR. BENNETT:  Sam, may I move this?
 3         Thank you, sir.
 4                   (Plaintiff's closing argument.)
 5              THE COURT:  Thank you, Mr. Bennett.
 6         Mr. Wingfield.
 7              MR. WINGFIELD:  Thank you, Your Honor.
 8              THE COURT:  You're welcome.
 9                   (Defendants' closing argument.)
10              THE COURT:  Thank you, Mr. Wingfield.
11         Mr. Bennett, you may offer a brief rebuttal.
12              MR. BENNETT:  Thank you.
13              THE COURT:  You're welcome.
14                   (Brief rebuttal by Plaintiff's counsel.)
15              THE COURT:  Thank you, Mr. Bennett.
16              All right.  Ladies and gentlemen, I will now
17    give you the instructions of law.  They are very lengthy.  I
18    must read them to you.  As I indicated, I will give you a
19    copy of them to take with you.  They are for your collective
20    consideration and guidance in your deliberation.  Your are
21    the judges of the facts that tend to apply to the facts of
22    the law as I will now state.
23              The plaintiff alleges that the defendant, a
24    branch bank of BB&T, violated the Fair Credit Reporting Act
25    after receiving notice from credit reporting agencies that
```

1   the plaintiff was disputing a claim filed concerning this
2   BB&T file.  He claims that BB&T negligently or willfully
3   failed to review all of the information provided by him and
4   by the credit reporting agencies that failed to investigate
5   his dispute in a reasonable fashion and failed to accurately
6   report back to BB&T the result of its investigation.
7           Let me ask you to hold on for a moment, folks.
8   Let me just patch up a little here.
9           The plaintiff claims that BB&T negligently or
10  willfully failed to review all of the information provided by
11  the credit reporting agencies, failed to investigate the
12  dispute in a reasonable fashion and failed to accurately
13  report back to the agency the result of its investigation.
14          BB&T denies that it negligently or wilfully
15  violated any provision of the Fair Credit Reporting Act.  It
16  claims that it reviewed all pertinent information provided by
17  the credit reporting agencies and otherwise investigated the
18  plaintiff's disputes in a reasonable fashion and that it
19  accurately reported back the results of its investigation.
20          Now, to establish the claim that BB&T failed
21  to comply with the Fair Credit Reporting Act, the plaintiff
22  must establish the following elements by a preponderance of
23  the evidence.  First, that the Defendant negligently failed
24  to conduct any investigation with respect to the dispute of
25  credit information or failed to review all relevant

1  information provided by the consumer reporting agencies
2  involved or that it failed to accurately report the results
3  of the investigation through the Consumers Reporting Agency
4  and, secondly, that the plaintiff was damaged; and, third,
5  and, finally, that the negligence of BB&T proximately caused
6  the damage suffered by the plaintiff.
7         Verdict as to the plaintiff's claim in
8  violation of the Act must be for the Defendant, BB&T, if you
9  find that the plaintiff has failed to establish any one of
10 those elements that I just told you about.
11        The term *negligence*, as used in these
12 instructions, means the failure to do something that a
13 reasonable prudent person would do or the doing of something
14 that a reasonably prudent person would not do under the
15 circumstances you find existed in this case by a reasonably
16 prudent person or business entity do or not do under the
17 circumstances.
18        The term proximate cause as used in these
19 instructions means that there must be a causal connection
20 between the conduct of the Defendant that the plaintiff
21 claims is either negligent or willful and the damage
22 complained of by the plaintiff is a natural, probable result
23 of the conduct of the defendant.
24        To establish by a preponderance of the
25 evidence means to prove something that is more likely so than

1  not. In other words, preponderance of the evidence means
2  such evidence as when compared and considered with the
3  evidence opposed to it has more convincing force and produces
4  in your mind a belief that what is sought to be proved is
5  more likely true than true. In determining whether any fact
6  or issue has been proved by a preponderance of the evidence,
7  you may, unless otherwise instructed, consider the testimony
8  of all the witnesses, regardless of who may have called them,
9  and all exhibits received in evidence, regardless of who may
10 have introduced them.
11             BB&T was required to conduct a reasonable
12 investigation. The factors to be considered in determining
13 whether BB&T conducted a reasonable investigation include
14 whether the consumer had alerted BB&T information to be
15 reliable and the cost of verifying the accuracy of the
16 information versus the possible harm of reporting inaccurate
17 information.
18             Standard for such an investigation is what a
19 reasonably prudent person would do under the circumstances.
20 In evaluating the reasonableness of BB&T's investigation
21 involves weighing the potential harm from inaccuracies
22 against the burden of safeguarding against such inaccuracy.
23             An investigation is defined as a detailed
24 inquiry or symptomatic examination. The plane meaning of
25 investigation requires some degree of careful inquiry of the

1  credit reporting agencies.
2             After receiving all of the consumer's disputes
3  through a consumer reporting agency, the creditor may not
4  furnish any information relating to a consumer to any
5  consumer reporting agency if the creditor knows the
6  information is inaccurate.
7             Credit reporting is accurate if it's patently
8  incorrect or misleads or is expected to have an adverse
9  impact on that consumer.
10            A debtor's failure to make a tender of payment
11 may be excused if it's established that such tender was made
12 unnecessary by declaration, act or omission of the creditor
13 whom the tender was due.
14            Tender of payment to satisfy an obligation
15 need not be paid when the failure of tender would be in vein
16 and -- however, the initial tender of payment does not excuse
17 the debtor's entire obligation to the creditor.
18            The plaintiff in this case has the burden of
19 proving to your satisfaction by a preponderance of the
20 evidence that any particular tender by him of payments on the
21 BB&T obligation was excused by BB&T in that he was unable to
22 make the tender as a result BB&T's actions.
23            Parties excused from this failure to perform
24 the contract if performance became impossible after the
25 contract was made.  Where a party relies on the possibility

1 of offense, he must prove by the greater weight of the
2 evidence, first, that the performance of his obligations
3 under the contract was rendered impossible; second, that he
4 did not cause the circumstances which made this performance
5 impossible; and, third and final, that the circumstance that
6 rendered performance impossible was not reasonably
7 foreseeable in the parties' contract and the consumer who
8 delivers their payments to a creditor without specific
9 payment instructions from the creditor does so partly at his
10 own risk.
11 　　　　　　　Damages recoverable or willful on the Credit
12 Reporting Act are two kinds. First, they are damages that
13 actually suffered by reason of the wrong complained of. If
14 you find that BB&T willfully violated the Federal Fair Credit
15 Reporting Act, you must award the plaintiff the actual
16 damages that you have find that he sustained as a result of
17 this failure.
18 　　　　　　　If at the same time that you find BB&T
19 violated the plaintiff's rights under that act but that he
20 did not suffer any of the actual damages to your
21 satisfaction, you must award him an amount not less than 100
22 or more than $1,000, as provided for by the act all statutory
23 damages.
24 　　　　　　　There is a second type of damages that would
25 apply. Those are punitive, which means damages over and

1  above the actual damages, if any, suffered by the plaintiff.
2  These are the damages that may be awarded by you in your
3  discretion for the punishment of the defendant for the wrong
4  done for engage in such contact.
5         If you, as a juror, find that the acts or the
6  omissions of the defendant proximately caused the actual
7  damage were willfully done, in you may exercise in your
8  discretion add to the award of actual damages that you agree
9  is proper punitive damages.
10        Remember that whether or not to make any award
11 retroactive in addition to the actual damages that is
12 exclusively and entirely within your province.
13        The term willfully as used in these
14 instructions means that the Defendant BB&T knowingly and
15 intentionally committed an act in conscience disregard to the
16 rights of the plaintiff as the consumer.
17        A showing of malice or evil motive is not
18 required in the willfulness.
19        If you find that the Defendant violated the
20 Fair Credit Reporting Act, you may find that such violation
21 was negligent or willful.
22        If you find the Defendant violated the act and
23 such act was negligent but not willful, you may not assess
24 punitive damages against the Defendant BB&T.
25        At the same time, however, if you find that

1   the defendant violated the act that such act was willful, you
2   can may award such punitive award.
3   　　　　　　You should bear in mind, however, the purpose
4   from which the law permits an award of punitive damages but
5   also the requirement of the law that the amount of such
6   punitive damages must be fixed with calm discretion and sound
7   reasoning. It must never be awarded or fixed in an amount of
8   any bias or prejudice with respect to any parties.
9   　　　　　　You may consider the defendant's net worth in
10  connection with the punitive damages and also under the law
11  there should be a rational relationship between punitive
12  dames, if you are elect to award them, and plaintiff's actual
13  damages.
14  　　　　　　If you choose to accept punitive damages
15  against the defendant BB&T for willful violation of the Fair
16  Reporting Act, you may consider the following factors in
17  considering such an award: Repealed purpose of the Fair
18  Credit Reporting Act; the harm to consumer is expected to be
19  avoided or corrected by that requirement and manner in which
20  the Defendant BB&T conducted its business. The length of
21  time before BB&T corrected its mistake; the degree of notice
22  provided to the BB&T about its mistake and BB&T awareness of
23  the mistake and BB&T net worth.
24  　　　　　　The burden is on the plaintiff to prove by the
25  preponderance of the evidence each item of damage he claims

1  and that each item was caused by BB&T. He's not required to
2  prove the exact amount of his damages but must show suffer
3  facts and circumstances to allow him to make a reasonable
4  estimate of each item. If the plaintiff fails to do so, he
5  cannot recover for that item of damage. Damages must be
6  reasonable. You should find, if plaintiff is entitled to
7  damages, you may only award him such damages as were
8  reasonably compensated for the injury and damage that you
9  find that the plaintiff has sustained as a possible result of
10 BB&T's actions.
11         You are not to award speculative damages. So
12 you're not able to include any verdict for compensation for
13 any speculative or future loss; although possible, it is not
14 reasonably certain for your verdict.
15         If your verdict is for the plaintiff on the
16 claim of negligence and non-compliance with the Fair Credit
17 Reporting Act, then your duty is to assume the amount of
18 money that reasonably, fairly and adequately compensates him
19 for the damage that you decide resulted from the defendant's
20 failure to comply. The plaintiff has the duty to mitigate
21 his damages.
22         If you should find that the defendant BB&T has
23 proven by a preponderance of the evidence that the plaintiff
24 did not act reasonably to mitigate his damages, as a result,
25 then he's not to recover by which they increased.

1       Actual damages include the recovery for any
2  out-of-the-pocket expenses and property losses and damages
3  for personal humiliation, embarrassment, anguish and
4  emotional distress. There is no fixed standard where it
5  indicates tangible items, such as humiliation, embarrassment,
6  anguish and emotional distress, you must determine if there
7  is an adequate award for these items through the exercise of
8  your judgment and experience in the affairs of the world
9  after considering all of the facts and circumstances
10 presented during the trial of the case.
11      Whether the element of damages has been proven
12 by the plaintiff is for you to decide based upon evidence,
13 not speculation, guess or conjuncture.
14      Damages for embarrassment and humiliation will
15 not be presumed. Plaintiff must prove that they did occur.
16 The plaintiff is not obligated to do such harm to a
17 mathematical precision but must be used sufficient as to be
18 raw material so you can make an estimate.
19      The fact that I have instructed you as to the
20 proper measure of damages must not be construed as any view
21 of mine whatsoever. Each party is entitled to your verdict
22 in this case.
23      Instructions as to measurement of damages is
24 only -- only in the advantage you find in favor of the
25 plaintiff by a preponderance of the evidence in accordance to

1   all these instructions.
2              Now some general guidelines. Generally
3   speaking, there are two types of evidence that is presented
4   at trial: Direct evidence and circumstantial evidence.
5              Direct evidence is the testimony of a person
6   who asserts or claims to have actual knowledge of a fact;
7   such as an eyewitness. In direct or circumstantial evidence,
8   the proof of one or more facts, which you then can find
9   another fact.
10             As an example direct evidence that is a
11  witness who says: I was outside a minute ago and I saw it
12  raining. Circumstantial evidence in that same issue would be
13  that it's raining within the observation of someone entering
14  with an umbrella. You should consider both of them.
15             As a general rule, a law makes no distinction
16  between the weight or value to be given to either direct
17  evidence or circumstantial evidence. Known as a greater
18  certainty required of circumstantial evidence which simply
19  requires that you find facts in accordance with the
20  preponderance of all the evidence in both direct evidence and
21  circumstantial evidence.
22             You're the sole judges of the credibility of
23  the witnesses and weight their testimony as it deserves. You
24  may be guided by the appearance or conduct of a witness or by
25  the manner in which the witness testifies, or by the

Case 3:15-cv-00594-MHL Document 135-2 Filed 12/11/17 Page 12 of 16 PageID# 2322

26

```
 1   character of the testimony given or by evidence contrary to
 2   that testimony.
 3                You should carefully examine all of the
 4   testimony given.  The circumstances under which witness has
 5   testified and every matter in evidence tending to show that
 6   the witness is worthy of belief.  Consider each witness'
 7   intelligence, motive and state of mind, demeanor or manner
 8   while testifying.  Consider the witness' ability to observe
 9   the matters in which the witness has testified.  Whether the
10   witness impresses as having an accurate recollection of those
11   matters.  Also consider any relation each witness may have
12   with either side of the case and the manner in which the
13   witness may be affected and the extent to which the testimony
14   of each witness is either supported or contradicted by other
15   evidence in the case.
16                Any inconsistencies or discrepancies the
17   testimony of a witness or between the testimony of different
18   witnesses may or may not discredit such testimony.  Two or
19   more persons may see or hear it differently.  In weighing the
20   effect of a discrepancy, always consider whether it pertains
21   a matter of importance or unimportant detail and whether the
22   discrepancy results from an innocent error or substantial
23   falsehood.
24                After making your judgment of the testimony of
25   each witness, such weight, if any.  In short, you may accept
```

1 or reject the testimony of any witness in whole or in part.
2 In addition, the weight of the evidence is not necessarily
3 determined by the number of witnesses testifying to the
4 existence or nonexistence of any fact.
5     You may find that the testimony of a small
6 number of witnesses as to any fact is more credible than the
7 testimony of a large number of witnesses to the contrary.
8     You must not base your verdict in any way upon
9 sympathy, bias or speculation. Your verdict must be based
10 solely on the evidence and the instructions of the court.
11     You should consider to decide this case as a
12 dispute between persons of equal standing in the community.
13 A corporation, such as the defendant BB&T, is entitled to the
14 same fair trial as a private citizen and individual. All
15 persons, including corporations, stand equal before the law
16 and are to be dealt with as equals.
17     Corporation act only through natural -- its
18 agents or employees and in general any agent or employee of a
19 corporation may bind the corporation by his acts or acting
20 within the scope of his authority while delegated to by the
21 corporation or within the scope of his duties as an employee
22 of the corporation.
23     An employer, such as BB&T, is liable for all
24 loss or damages caused by the acts of its employees while
25 they acted within the scope of their employment. An

1  employee's knowledge of acts is imputed through its employer,
2  such as BB&T, is deemed to know what its employees know.
3           Furthermore, in order to find that BB&T
4  willfully violated the plaintiff's consumer rights you must
5  find that a single the individual employed by BB&T acted with
6  such motivation.
7           During the trial, certain testimony has been
8  presented to you by way of deposition.  That deposition
9  consisted of the sworn recorded answers to questions asked of
10 the witness in advance of the trial by one or more of the
11 attorneys for the parties in the case.
12          Such testimony is entitled to the same
13 consideration and is to be judged as to credibility and
14 weight otherwise considered by you in the same way as if the
15 witness had been present and testified from that witness
16 stand.  The reason why the person being deposed it not
17 present must not be of any concern to you.
18          Nothing in these instructions or nothing in
19 the verdict prepared for you is meant to suggest in any way
20 or manner what verdict I think you should find.  What the
21 verdict shall be is within your sole and exclusive duty and
22 responsibility.
23          Any verdict must represent the verdict of each
24 of you.  In order to return a verdict, it's necessary that
25 each juror agree.  That your verdict must be unanimous.  It's

1  your duty to consult with your fellow jurors, with one
2  another, and to deliberate in an effort to do so without
3  disregarding individual judgment. Each of you must decide
4  the case for yourself only after impartial consideration of
5  each individual juror.
6          In the course of your deliberation, do not
7  hesitate to reexamine or change your opinion if you're
8  convinced it is erroneous. Do not surrender you honest
9  convictions as to weight or effect solely because of the
10 opinion of your fellow jurors or for the mere purpose of a
11 verdict. You are the sole judges of the facts and it is your
12 sole interest to seek the truth as has been presented in the
13 case.
14         Upon retiring to the jury room, you will
15 select one of your members to act as your foreperson. The
16 foreperson will reside over the deliberation and be your
17 spokesperson in court.
18         We have prepared a form for your verdict and
19 hopefully it's self explanatory, ladies and gentlemen, but in
20 essence it provides for three alternative verdict
21 possibilities. And the foreman would check whichever finding
22 you may arrive at. First, if the Defendant BB&T is found to
23 have negligently violated the Act in regards to the
24 plaintiff, if so what damages to award, or secondly that you
25 find the bank willfully violated the Act by the preponderance

```
 1   of the evidence and if so, the damages that would apply and
 2   we have already gone over that, including the possible award
 3   punitive damages, only if you find a willful violation.
 4              And the third none of the above; that is, if
 5   you find in favor of the bank that they did not negligently
 6   or willfully violated the Act.  You'll take this verdict form
 7   to the jury room and when you have reached a unanimous
 8   agreement as to your verdict, the foreperson will fill in the
 9   date and sign the form and sets forth the verdict that you
10   have unanimously agreed.  And then signal the security
11   officer and return to the court room.
12              If it becomes necessary during your
13   deliberation to communicate with me, send me a written note,
14   signed by your foreperson or one or by one or more members of
15   the jury, again, the security officer will bring it to me and
16   I will respond promptly either in writing or have you return
17   to the courtroom so I can address you orally.
18              Bear in mind also that you're never to reveal
19   how you may stand, numerically or otherwise, until after you
20   have reached a unanimous verdict.
21              Now, ladies and gentlemen, that completes the
22   instructions and you will be given a copy of them.  There are
23   a lot of them.  What I wish you to do now is leave those
24   notebooks in your chair and to retire to the jury room but
25   not to begin yet until the officer brings in the exhibit
```