Court Name: EASTERN DISTRICT OF VIRGINIA
Division: 3
Receipt Number: 300005414
Cashier ID: lbreeden
Transaction Date: 06/19/2008
Payer Name: JASON KRUMBEIN
-----------------------------------
PAPER COPIES
  For: JASON KRUMBEIN
  Amount:      $16.50
-----------------------------------
CREDIT CARD
  Amt Tendered: $16.50
-----------------------------------
Total Due:      $16.50
Total Tendered: $16.50
Change Amt:     $0.00



JURY INSTRUCTION NO. _|___

MEMBERS OF THE JURY:

NOW THAT YOU HAVE HEARD THE EVIDENCE AND THE ARGUMENT, IT BECOMES MY DUTY TO GIVE YOU THE INSTRUCTIONS OF THE COURT AS TO THE LAW APPLICABLE TO THIS CASE.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS STATED IN THE INSTRUCTIONS OF THE COURT, AND TO APPLY THE RULES OF LAW SO GIVEN TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE.

COUNSEL HAVE QUITE PROPERLY REFERRED TO SOME OF THE GOVERNING RULES OF LAW IN THEIR ARGUMENTS. IF, HOWEVER, ANY DIFFERENCE APPEARS TO YOU BETWEEN THE LAW AS STATED BY COUNSEL AND THAT STATED BY THE COURT IN THESE INSTRUCTIONS, YOU OF COURSE ARE TO BE GOVERNED BY THE INSTRUCTIONS.

YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

NEITHER ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY RULES OF LAW STATED BY THE COURT.  REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANY OTHER VIEW OF THE LAW THAN THAT GIVEN IN THE INSTRUCTIONS OF THE COURT; JUST AS IT WOULD BE A VIOLATION OF YOUR SWORN DUTY, AS JUDGES OF THE FACTS, TO BASE A VERDICT UPON ANYTHING BUT THE EVIDENCE IN THE CASE.

JUSTICE THROUGH TRIAL BY JURY MUST ALWAYS DEPEND UPON THE WILLINGNESS OF EACH INDIVIDUAL JUROR TO SEEK THE TRUTH AS TO THE FACTS FROM THE SAME EVIDENCE PRESENTED TO ALL THE JURORS; AND TO

ARRIVE AT A VERDICT BY APPLYING THE SAME RULES OF LAW, AS GIVEN IN THE INSTRUCTIONS OF THE COURT.

## JURY INSTRUCTION NO. 2

YOU ARE TO PERFORM THIS DUTY WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY.   THE LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY SYMPATHY, PREJUDICE, OR PUBLIC OPINION.   THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT AND REACH A JUST VERDICT, REGARDLESS OF THE CONSEQUENCES.

JURY INSTRUCTION NO. 3

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS OF LIFE. A CORPORATION IS ENTITLED TO THE SAME FAIR TRIAL AT YOUR HANDS AS A PRIVATE INDIVIDUAL. ALL PERSONS, INCLUDING CORPORATIONS, PARTNERSHIPS, UNINCORPORATED ASSOCIATIONS, AND OTHER ORGANIZATIONS, STAND EQUAL BEFORE THE LAW, AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.

JURY INSTRUCTION NO. 4

THERE IS NOTHING PARTICULARLY DIFFERENT IN THE WAY THAT A JUROR SHOULD CONSIDER THE EVIDENCE IN A TRIAL FROM THAT IN WHICH ANY REASONABLE AND CAREFUL PERSON WOULD TREAT ANY VERY IMPORTANT QUESTION THAT MUST BE RESOLVED BY EXAMINING FACTS, OPINIONS, AND EVIDENCE. YOU ARE EXPECTED TO USE YOUR GOOD SENSE IN CONSIDERING AND EVALUATING THE EVIDENCE IN THE CASE FOR ONLY THOSE PURPOSES FOR WHICH IT HAS BEEN RECEIVED AND TO GIVE SUCH EVIDENCE A REASONABLE AND FAIR CONSTRUCTION IN THE LIGHT OF YOUR COMMON KNOWLEDGE OF THE NATURAL TENDENCIES AND INCLINATIONS OF HUMAN BEINGS.

JURY INSTRUCTION NO. 5

IT IS THE SWORN DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR EXHIBITS WHICH THAT ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE.  ONLY BY RAISING AN OBJECTION CAN A LAWYER REQUEST AND OBTAIN A RULING FROM THE COURT ON THE ADMISSIBILITY OF THE EVIDENCE BEING OFFERED BY THE OTHER SIDE.  YOU SHOULD NOT BE INFLUENCED AGAINST AN ATTORNEY OR HIS CLIENT BECAUSE THE ATTORNEY HAS MADE OBJECTIONS.

DO NOT ATTEMPT, MOREOVER, TO INTERPRET MY RULINGS ON OBJECTIONS AS SOMEHOW INDICATING TO YOU WHAT I BELIEVE THE OUTCOME OF THE CASE SHOULD BE.

JURY INSTRUCTION NO. 7

DURING THE COURSE OF A TRIAL, I HAVE OCCASIONALLY ASKED QUESTIONS OF A WITNESS.  DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTIONS RELATED.  THE COURT MAY ASK A QUESTION SIMPLY TO CLARIFY A MATTER - NOT TO HELP ONE SIDE OF THE CASE OR HURT ANOTHER SIDE.

JURY INSTRUCTION NO. 8

THE EVIDENCE IN THE CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM; AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM; AND ALL FACTS WHICH HAVE BEEN ADMITTED OR STIPULATED.

WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE EXISTENCE OF A FACT, HOWEVER, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE STIPULATION AS EVIDENCE, AND REGARD THAT FACT AS PROVED.

STATEMENTS, ARGUMENTS, QUESTIONS AND OBJECTIONS OF COUNSEL ARE NOT EVIDENCE IN THE CASE.  ANY EVIDENCE AS TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT, AND ANY EVIDENCE ORDERED STRICKEN BY THE COURT, MUST BE ENTIRELY DISREGARDED.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE, AND MUST BE ENTIRELY DISREGARDED.

YOU ARE TO CONSIDER ONLY THE EVIDENCE IN THE CASE.  BUT IN YOUR CONSIDERATION OF THE EVIDENCE, YOU ARE NOT LIMITED TO THE BALD STATEMENTS OF THE WITNESSES.  IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY.  YOU ARE PERMITTED TO DRAW, FROM FACTS WHICH YOU FIND HAVE BEEN PROVED, SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF EXPERIENCE.

JURY INSTRUCTION NO. $\underline{9}$

      INFERENCES ARE SIMPLY DEDUCTIONS OR CONCLUSIONS WHICH REASON
AND COMMON SENSE LEAD THE JURY TO DRAW FROM THE EVIDENCE RECEIVED
IN THE CASE.

JURY INSTRUCTION NO. 10

THERE ARE TWO TYPES OF EVIDENCE FROM WHICH YOU MAY FIND THE TRUTH AS TO THE FACTS OF A CASE -- DIRECT AND CIRCUMSTANTIAL EVIDENCE.  DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS; CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING A FACT.  THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  NOR IS A GREATER DEGREE OF CERTAINTY REQUIRED OF CIRCUMSTANTIAL EVIDENCE IN THE CASE.

JURY INSTRUCTION NO. 11

WHEN A CORPORATION IS INVOLVED, OF COURSE, IT MAY ACT ONLY THROUGH NATURAL PERSONS AS ITS AGENTS OR EMPLOYEES, AND, IN GENERAL, ANY AGENT OR EMPLOYEE OF A CORPORATION MAY BIND THE CORPORATION BY HIS ACTS AND DECLARATIONS MADE WHILE ACTING WITHIN THE SCOPE OF HIS AUTHORITY DELEGATED TO HIM BY THE CORPORATION, OR WITHIN THE SCOPE OF HIS DUTIES AS AN EMPLOYEE OF THE CORPORATION.

## JURY INSTRUCTION NO. 12

IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF EVIDENCE DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION, IT IS YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS.

JURY INSTRUCTION NO. 13

YOU, AS JURORS, ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IS WORTHY OF BELIEF.  CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE AND STATE OF MIND, AND DEMEANOR AND MANNER WHILE ON THE STAND.  CONSIDER THE WITNESS'S ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED, AND WHETHER THE WITNESS IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF THESE MATTERS.  CONSIDER ALSO ANY RELATION EACH WITNESS MAY BEAR TO EITHER SIDE OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE VERDICT; AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS, OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES, MAY OR MAY NOT CAUSE THE JURY TO DISCREDIT SUCH TESTIMONY.  TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY; AND INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON EXPERIENCE.  IN WEIGHING THE EFFECT OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, YOU WILL GIVE THE TESTIMONY OF EACH WITNESS SUCH CREDIBILITY, IF ANY, AS YOU MAY THINK IT DESERVES.

JURY INSTRUCTION NO. 16

TRANS UNION REPORTED THAT MS. MULLINS WAS CONTRACTUALLY RESPONSIBLE FOR THE CREDIT CARD ACCOUNTS IN DISPUTE HERE.  YOU ARE INSTRUCTED THAT TRANS UNION WAS INACCURATE IN REPORTING THAT MS. MULLINS WAS CONTRACTUALLY RESPONSIBLE FOR THOSE ACCOUNTS.

JURY INSTRUCTION NO. 17

TO ESTABLISH HER CLAIM THAT TRANS UNION VIOLATED THE FAIR CREDIT REPORTING ACT, THE PLAINTIFF MUST ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE:

FIRST ONE OR MORE OF THE FOLLOWING,

(A) THAT TRANS UNION FAILED TO CONDUCT A REASONABLE REINVESTIGATION TO DETERMINE WHETHER THE DISPUTED INFORMATION WAS INACCURATE; OR

(B) THAT TRANS UNION FAILED TO REVIEW AND CONSIDER ALL RELEVANT INFORMATION SUBMITTED BY MS. MULLINS IN CONNECTION WITH THE DISPUTED MATTER; OR

(C) THAT TRANS UNION FAILED TO PROVIDE MS. MULLLINS' CREDITORS WITH ALL RELEVANT INFORMATION REGARDING THE DISPUTE THAT TRANS UNION HAD RECEIVED FROM MS. MULLINS; OR

(D) THAT, IF TRANS UNION CONDUCTED A REINVESTIGATION OF THE DISPUTED INFORMATION, IT FOUND THAT THE DISPUTED INFORMATION COULD NOT BE VERIFIED, BUT DID NOT MODIFY THE DISPUTED ITEM TO REFLECT THAT THE DISPUTED INFORMATION IN THE FILE COULD NOT BE VERIFIED; AND

SECOND, THAT MS. MULLINS WAS DAMAGED BY THE ALLEGED VIOLATION OF THE FAIR CREDIT REPORTING ACT COMMITTED BY TRANS UNION, AND

THIRD, THAT THE VIOLATION COMMITTED BY TRANS UNION WAS THE PROXIMATE CAUSE OF THE DAMAGES THAT MS. MULLINS SUFFERED.

JURY INSTRUCTION NO. 18

FOR THE PURPOSES OF THE FAIR CREDIT REPORTING ACT, A RE-INVESTIGATION OCCURS AFTER THE CREDIT REPORTING AGENCY, HERE TRANS UNION, IS NOTIFIED THAT THE CONSUMER, HERE MS. MULLINS, DISPUTES THE COMPLETENESS OR ACCURACY OF ANY ITEM OF INFORMATION IN HER CREDIT FILE.  THE WORD "REINVESTIGATION" MEANS THAT THE CREDIT REPORTING AGENCY, TRANS UNION, MUST CONDUCT A DETAILED INQUIRY OR SYSTEMATIC EXAMINATION BY MAKING CAREFUL INQUIRY INTO THE DISPUTED MATTER.

JURY INSTRUCTION NO. 19

THE TERM "REASONABLE," AS USED TO DESCRIBE THE KIND OF REINVESTIGATION THAT TRANS UNION WAS OBLIGATED TO CONDUCT, MEANS A FAIR AND PROPER REINVESTIGATION UNDER THE CIRCUMSTANCES.

JURY INSTRUCTION NO. 20

MS. MULLINS ALLEGED THAT TRANS UNION COMMITTED ONE OR MORE OF THE VIOLATIONS I HAVE JUST DESCRIBED EITHER NEGLIGENTLY OR WILLFULLY.  THEREFORE, AS TO ANY VIOLATION THAT YOU FIND THAT TRANS UNION HAS COMMITTED, YOU ALSO MUST FIND WHETHER TRANS UNION COMMITTED THAT VIOLATION NEGLIGENTLY OR WILLFULLY.

JURY INSTRUCTION NO. 21

THE TERM "NEGLIGENCE" OR "NEGLIGENTLY," AS USED IN THESE INSTRUCTIONS, MEANS THE FAILURE TO DO SOMETHING WHICH A REASONABLY PRUDENT PERSON WOULD DO, OR THE DOING OF SOMETHING WHICH A REASONABLY PRUDENT PERSON WOULD NOT DO, UNDER THE CIRCUMSTANCES WHICH YOU FIND EXISTED IN THIS CASE.

## JURY INSTRUCTION NO. 22

THE TERM "WILLFUL" OR "WILLFULLY," AS USED IN THESE INSTRUCTIONS, MEANS THAT THE DEFENDANT KNOWINGLY AND INTENTIONALLY VIOLATED THE FAIR CREDIT REPORTING ACT WITH CONSCIOUS DISREGARD FOR THE RIGHTS THAT THE FAIR CREDIT REPORTING ACT PROVIDED TO THE PLAINTIFF.

THAT A PERSON ACTED "WILLFULLY" DOES NOT MEAN, HOWEVER, THAT THEY ACTED WITH MALICE OR AN EVIL MOTIVE.

JURY INSTRUCTION NO. 23

TO "ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE" MEANS TO PROVE THAT SOMETHING IS MORE LIKELY SO THAN NOT SO.  IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE IN THE CASE MEANS SUCH EVIDENCE, WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE, AND PRODUCES IN YOUR MINDS BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE.  THIS RULE DOES NOT, OF COURSE, REQUIRE PROOF TO AN ABSOLUTE CERTAINTY, SINCE PROOF TO AN ABSOLUTE CERTAINTY IS SELDOM POSSIBLE IN ANY CASE.

JURY INSTRUCTION NO. 24

YOU PREVIOUSLY WERE INSTRUCTED THAT TO RECOVER DAMAGES FOR A VIOLATION OF THE FAIR CREDIT REPORT ACT MS. MULLINS MUST SHOW, BY A PREPONDERANCE OF THE EVIDENCE, THAT A VIOLATION WAS THE PROXIMATE CAUSE OF THE DAMAGE THAT SHE ALLEGES.

YOU ARE INSTRUCTED THAT A PROXIMATE CAUSE OF A DAMAGE IS A CAUSE WHICH IN NATURAL AND CONTINUOUS SEQUENCE PRODUCES THE DAMAGE. IT IS A CAUSE WITHOUT WHICH THE DAMAGE WOULD NOT HAVE OCCURRED.

THIS DOES NOT MEAN THAT THE LAW RECOGNIZES ONLY ONE PROXIMATE CAUSE OF A DAMAGE, CONSISTING OF ONLY ONE FACTOR OR THING.  ON THE CONTRARY, MANY FACTORS OR THINGS MAY OPERATE AT THE SAME TIME, EITHER INDEPENDENTLY OR TOGETHER, TO CAUSE THE ALLEGED DAMAGE AND, IN SUCH CASE, EACH OF THOSE FACTORS OR THINGS MAY BE A PROXIMATE CAUSE OF THE DAMAGE.  IT IS FOR YOU TO DECIDE WHETHER ONE OF THOSE FACTORS OR THINGS THAT IS ALLEGED HERE IS OR IS NOT A PROXIMATE CAUSE OF THE DAMAGE THAT IS ALLEGED BY MS. MULLINS.

JURY INSTRUCTION NO. 25

IF YOUR VERDICT IS FOR THE PLAINTIFF, ON THE CLAIM OF NEGLIGENT NON COMPLIANCE WITH THE FAIR CREDIT REPORTING ACT, AND YOU FIND THAT THE PLAINTIFF SUFFERED HARM AND THAT HARM WAS PROXIMATELY CAUSED BY A NEGLIGENT VIOLATION OF THE ACT, THEN YOUR DUTY IS TO DETERMINE THE AMOUNT OF MONEY THAT REASONABLY, FAIRLY, AND ADEQUATELY COMPENSATES HER FOR THE DAMAGE THAT YOU DECIDE RESULTED FROM THE DEFENDANT'S FAILURE TO COMPLY.

YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT PLAINTIFF SHOULD, OR SHOULD NOT, WIN THE CASE. IT IS YOUR TASK TO DECIDE WHETHER TRANS UNION IS LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDED THAT TRANS UNION IS LIABLE AND THAT PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM TRANS UNION.

## JURY INSTRUCTION NO. 26

"ACTUAL DAMAGES" INCLUDE RECOVERY FOR ANY OUT-OF-POCKET EXPENSES, AND ALSO DAMAGES FOR PERSONAL HUMILIATION, MENTAL AND EMOTIONAL DISTRESS, ANXIETY, AND FRUSTRATION.   THERE IS NO FIXED STANDARD OR MEASURE IN THE CASE OF INTANGIBLE ITEMS SUCH AS HUMILIATION, MENTAL ANGUISH AND EMOTIONAL DISTRESS.   YOU MUST DETERMINE A FAIR AND ADEQUATE AWARD OF THESE ITEMS THROUGH THE EXERCISE OF YOUR JUDGMENT AND EXPERIENCE IN THE AFFAIRS OF THE WORLD AFTER CONSIDERING ALL THE FACTS AND CIRCUMSTANCES PRESENTED DURING THE TRIAL OF THIS CASE.

JURY INSTRUCTION NO. 27

DAMAGES FOR HUMILIATION AND MENTAL AND EMOTIONAL DISTRESS WILL NOT BE PRESUMED TO HAVE OCCURRED, BUT THE PLAINTIFF MUST PROVE THAT THEY DID OCCUR, AND THE PLAINTIFF, WHILE SHE IS NOT OBLIGATED TO PROVE HER DAMAGES WITH MATHEMATICAL PRECISION, SHE MUST GIVE YOU SUFFICIENT RAW MATERIAL SO THAT YOU CAN MAKE AN INTELLIGENT ESTIMATE OF THEM.

JURY INSTRUCTION NO. 28

IF YOU FIND THAT TRANS UNION DAMAGED MS. MULLINS BY A WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT, TWO KINDS OF DAMAGES ARE AVAILABLE.

FIRST, THERE ARE ACTUAL DAMAGES.  ACTUAL DAMAGES HAVE THE SAME DEFINITION HERE AS I PROVIDED TO YOU PREVIOUSLY.

IF YOU FIND THAT TRANS UNION WILLFULLY VIOLATED THE FAIR CREDIT REPORTING ACT, AND THAT THE VIOLATION WAS THE PROXIMATE CAUSE OF MS. MULLINS ACTUAL DAMAGES, THEN YOU ARE OBLIGATED TO AWARD MS. MULLINS COMPENSATION FOR THE ACTUAL DAMAGES SHE SUFFERED.

SECOND, THERE ARE PUNITIVE DAMAGES.  YOU MAY AWARD PUNITIVE DAMAGES IN ORDER TO PUNISH TRANS UNION FOR DAMAGING MS. MULLINS. YOU MAY ALSO AWARD PUNITIVE DAMAGES TO SET AN EXAMPLE TO OTHERS NOT TO ENGAGE IN SUCH CONDUCT.

IF YOU FIND THAT TRANS UNION WILLFULLY COMMITTED AN ACT OR OMISSION THAT PROXIMATELY CAUSED MS. MULLINS TO SUFFER ACTUAL DAMAGES, THEN YOU MAY, IN THE EXERCISE OF YOUR DISCRETION, AND IF YOU UNANIMOUSLY CHOOSE TO DO SO, ADD TO YOUR AWARD OF ACTUAL DAMAGES SUCH AMOUNT OF PUNITIVE DAMAGES AS YOU UNANIMOUSLY AGREE IS PROPER.

YOU ARE NOT OBLIGATED TO AWARD PUNITIVE DAMAGES.  RATHER, YOU HAVE THE DISCRETION TO DECIDE WHETHER PUNITIVE DAMAGES ARE APPROPRIATE AND WHAT AMOUNT, IF ANY, THOSE PUNITIVE DAMAGES ARE TO BE.

JURY INSTRUCTION NO. 29

IF YOU CHOOSE TO ASSESS PUNITIVE DAMAGES AGAINST TRANS UNION UNDER THE FAIR CREDIT REPORTING ACT, YOU MAY CONSIDER THE FOLLOWING FACTORS IN ASSESSING THE AWARD:

(A) THE REMEDIAL PURPOSE OF THE FAIR CREDIT REPORTING ACT;

(B) THE HARM TO CONSUMERS THAT THE ACT'S REQUIREMENTS ARE DESIGNED TO AVOID OR CORRECT;

(C) THE MANNER IN WHICH TRANS UNION CONDUCTED ITS BUSINESS;

(D) THE LENGTH OF TIME BEFORE TRANS UNION CORRECTED ITS VIOLATION;

(E) THE DEGREE OF NOTICE PROVIDED TO TRANS UNION ABOUT ITS VIOLATION;

(F) TRANS UNION'S AWARENESS OF THE VIOLATION; AND

(G) TRANS UNION'S NET WORTH AND NET INCOME.

JURY INSTRUCTION NO. 30

IN ASSESSING THE ISSUE OF NOTICE TO TRANS UNION, YOU ARE INSTRUCTED THAT, ON SEVERAL OCCASIONS SINCE 1997, DECISIONS OF FEDERAL COURTS HAVE INFORMED TRANS UNION, IN CASES IN WHICH IT WAS A DEFENDANT, THAT THE FAIR CREDIT REPORTING ACT'S REQUIREMENT FOR A REASONABLE REINVESTIGATION MUST CONSIST OF SOMETHING MORE THAN SIMPLY THE PARROTING OF INFORMATION RECEIVED FROM OTHER SOURCES AND/OR THAT A CREDIT REPORTING AGENCY DOES NOT ACT REASONABLY BY DEFERRING ENTIRELY TO ANOTHER SOURCE OF INFORMATION, SUCH AS A CREDITOR.

JURY INSTRUCTION NO. 31

YOU SHOULD BEAR IN MIND NOT ONLY THE CONDITION UNDER WHICH AND THE PURPOSE FOR WHICH THE LAW PERMITS AN AWARD OF PUNITIVE DAMAGES TO BE MADE, BUT ALSO THE REQUIREMENT OF THE LAW THAT THE AMOUNT OF SUCH PUNITIVE DAMAGES MUST BE FIXED WITH CALM DISCRETION AND SOUND REASON, AND MUST NEVER BE EITHER AWARDED OR FIXED IN AMOUNT BECAUSE OF ANY SYMPATHY, BIAS OR PREJUDICE WITH RESPECT TO ANY PARTY.  YOU MAY CONSIDER TRANS UNIONS' NET WORTH IN CONNECTION WITH PUNITIVE DAMAGES.  THE NET WORTH OF TRANS UNION IS $939,578,000.  ITS NET INCOME FOR 2005, THE LAST YEAR FOR WHICH FIGURES ARE AVAILABLE, IS $167,795,000.  AND ALSO UNDER THE LAW THERE MUST BE A RATIONAL RELATIONSHIP BETWEEN PUNITIVE DAMAGES, IF YOU ELECT TO AWARD ANY, AND THE PLAINTIFF'S ACTUAL DAMAGES.

JURY INSTRUCTION NO. 32

IF YOU FIND THAT TRANS UNION'S VIOLATIONS OF THE FAIR CREDIT REPORTING ACT WERE WILLFUL, AND ALSO FIND THAT THE PLAINTIFF SUFFERED NOMINAL ACTUAL DAMAGES OR ACTUAL DAMAGES OF LESS THAN ONE HUNDRED DOLLARS AS A RESULT OF THE WILLFUL FCRA VIOLATION, THEN YOU MUST AWARD THE PLAINTIFF STATUTORY DAMAGES OF AT LEAST ONE HUNDRED DOLLARS, BUT NO MORE THAN ONE THOUSAND DOLLARS.

JURY INSTRUCTION NO. 33

UPON RETIRING TO YOUR JURY ROOM TO BEGIN YOUR DELIBERATIONS, YOU WILL ELECT ONE OF YOUR MEMBERS TO ACT AS YOUR FOREPERSON.  THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

YOUR VERDICT MUST REPRESENT THE COLLECTIVE JUDGMENT OF THE JURY.  IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT.  YOUR VERDICT, IN OTHER WORDS, MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH ONE ANOTHER WITH A VIEW TOWARDS REACHING AN AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF OR HERSELF, BUT DO SO ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS.  IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS.  DO NOT SURRENDER YOUR HONEST CONVICTION, HOWEVER, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS.  YOU ARE JUDGES - JUDGES OF THE FACTS OF THIS CASE.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE RECEIVED IN THE CASE.  NOTHING YOU HAVE SEEN OR READ OUTSIDE OF COURT MAY BE CONSIDERED.  NOTHING THAT I HAVE SAID OR DONE DURING THE COURSE OF

THIS TRIAL IS INTENDED IN ANY WAY, TO SOMEHOW SUGGEST TO YOU WHAT I THINK YOUR VERDICT SHOULD BE.  NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT PREPARED FOR YOUR CONVENIENCE IS TO SUGGEST OR CONVEY TO YOU IN ANY WAY OR MANNER ANY INTIMATION AS TO WHAT VERDICT I THINK YOU SHOULD RETURN.  WHAT THE VERDICT SHALL BE IS THE EXCLUSIVE DUTY AND RESPONSIBILITY OF THE JURY.  AS I HAVE TOLD YOU MANY TIMES, YOU ARE THE SOLE JUDGES OF THE FACTS.

A FORM OF VERDICT HAS BEEN PREPARED FOR YOUR CONVENIENCE.

YOU WILL TAKE THIS FORM TO THE JURY ROOM AND, WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL HAVE YOUR FOREPERSON WRITE YOUR VERDICT, DATE AND SIGN THE FORM[S], AND THEN RETURN WITH YOUR VERDICT TO THE COURTROOM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE OF THE JURY, THROUGH THE BAILIFF. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING AND THE COURT WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE OTHER THAN IN WRITING OR ORALLY HERE IN OPEN COURT.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON - NOT EVEN TO THE COURT - HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF WHETHER OR NOT THE PLAINTIFF HAS SUSTAINED HER BURDEN OF PROOF UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.