FILED
2011 Jul-14 PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                   NORTHEASTERN DIVISION


JAMON T. BRIM,                    *
                    Plaintiff,    *   10-CV-00369-IPJ
                                  *   February 25, 2011
vs.                               *   Florence, Alabama
                                  *   9:02 a.m.
MIDLAND CREDIT MANAGEMENT,*
INC.,                             *
                    Defendant.    *
          * * * * * * * * * * * * * * * * * * * * * * * * * *


                  TRANSCRIPT OF JURY TRIAL
          BEFORE THE HONORABLE INGE P. JOHNSON
               UNITED STATES DISTRICT JUDGE

                        VOLUME IV


          FOR THE PLAINTIFF:

          MR. LEONARD A. BENNETT, ESQ.
          CONSUMER LITIGATION ASSOCIATES
          12515 Warwick Blvd
          Suite 100
          Newport News, VA 23606
          757-930-3660

          MS. PENNY HAYS CAULEY, ESQ.
          HAYS CAULEY
          P O Box 509
          Darlington, SC 29540
          843-393-5200

          MR. RONALD C. SYKSTUS, ESQ.
          BOND, BOTES, SYKSTUS & LARSEN
          415 Church Street
          Suite 100
          Huntsville, AL 35801
          256-539-9899
```

*CHERYL K. POWELL, CCR, RPR, FCRR*
Federal Official Court Reporter
1729 Fifth Avenue, North
Birmingham, AL 35203
256-508-4050/wrd4wrdrpr@aol.com

Case 3:15-cv-00594-MHL Document 135-4 Filed 12/11/17 Page 2 of 45 PageID# 2362
Case 9:10-cv-00369-PJ3 Document 115 Filed 07/14/11 Page 10 of 168

10

1    Let the record show this is CV-10-369,

2  Jamon Brim versus Midland Credit Management, Inc.

3  Let the record show the parties are present.  The

4  attorneys are present.  The jury is present.  I

09:22:12  5  trust you had a good night.

6    The defendant has rested.  That means at

7  this time I'm going to read you the law that you

8  should apply to the facts as you find them to be.

9  And you should have a copy each.  Is there one on

09:22:24 10  the seat for each person?  That's yours.  You can

11  either follow along or listen, or you can use it

12  to make notes.  That's yours to take to the jury

13  room when you deliberate.

14    And if for some reason I start coughing,

09:22:38 15  you just have to bear with me.  Don't continue

16  reading, though.  I do have to read it to you on

17  the record.  Okay?

18    Ladies and gentlemen of the jury, we have

19  now reached that point in the trial where it is

09:22:48 20  the Court's obligation to instruct you with

21  respect to the law that you should apply to the

22  facts as you find them to be.  These various

23  principles of law should be understood in the

24  context of each other.

09:22:58 25    When a judge and a jury sit together as a

Case 3:15-cv-00594-MHL Document 135-4 Filed 12/11/17 Page 2 of 45 PageID# 2363
Case 9:15-cv-00369-MHL Document 115 Filed 07/14/19 Page 41 of 100

11

09:23:12

1    court of law, it is the duty of the judge to see

2    that the trial progresses in an orderly fashion,

3    to rule upon all legal matters that are

4    presented, to define the issues involved, and

5    instruct the jury as to the law applicable to the

6    particular case.

7         It will be your duty, as jurors, to follow

8    the law as so stated to you by the judge.  You

9    will, therefore, render a verdict in accordance

10   with the facts as you determine them to be from

11   the evidence and the law as given to you by the

12   Court.

13        I charge you that any ruling, statement,

14   or expression that may have been made by me

15   during the course of this trial is not to be

16   considered by you as any effort on my part to

17   convey to you any feeling or opinion about the

18   facts in this case or the credibility of any

19   witness.  I do not have any such opinion.

20        When a person files a lawsuit, the person

21   or entity sued has a right to file an answer.

22   The fact that a lawsuit is filed does not give

23   rise to an inference that the plaintiff is

24   entitled to recover.  When a complaint and answer

25   have been filed, a dispute exists which then is

1  presented during a trial for your determination.

2      In this case, the plaintiff is Jamon T.

3  Brim.  The defendant is Midland Credit

4  Management, Inc.  They are the only parties to

09:24:24  5  this lawsuit.

6      The Court charges you that although the

7  defendant in this case is a corporation, you are

8  not to consider its status as a business in

9  deciding the merits of this case.  The Court

09:24:38  10  charges you that for purposes of this case, the

11  defendant is entitled to the same consideration

12  as an individual such as the plaintiff.

13      A corporation may only act through natural

14  persons as its agents or employees, and, in

09:24:54  15  general, any agent or employee of a corporation

16  may bind the corporation by his or her acts and

17  declarations made while acting within the scope

18  of his or her duties as an employee of the

19  corporation.

09:25:06  20      In this case, the plaintiff has the burden

21  of proof; that is, the burden to establish by a

22  preponderance of the evidence that he is entitled

23  to recover.

24      To establish by a preponderance of the

09:25:26  25  evidence means to prove that something is more

Case 3:15-cv-00594-MHL Document 135-4 Filed 12/11/17 Page 5 of 45 PageID# 2365
Case 5:15-cv-00369-FL Document 115 Filed 07/14/17 Page 13 of 100

13

1    likely so than not so.  In other words, a

2    preponderance of the evidence in the case means

3    such evidence, as when considered and compared

4    with that opposed to it, has more convincing

09:25:44  5    force and produces, in your minds, belief that

6    what is sought to be proved is more likely true

7    than not.

8         If the evidence is so evenly balanced that

9    you are unable to say that the evidence on either

09:25:56  10   side of the issue is more convincing, your

11   finding on that issue must be against the

12   plaintiff.

13        The preponderance of the evidence burden

14   does not, of course, require proof to an absolute

09:26:10  15   certainty, since proof to an absolute certainty

16   is seldom possible in any case.

17        In determining whether any fact in issue

18   has been proved by a preponderance of the

19   evidence in the case, the jury may, unless

09:26:22  20   instructed otherwise, consider the testimony of

21   all the witnesses, regardless of who may have

22   called them, and all exhibits received into

23   evidence, regardless of who may have produced

24   them.

09:26:34  25        In this case, the plaintiff, Jamon T.

1    Brim, claims that he was damaged by defendant,

2    Midland Credit Management Inc.'s, negligent or

3    willful violation of the Fair Credit Reporting

4    Act in 15 U.S. Code, Section 1681.

09:26:54  5          Specifically, the plaintiff asserts that

6    the defendant failed to investigate his dispute

7    in a reasonable fashions; that is, the

8    defendant's use of the automated batch interface

9    system was unreasonable and, therefore, a

09:27:06  10   violation of the plaintiff's rights under the

11   act.

12          The plaintiff claims that the defendant

13   negligently or willfully failed to comply with

14   the Fair Credit Reporting Act in failing to

09:27:16  15   review the information provided to defendant by

16   Experian, Equifax, and Transunion and in failing

17   to reasonably investigate his dispute; that is,

18   the plaintiff claims that the defendant's system

19   for reviewing a dispute was unreasonable.

09:27:32  20          The defendant denies that it negligently

21   or willfully violated any provision of the Fair

22   Credit Reporting Act.  The defendant claims that

23   its procedures when it received notice of a

24   dispute from a consumer and/or consumer reporting

09:27:46  25   agency were reasonable, and it claims that the

Case 3:15-cv-00594-MHH Document 135-4 Filed 12/17/17 Page 7 of 45 PageID # 2367
Case 9:15-cv-00369-PG Document 115-4 Filed 07/14/19 Page 45 of 108

15

1   procedures it employed in handling the disputes

2   stemming from Mr. Brim's purchase of his computer

3   from Dell were reasonable.

4        It is for you to determine whether the

09:27:58  5   defendant acted in a reasonable manner.

6        The relevant text of the Fair Credit

7   Reporting Act, which is found in 15 U.S. Code,

8   Section 1681s-2(b) states as follows:  Duties of

9   furnishers of information upon notice of dispute,

09:28:18 10   One, in general, after receiving notice pursuant

11   to Section 1681i(a)(2) of this title of a dispute

12   with regard to the completeness or accuracy of

13   any information provided by a person to a

14   consumer reporting agency, the person shall, A,

09:28:40 15   conduct an investigation with respect to the

16   disputed information; B, review all relevant

17   information provided by the consumer reporting

18   agency pursuant to Section 1681i(a)(2) of the

19   this title; C, report the result of the

09:29:00 20   investigation to the consumer reporting agency;

21   D, if the investigation finds that the

22   information is incomplete or inaccurate, report

23   those results to all other consumer reporting

24   agencies to which the person furnished the

09:29:16 25   information and that compile and maintain files

Case 3:15-cv-00594-MHL Document 135-4 Filed 12/11/17 Page 8 of 45 PageID# 2368
Case 3:15-cv-00369-MHL Document 113 Filed 07/14/19 Page 16 of 160

16

1    on consumers on a nationwide basis; and E, if an

2    item of information disputed by a consumer is

3    found to be inaccurate or incomplete and cannot

4    be verified after reinvestigation under Paragraph

09:29:34  5    (1), for purposes of reporting to a consumer

6    reporting agency only, as appropriate, based on

7    the results of the investigation promptly, (i),

8    modify that item of information, (ii), delete

9    that item of information, or (iii), permanently

09:29:56  10   block the reporting of that item of information.

11        I charge you that, for purposes of this

12   case, the plaintiff is a consumer entitled to the

13   protections and benefits of the Fair Credit

14   Reporting Act.

09:30:08  15        To prevail on his claim that the defendant

16   negligently failed to comply with the Fair Credit

17   Reporting Act, the plaintiff must establish each

18   of the elements of such a claim by a

19   preponderance of the evidence.

09:30:22  20        The first element requires proof of one or

21   more of the following:  A, that the defendant

22   failed to conduct a reasonable investigation with

23   respect to the dispute of credit information; or,

24   B, that the defendant failed to review and

09:30:38  25   consider all relevant information provided by the

Case 3:15-cv-00594-MHL Document 135-4 Filed 12/11/17 Page 9 of 45 PageID# 2369
Case 9:15-cv-00369-FPG Document 158 Filed 07/14/19 Page 17 of 108

17

09:30:56

1    consumer reporting agencies; and, Two, that the

2    plaintiff was damaged by the alleged violation or

3    violations of the act; and Three, that the

4    negligence of the defendant, Midland Credit

5    Management, Inc., proximately caused the damage

6    suffered by the plaintiff.

7          Your verdict would be for the plaintiff if

8    you find that the defendant negligently violated

9    the act; that the plaintiff was injured; and that

09:31:10   10   defendant's negligent violation of the act was

11   the proximate cause of the plaintiff's injury.

12         Your verdict must be for the defendant if

13   you find that the plaintiff failed to establish

14   any one of these elements.

09:31:22   15         In this case, the parties have stipulated

16   to the facts read to you by the Court at the

17   beginning of this case.  That means that you must

18   take these facts as proved.  No further evidence

19   in this case is required to accept these facts as

09:31:40   20   true.

21         The term, "negligence," means the failure

22   to do something that a reasonably-prudent entity

23   would do or the doing of something that a

24   reasonably-prudent entity would not do under the

09:31:54   25   circumstances you find existed in this case.  You

Case 3:15-cv-00504-MHH Document 135-1 Filed 12/11/17 Page 10 of 45 PageID# 2370
Case 3:15-cv-00369-MHH Document 115 Filed 07/14/19 Page 15 of 108

18

1    are to decide what a reasonably-prudent entity

2    would do or not do under the circumstances.

3         The term, "proximate cause," means that

4    there must be a causal connection between the

09:32:10  5    conduct of the defendant that the plaintiff

6    claims was negligent and the damage complained of

7    by the plaintiff is the natural, probable result

8    of that conduct.

9         The plaintiff further claims that the

09:32:24 10    defendant willfully failed to comply with the

11    Fair Credit Reporting Act.  The plaintiff has the

12    burden of proving each of the following elements

13    of such a claim by a preponderance of the

14    evidence.  One:  That the defendant willfully

09:32:40 15    failed to comply with the Fair Credit Reporting

16    Act by, A, willfully failing to conduct a

17    reasonable investigation with respect to the

18    dispute of credit information or by willfully

19    failing to review and consider all relevant

09:32:56 20    information provided by the consumer reporting

21    agencies; and Two, that the plaintiff was damaged

22    by the alleged violation or violations of the

23    act; and Three, that the willful failure of

24    Midland Credit Management, Inc. to comply with

09:33:10 25    the act proximately called the damage suffered by

1    the plaintiff.

2          Your verdict will be for the plaintiff if

3    you find that the plaintiff proved that the

4    defendant willfully failed to comply with the

09:33:20   5    act; that the plaintiff was injured; and that

6    defendant's willful violation of the act was the

7    proximate cause of the plaintiff's injury.

8          Your verdict must be for the defendant if

9    you find that the plaintiff failed to establish

09:33:36   10    any one of these elements.

11          To prove a willful violation, a consumer

12    must prove that a consumer reporting agency

13    either knowingly or recklessly violated the

14    requirements of the act.  To prove a reckless

09:33:54   15    violation, a consumer must establish that the

16    action of the agency is not only a violation

17    under a reasonable reading of the statute's terms

18    but shows that the company ran a risk of

19    violating the law substantially greater than the

09:34:08   20    risk associated with a reading that was merely

21    careless.

22          Now, I want to also tell you here that the

23    definition of proximate cause is, for purposes of

24    the plaintiff's claim of willful violation of the

09:34:26   25    act -- that definition that I gave you under the

Case 3:15-cv-00594-MHH Document 135-4 Filed 12/11/17 Page 12 of 45 PageID# 2372
Case 3:15-cv-00369-MHH Document 115 Filed 07/14/19 Page 25 of 108

20

1    explanation on the previous page with respect to

2    the plaintiff's claim for negligent violation of

3    the act, that term is defined the same way.

4         Defendant, Midland Credit Management,

09:34:40  5    Inc., was required to conduct a reasonable

6    investigation.  Factors to be considered in

7    determining whether the defendant has conducted a

8    reasonable investigation include whether the

9    consumer; that is, Mr. Brim, alerted the

09:34:54  10    defendant that its information was unreliable and

11    whether the credit bureaus alerted the defendant

12    that Mr. Brim contested the debt in question.

13    You may also consider the cost of verifying the

14    accuracy of the information versus the harm of

09:35:08  15    reporting inaccurate information.

16         The standard for such an investigation is

17    what a reasonably-prudent entity would do under

18    the same or similar circumstances.  Evaluating

19    the reasonableness of the defendant's actions

09:35:24  20    involves weighing the potential harm from

21    inaccuracy against the burden of safeguarding

22    against such inaccuracies.

23         An investigation is a detailed inquiry or

24    systematic examination.  The plain meaning of,

09:35:38  25    quote, investigation, unquote, requires some

Case 3:15-cv-00594-MHL Document 135-4 Filed 12/11/17 Page 13 of 45 PageID# 2373
Case 3:15-cv-00369-HTW Document 115 Filed 01/14/19 Page 25 of 108

21

1       degree of careful inquiry by a furnisher of

2       credit information.

3           The law requires that after receiving

4       notice of a consumer's dispute through a consumer

09:35:52  5   reporting agency, a creditor, such as the

6       defendant, may not furnish any information

7       relating to that consumer if the creditor knows

8       the information is inaccurate.

9           Damages to be recovered are limited to

09:36:04 10   those, if any, arising from a negligent or

11      willful failure to conduct a reasonable

12      investigation.  If your verdict is for the

13      plaintiff on the claim of negligent

14      noncompliance, then you must determine the amount

09:36:18 15   of damages, if any, that reasonably, fairly, and

16      adequately compensate for the injury caused by

17      the defendant's violation of the law.  If you

18      find that the defendant negligently violated the

19      Fair Credit Reporting Act, you may award

09:36:36 20   compensatory or actual damages as I will define

21      that term for you in a moment.

22          If you find that the defendant willfully

23      violated the act, damages recoverable are two

24      kinds.  First, there are damages that are

09:36:48 25   actually suffered by reason of the alleged wrong.

*CHERYL K. POWELL, CCR, RPR, FCRR*
Federal Official Court Reporter
1729 Fifth Avenue, North
Birmingham, AL 35203
256-508-4050/wrd4wrdrpr@aol.com

Case 3:15-cv-00594-MHL Document 135-4 Filed 12/11/17 Page 14 of 45 PageID# 2374
Case 3:15-cv-00369-MHL Document 115 Filed 07/14/17 Page 22 of 100

22

1    If you find that the defendant willfully violated

2    the Fair Credit Reporting Act by failing to

3    follow reasonable procedures in its investigation

4    of the plaintiff's dispute, you must award the

09:37:02  5    plaintiff the actual damages that you find he

6    sustained as a result of this failure.

7         If you find that the plaintiff suffered no

8    actual damages or damages of less than $100 as a

9    result of the willful violations, then you must

09:37:18  10   award statutory damages.

11        Statutory damages are those damages fixed

12   by law.  I instruct you that, under the Fair

13   Credit Reporting Act, statutory damages

14   applicable to the facts of this case are no less

09:37:30  15   than $100 but no more than $1,000.  These are

16   damages fixed by statute and are separate from

17   any actual damages.

18        As I have stated to you, you may only

19   award statutory damages if you find the plaintiff

09:37:46  20   to have suffered no actual damages or damages of

21   less than $100.

22        Second, there are punitive damages, which

23   means damages over, above, and different from

24   actual damages.  I will explain punitive damages

09:38:02  25   further in a moment.

Case 3:15-cv-00594-MHL Document 135-1 Filed 12/11/17 Page 15 of 45 PageID# 2375
Case 3:15-cv-00369-TMP Document 115 Filed 07/14/19 Page 25 of 108

23

Case 3:15-cv-00369-TMP Document 115 Filed 07/14/19 Page 25 of 108

1        In considering the issue of the

2   plaintiff's damages, you are instructed that you

3   should assess the amount you find to be justified

4   by a preponderance of the evidence as full, just,

09:38:14   5   and reasonable compensation for all of the

6   respective plaintiff's damages, no more and no

7   less.

8        Whether in regard to negligent or willful

9   violation of the act, compensatory, or actual

09:38:26  10   damages are intended as money compensation to the

11   party wronged to compensate him for the injury

12   and other damages that have been inflicted as the

13   result of or were caused by the wrong complained

14   of.

09:38:40  15        Compensatory or actual damages are allowed

16   and should be awarded where a party satisfied the

17   jury by a preponderance of the evidence that the

18   party has been injured or damaged by the wrongful

19   act or acts of the party charged.

09:38:54  20        The purpose of awarding compensatory

21   damages is to fairly and reasonably compensate

22   the injured party for the loss or injury actually

23   sustained.  Compensatory damages are not allowed

24   as a punishment and must not be imposed or

09:39:08  25   increased to penalize the defendant.

***CHERYL K. POWELL, CCR, RPR, FCRR***
Federal Official Court Reporter
1729 Fifth Avenue, North
Birmingham, AL 35203
256-508-4050/wrd4wrdrpr@aol.com

Case 3:15-cv-00504-MHH Document 135-4 Filed 12/11/17 Page 16 of 45 PageID# 2376
Case 3:15-cv-00369-VAB Document 115 Filed 07/14/19 Page 24 of 108

24

1          Also, compensatory damages must not be

2     based on speculation or guesswork, because it is

3     only actual damages that are recoverable.  Actual

4     damages include recovery for any out-of-pocket

09:39:22  5     expenses and damages for personal humiliation,

6     embarrassment, anguish, and emotional distress.

7          On the other hand, compensatory damages

8     are not restricted to actual loss of time or

9     money.  They cover both the mental and physical

09:39:38 10     aspects of the injury, tangible and intangible.

11     Thus, no evidence of the value of such intangible

12     things as emotional and mental anguish has been

13     or need be introduced.

14          In that respect, it is not value you are

09:39:52 15     trying to determine but an amount that will

16     fairly compensate the plaintiff for those claims

17     of damage.  There is no exact standard to be

18     applied.  Any such award should be fair and just

19     in the light of the evidence.  This element of

09:40:12 20     damages is left to your good sound judgment and

21     discretion as to what amount would reasonably and

22     fairly compensate the plaintiff for such

23     emotional distress you find from the evidence he

24     did suffer.

09:40:22 25          Proof of an outright denial of credit is

Case 3:15-cv-00594-MHH Document 135-1 Filed 12/11/17 Page 17 of 45 PageID# 2377
Case 3:15-cv-00369-MHH Document 115 Filed 07/14/19 Page 25 of 108

25

1 not necessary in order for you to award actual

2 damages under the Fair Credit Reporting Act.

3   If you are satisfied by a preponderance of

4 the evidence that the plaintiff sustained mental

09:40:32 5 or emotional damages as a result of the wrongs in

6 question, you should award a sum which will

7 reasonably and fairly compensate him for such

8 emotional distress.

9   If you, as a juror, further find that the

09:40:46 10 acts or omissions of the defendant that

11 proximately caused the actual injury or damage to

12 the plaintiff were willfully done, then you may,

13 if, in the exercise of your discretion, you

14 unanimously choose to do so, add to the award of

09:41:02 15 actual damages such amount as you shall

16 unanimously agree to be proper as punitive

17 damages.

18   Whether or not to make any award of

19 punitive damages in addition to actual damages is

09:41:12 20 a matter exclusively within your province.  If

21 you find only negligent violations of the act,

22 you would not reach the issue of punitive

23 damages.

24   Punitive damages are awarded for the

09:41:26 25 purpose of punishing the defendant for its

1    wrongful conduct and to deter others from

2    engaging in similar wrongful conduct.  You should

3    bear in mind, however, that the law requires that

4    the amount of punitive damages, if any, must be

09:41:40  5    fixed with calm discretion and sound reasoning.

6    Punitive damages must never be awarded due to

7    sympathy, bias, or prejudice with respect to the

8    parties.

9         If you choose to award punitive damages

09:41:52 10    against the defendant, Midland Credit Management,

11    Inc., for willful violation of the Fair Credit

12    Reporting Act, you may consider the following

13    facts in considering such an award:  The stated

14    remedial purpose of the Fair Credit Reporting

09:42:06 15    Act; the harm to the consumer -- the harm the

16    consumer is expected to avoid or have corrected

17    by those requirements; the manner in which the

18    defendant conducted its business; the length of

19    time before the defendant corrected its mistake;

09:42:20 20    the degree of notice provided to the defendant

21    about its mistake, and defendant's awareness of

22    the mistake.

23         If you find that punitive damages should

24    be assessed against the defendant, you may

09:42:32 25    consider the financial resources of the defendant

Case 3:15-cv-00594-MHT Document 135-4 Filed 12/11/17 Page 19 of 45 PageID# 2379
Case 3:15-cv-00369-TCB Document 115 Filed 07/14/19 Page 45 of 100

27

in fixing the amount of such damages.

The fact that I have instructed you on the law of damages must not be taken as an indication that you should find for the plaintiff.  It is for you to decide on the evidence presented and the rules of the law I have given you whether the plaintiff is entitled to recover from the defendant.

Instructions as to the measure of damages are given for your guidance in the event you should find in favor of the plaintiff, in accordance with the other instructions I have given you.  However, if you return a verdict for the plaintiff, you must decide the issue of damages.

I instruct you that the burden is on the plaintiff to prove by a preponderance of the evidence each item of damages he claims and that each item was caused by Midland Credit Management, Inc.  The plaintiff is not required to prove the exact amount of his damages but must show sufficient facts and circumstances to allow you to make a reasonable estimate of each item.  If the plaintiff fails to do so, he cannot recover for that item of damage.

Case 3:15-cv-00504-MHT Document 135-1 Filed 12/11/17 Page 20 of 45 PageID# 2380
Case 3:15-cv-00369-TPB Document 115 Filed 04/14/19 Page 25 of 100

28

It is for you, the jury, to decide whether
to award compensatory damages and, if so, what
amount. Therefore, if you decide that the
plaintiff has proven any or all of his claims,
then part of your remedies would be to award him
compensatory damages if you see fit to do so.

If you find for the plaintiff, you must
not take into account any consideration of
attorneys' fees or court costs in deciding the
amount of plaintiff's damages. The matter of
attorneys' fees and court costs will be decided
later by the Court.

You are the sole and exclusive judges of
the facts. As such, you must determine which of
the witnesses you believe, what portion of their
testimony you accept, and what weight you attach
to it.

At times during the trial, I may have
sustained objections to questions asked without
permitting the witness to answer. You may not
draw any inference from an unanswered question.
The law requires that your decision be made
solely upon competent evidence before you.

Competent evidence is the testimony from
the witnesses in person or testimony previously

given by deposition and exhibits admitted into

evidence by the Court.  Statements, arguments,

and comments by the lawyers, objections and

rulings on objections and testimony I told you to

09:45:00  disregard are not evidence.  Such items as I

exclude from your consideration will be excluded

because they are not legally admissible.

The law does not, however, require you to

accept all the evidence I admit, even though it

09:45:16  be competent.  In determining what evidence you

will accept, you must make your own evaluation of

the testimony given by each of the witnesses and

determine the degree of weight you choose to give

his or her testimony.  The testimony of the

09:45:30  witness may fail to conform to the facts as they

occurred because he or she is intentionally

telling a falsehood; because he or she did not

accurately see or hear that about which he or she

testified; because his or her recollection of the

09:45:44  event is faulty; or because he or she has not

expressed himself or herself clearly in giving

his or her testimony.

I also charge you that during the trial, I

may sometimes ask a witness a question.  Please

09:45:56  do not assume that I have any opinion about the

Case 3:15-cv-00504-MHH-36 Document 135-4 Filed 12/11/17 Page 22 of 45 PageID# 2382
Case 3:15-cv-00369-MHH Document 115 Filed 07/14/19 Page 35 of 108

30

1    subject matter of my questions.  I may ask a

2    question simply to clarify a matter, not to help

3    one side of the case or hurt another side.

4          Remember at all times that you, as jurors,

09:46:08  5    are the sole judges of the facts in this case.

6    There is no magical formula by which one may

7    evaluate testimony.  You bring with you to this

8    courtroom all of the experience and background of

9    your lives.  In your everyday affairs, you

09:46:26  10   determine for yourself the reliability or

11   unreliability of statements made to you by

12   others.  The same tests that you use in your

13   dealings are the tests which you apply in your

14   deliberations.

09:46:38  15        The interest or lack of interest of any

16   witness in the outcome of the case, the bias or

17   prejudice of a witness, if there be any, the age,

18   the appearance, the manner in which the witness

19   gives his or her testimony on the stand, the

09:46:52  20   opportunity that the witness had to observe the

21   facts concerning which he or she testifies, the

22   probability or improbability of the witness'

23   testimony, when viewed in light of all the

24   evidence in the case, are all items to be taken

09:47:06  25   into consideration by you in determining the

1    weight, if any, you will assign that witness'
2    testimony.
3           If such consideration makes it appear that
4    there is a discrepancy in the evidence, you will
09:47:16    5    have to consider whether the apparent discrepancy
6    may be reconciled by fitting the two stories
7    together.  If, however, that is not possible, you
8    will then have to determine which of the
9    conflicting versions you will accept.
09:47:32 10           You should ask yourself whether there was
11    evidence tending to prove whether the witness
12    testified falsely concerning some important fact
13    or whether there was evidence at some other time
14    the witness said or did something or failed to
09:47:44 15    say or do something which was different from the
16    testimony the witness gave before you during
17    trial.
18           You should keep in mind, of course, that a
19    simple mistake by a witness does not necessarily
09:47:58 20    mean that the witness was not telling the truth
21    as he or she remembers it.  Because people
22    naturally tend to forget some things and remember
23    other things incorrectly.
24           So if a witness has made a misstatement,
09:48:08 25    you need to consider whether that misstatement

was simply an innocent lapse of memory or an
intentional falsehood. And the significance of
that may depend on whether it has to do with an
important fact or only an unimportant detail.

09:48:22
        You are to consider only the evidence in
the case. But in your consideration of the
evidence, you're not limited to the bald
statements of the witnesses. In other words, you
are not limited solely to what you see and hear

09:48:34
as the witnesses testify. You are permitted to
draw from facts which you find have been provided
such reasonable inferences as seem justified in
the light of your experience.

        Inferences are deductions or conclusions

09:48:50
which reason and common sense lead the jury to
draw from facts which have been established by
the evidence in the case.

        There are, generally speaking, two types
of evidence from which a jury may properly find

09:49:02
the truth as to the facts of a case. One is
direct evidence, such as the testimony of an
eyewitness, or documents which state
uncontroverted matters. The other is indirect or
circumstantial evidence, the proof of a chain of

09:49:18
circumstances pointing to the existence or

Case 3:15-cv-00504-MHH Document 135-4 Filed 12/11/17 Page 25 of 45 PageID# 2385
Case 3:15-cv-00369-MHH Document 115 Filed 07/14/19 Page 35 of 108

33

1   nonexistence of certain facts.  The plaintiff may

2   prove his claims by presenting such indirect

3   evidence.

4        The testimony of a single witness which

09:49:30  5   produces, in your minds, belief in the likelihood

6   of the truth is sufficient for the proof of any

7   facts and would justify a verdict in accordance

8   with such testimony, even though a number of

9   witnesses may have testified to the contrary if,

09:49:44  10   after consideration of all the evidence in the

11   case, you hold greater belief in the accuracy and

12   reliability of the one witness.

13        Also, the number of witnesses testifying

14   regarding any particular issue is not

09:49:56  15   controlling.  You are to decide the facts in this

16   case fairly and impartially, without any

17   sympathy, without any prejudice, without any

18   favoritism, and without any fear as to the

19   consequences of your decision.

09:50:10  20        You are to decide what the facts are based

21   upon the evidence that has been presented in the

22   case, not upon the basis of guesswork or

23   speculation.  That does not mean, however, that

24   you are expected to leave your common sense

09:50:24  25   behind you.  You are expected, instead, to use

1    your common sense in applying and understanding

2    the evidence in this case when you deliberate.

3         In order to return a verdict, it is

4    necessary that each juror agree thereto.  Any

09:50:40  5    verdict that you render in this case must be

6    unanimous.  This means that each of you must

7    agree to the verdict and all be satisfied with

8    the verdict and that the verdict returned is your

9    verdict.

09:50:54 10    Your verdict in the case should not be

11    based upon or influenced by any sympathy for

12    either party nor any prejudice for or against

13    either party.  Your verdict should be based on

14    the evidence in this case that has been presented

09:51:06 15    to you from the witnesses who have testified,

16    whether in person or by deposition, and from the

17    exhibits.  And, of course, your verdict should be

18    based on the law as I explain it to you.

19    Sympathy and prejudice should play no role no

09:51:20 20    your verdict whatsoever.

21         When you go to the jury room, you should

22    first select one of your members to act as your

23    foreperson.  The foreperson will preside over

24    your deliberations and will speak for you here in

09:51:30 25    court.

*CHERYL K. POWELL, CCR, RPR, FCRR*
Federal Official Court Reporter
1729 Fifth Avenue, North
Birmingham, AL 35203
256-508-4050/wrd4wrdrpr@aol.com

Ladies and Gentlemen of the jury, we have now reached that point in the trial where it is the Court's obligation to instruct you with respect to the law that you should apply to the facts as you find them to be.  These various principles of law should be understood in the context of each other.

When a judge and a jury sit together as a court of law, it is the duty of the judge to see that the trial progresses in an orderly fashion, to rule upon all legal matters that are presented, to define the issue involved, and instruct the jury as to the law applicable to the particular case.

It will be your duty, as jurors, to follow the law as so stated to you by the judge.  You will therefore, render a verdict in accordance with the facts as you determine them to be from the evidence and the law as given to you by the Court.

I charge you that any ruling, statement, or expression that may have been made by me during the course of this trial is not to be considered by you as any effort on my part to convey to you any feeling or opinion about the facts in this case or the credibility of any witness.  I do not have any such opinion.

When a person files a lawsuit, the person or entity sued has a right to file an answer.  The fact that a lawsuit is filed does not give raise to an inference that the plaintiff is is entitled to recover.  When a complaint and answer have been filed, a dispute

exists which then is presented during a trial for your determination.

In this case, the plaintiff, Jamon T. Brim. The Defendant is Midland Credit Management, Inc. They are the only parties to this lawsuit.

The Court charges you that although the defendant in this case is a corporation, you are not to consider its status as a business in deciding the merits of this case. The Court charges you that for purposes of this case, the defendant is entitled to the same consideration as an individual such as the plaintiff.

A corporation may only act through natural persons as its agents or employees, and, in general, any agent or employee of a corporation may bind the corporation by his or her own acts and declarations made while acting within the scope of his or her duties as an employee of the corporation.

In this case, the plaintiff has the burden of proof, that is, the burden to establish by a preponderance of the evidence that he is entitled to recover.

To establish by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in this case means such evidence, as when considered and compared with that opposed to it, has more convincing force and produces, in your minds, belief that what is sought to be proved is more likely true than not.

If the evidence is so evenly balanced that you are unable to say that the evidence on either side of the issue is more convincing, your finding on that issue must be against the plaintiff.

The preponderance of the evidence burden does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact an issue has been proven by a preponderance of the evidence in the case, the jury may, unless instructed otherwise, consider the testimony of all the witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

In this case, the Plaintiff, Jamon T. Brim, claims that he was damaged by defendant, Midland Credit Management, Inc.'s negligent or willful violation of the Fair Credit Reporting Act in 15 U.S. Code, Section 1681.

Specifically, the plaintiff asserts that the defendant failed to investigate his dispute in a reasonable fashion; that is, the defendant's use of the automated batch interface system was unreasonable and, therefore, a violation of the plaintiff's rights under the act.

The Plaintiff claims that the defendant negligently or willfully failed to comply with the Fair Credit Reporting Act in failing to review the information provided to defendant by

Experian, Equifax and Trans Union and in failing to reasonably investigate his dispute; that is, the plaintiff claims that the defendant's system for reviewing a dispute was unreasonable.

The defendant denies that it negligently or willfully violated any provision of the Fair Credit Reporting Act. The defendant claims that its procedures when it received notice of a dispute from a consumer and/or consumer reporting agency were reasonable, and it claims that the procedures it employed in handling the disputes stemming from Mr. Brim's purchase of his computer from Dell were reasonable.

It is for you to determine whether the defendant acted in a reasonable manner.

The relevant text of the Fair Credit Reporting Act, which is found in 15 U.S. Code, Section 1681s-2(b) states as follows: Duties of furnishers of information upon notice of dispute, One, in general, after receiving notice pursuant to Section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall, A, conduct an investigation with respect to the disputed information, B, review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of the this title; C, report the result of the investigation to the consumer reporting agency, D, if the investigation finds that the information is incomplete or

inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and E, if an item of information disputed by a consumer is found to be inaccurate or incomplete and cannot be verified after reinvestigation under Paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the investigation promptly, (i) modify that item of information, (ii), delete that item of information, or (iii), permanently block the reporting of that item of information.

I charge you that, for purposes of this case, the plaintiff is a consumer entitled to the protections and benefits of the Fair Credit Reporting Act.

To prevail on his claim that the defendant negligently failed to comply with the Fair Credit Reporting Act, the plaintiff must establish each of the elements of such a claim by a preponderance of the evidence.

The first element requires proof of one or more of the following:  A, that the defendant failed to conduct a reasonable investigation with respect to the dispute of credit information; or, B, that the defendant failed to review and consider all relevant information provided by the consumer reporting agencies; and, Two, that the plaintiff was damaged by the alleged violation or violations of the act; and Three, that the negligence of the

defendant, Midland Credit Management, Inc. proximately caused the damage suffered by the Plaintiff.

Your verdict would be for the plaintiff if you find that the defendant negligently violated the act; that the plaintiff was injured; and that defendant's negligent violation of the act was the proximate cause of the plaintiff's injury.

Your verdict must be for the defendant if you find that the plaintiff failed to establish any one of these elements.

In this case, the parties have stipulated to the facts read to you by the Court at the beginning of the case. That means that you must take these facts as proved. No further evidence in this case is required to accept these facts facts as true.

The term, "negligence," means the failure to do something that a reasonably-prudent entity would do or the doing of something that a reasonably-prudent entity would not do under the circumstances you find existed in this case. You are to decide what a reasonably-prudent entity would do or not do under the circumstances.

The term "proximate cause," means that there must be a causal connection between the conduct of the defendant that the plaintiff claims was negligent and the damage complained of by the plaintiff is the natural, probably result of that conduct.

The plaintiff further claims that the defendant willfully failed to comply with the Fair Credit Reporting Act. The plaintiff

has the burden of proving each of the following elements of such a claim by a preponderance of the evidence.  One:  That the defendant willfully failed to comply with the Fair Credit Reporting Act by, A, willfully failing to conduct a reasonable investigation with respect to the dispute of credit information or by willfully failing to review and consider all relevant information provided by the consumer reporting agencies; and Two, that the plaintiff was damaged by the alleged violation or violations of the act; and Three, that the willful failure of Midland Credit Management, Inc. to comply with the act proximately called the damage suffered by the plaintiff.

Your verdict will be for the plaintiff if you find that the plaintiff proved that the defendant willfully failed to comply with the act; that the plaintiff was injured; and that defendant's willful violation of the act was the proximate cause of the plaintiff's injury.

Your verdict must be for the defendant if you find that the plaintiff failed to establish any of these elements.

To prove a willful violation, a consumer must prove that a consumer reporting agency either knowingly or recklessly violated the requirements of the act.  To prove a reckless violation, a consumer must establish that the action of the agency is not only a violation under a reasonable reading of the statute's terms but shows that the company ran a risk of violating the law

substantially greater than the risk associated with a reading that was merely careless.

Now, I want to also tell you here that the definition of proximate cause is, for purposes of the plaintiff's claim or willful violation of the act – that definition that I gave you under the explanation on the previous page with respect to the plaintiff's claim for negligent violation of the act, that term is defined the same way.

Defendant, Midland Credit Management, Inc., was required to conduct a reasonable investigation. Factors to be considered in determining whether the defendant has conducted a reasonable investigation include whether the consumer; that is, Mr. Brim, alerted the defendant that its information was unreliable and whether the credit bureaus alerted the defendant that Mr. Brim contested the debt in question. You may also consider the cost of verifying the accuracy of the information versus the harm of reporting inaccurate information.

The standard for such an investigation is what a reasonably-prudent entity would do under the same or similar circumstances. Evaluating the reasonableness of the defendant's actions involves weighing the potential harm from inaccuracy against the burden of safeguarding against such inaccuracies.

An investigation is a detailed inquiry or systematic examination.  The plain meaning of, "investigation" requires some degree of careful inquiry by a furnisher of credit information.

The law requires that after receiving notice of a consumer's dispute, through a consumer reporting agency, a creditor, such as the defendant, may not furnish any information relating to that consumer if the creditor knows the information is inaccurate.

Damages to be recovered are limited to those, if any, arising from a negligent or willful failure to conduct a reasonable investigation.  If your verdict is for the plaintiff on the claim of negligent noncompliance, then you must determine the amount of damages, if any, that reasonably, fairly, and adequately compensate for the injury caused by the defendant's violation of the law.  If you find that the defendant negligently violated the Fair Credit Reporting Act, you may award compensatory or actual damages as I will define that term for you in a moment.

If you find that the defendant willfully violated the act, damages recoverable are two kinds.  First, there are damages that are actually suffered by reason of the alleged wrong.

If you find that the defendant willfully violated the Fair Credit Reporting Act by failing to follow reasonable procedures in its investigation of the plaintiff's dispute, you must award the plaintiff the actual damages that you find he sustained as a result of this failure.

If you find that the plaintiff suffered no actual damages or damages of less than $100 as a result of the willful violations, then you must award statutory damages.

Statutory damages are those damages fixed by law.  I instruct you that, under the Fair Credit Reporting Act, statutory damages applicable to the facts in this case are no less than $100 but no more than $1,000.  These are damages fixed by statute and are separate from any actual damages.

As I have stated to you, you may only award statutory damages if you find the plaintiff to have suffered no actual damages or damages of less than $100.

Second, there are punitive damages, which means damages over, above, and different from actual damages.  I will explain punitive damages further in a moment.

In considering the issue of the plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the respective plaintiff's damages, no more and no less.

Whether in regard to negligent or willful violation of the act, compensatory, or actual damages are intended as money compensation to the party wronged to compensate him for the injury and other damages that have been inflicted as the result of or were caused by the wrong complained of.

Compensatory or actual damages are allowed and should be awarded where a party satisfied the jury by a preponderance of the evidence that the party has been injured or damaged by the wrongful act or acts of the party charged.

The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury actually sustained. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendant.

Also, compensatory damages must not be based on speculation or guesswork, because it is only actual damages that are recoverable. Actual damages include recovery for any out-of-pocket expenses and damages for personal humiliation, embarrassment, anguish, and emotional distress.

On the other hand, compensatory damages are not restricted to actual loss of time or money. They cover both the mental and physical aspects of the injury, tangible and intangible. Thus no evidence of the value of such intangible things as emotional and mental anguish has been or need be introduced.

In that respect, it is not value you are trying to determine but an amount that will fairly compensate the plaintiff for those claims of damage. There is no exact standard to be applied. Any such award should be fair and just in the light of the evidence. This element of damages is left to your good sound judgment and

discretion as to what amount would reasonably and fairly compensate the plaintiff for such emotional distress you find from the evidence he did suffer.

Proof of an outright denial of credit is not necessary in order for you to award actual damages under the Fair Credit Reporting Act.

If you are satisfied by a preponderance of the evidence that the plaintiff sustained mental or emotional damages as a result of the wrongs in question, you should award a sum which will reasonably and fairly compensate him for such emotional distress.

If you, as a juror, further find that the acts or omissions of the defendant that proximately caused the actual injury or damage to the plaintiff were willfully done, then you may, if, in the exercise of your discretion, you unanimously choose to do so, add to the award of actual damages such amount as you shall unanimously agree to be proper as punitive damages.

Whether or not to make an award of punitive damages in addition to actual damages is a matter exclusively within your province.  If you find only negligent violations of the act, you would not reach the issue of punitive damages.

Punitive damages are awarded for the purpose of punishing the defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct.  You should bear in mind, however, that the law requires that the amount of punitive damages,

if any, must be fixed with calm discretion and sound reasoning. Punitive damages must never be awarded due to sympathy, bias, or prejudice with respect to the parties.

If you so choose to award punitive damages against the defendant, Midland Credit Management, Inc., for willful violation of the Fair Credit Reporting Act, you may consider the following facts in considering such an award:  The stated remedial purpose of the Fair Credit Reporting Act; the harm to the consumer – the harm the consumer is expected to avoid or to have corrected by those requirements; the manner in which the defendant conducted its business; the length of time before the defendant corrected its mistake; the degree of notice provided to the defendant about its mistake, and defendant's awareness of the mistake.

If you find that punitive damages should be assessed against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

The fact that I have instructed you on the law of damages must not be taken as an indication that you should find for the plaintiff.  It is for you to decide on the evidence presented and the rules of the law I have given you whether the plaintiff is entitled to recover from the defendant.

Instructions as to the measure of damages are given for your guidance in the event you should find in favor of the plaintiff, in accordance with the other instructions I have given you.

However, if you return a verdict for the plaintiff, you must decide the issue of damages.

I instruct you that the burden is on the plaintiff to prove by a preponderance of the evidence each item of damages he claims and that each item was caused by Midland Credit Management, Inc. The plaintiff is not required to prove the exact amount of his damages but must show sufficient facts and circumstances to allow you to make a reasonable estimate of each item.  If the plaintiff fails to do so, he cannot recover for that item of damage.

It is for you, the jury, to decide whether to award compensatory damages and, if so, what amount.  Therefore, if you decide that the plaintiff has proven any or all of his claims, then part of your remedies would be to award him compensatory damages if you see fit to do so.

If you find for the plaintiff, you must not take into account any consideration of attorneys' fees or court costs in deciding the amount of plaintiff's damages.  The matter of attorneys' fees and court costs will be decided later by the Court.

You are the sole exclusive judges of the facts.  As such, you must determine which of the witnesses you believe, what portion of their testimony you accept, and what weight you attach to it.

At times during the trial, I may have sustained objections to questions asked without permitting the witness to answer.  You may not draw any inference from an unanswered question.   The law

requires that your decision be made solely upon competent evidence before you.

Competent evidence is the testimony from the witnesses in person or testimony previously given by deposition and exhibits admitted into evidence by the Court.  Statements, arguments, and comments by the lawyers, objections and rulings on objections and testimony I told you to disregard are not evidence.  Such items as I exclude from your consideration will be excluded because they are not legally admissible.

The law does not, however, require you to accept all the evidence I admit, even though it be competent.  In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses and determine the degree of weight you choose to give his or her testimony.  The testimony of the witness may fail to conform to the facts as they occurred because he or she is intentionally telling a falsehood; because he or she did not accurately see or hear that about which he or she testified; because his or her recollection of the event is faulty; or because he or she has not expressed himself or herself clearly in giving his or her testimony.

I also charge you that during the trial, I may sometimes ask a witness a question.  Please do not assume that I have any opinion about the subject matter of my questions.  I may ask a question

simply to clarify a matter, not to help one side of the case or hurt another side.

Remember all the times that you, as jurors, are the sole judges of the facts in this case.  There is no magical formula by which one may evaluate testimony.  You bring with you to this courtroom all of the experience and background of your lives.  In your everyday affairs, you determine for yourself the reliability or unreliability of statements made to you by others.  The same tests that you use in your dealings are the tests which you apply in your deliberations.

The interest or lack of interest of any witness in the outcome of the case, the bias or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives his or her testimony on the stand, the opportunity that the witness had to observe the facts concerning which he or she testifies, the probability or improbability of the witness' testimony, when viewed in light of all the evidence in this case, are all items to be taken into consideration by you in determining the weight, if any, you will assign that witness' testimony.

If such consideration makes it appear that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy may be reconciled by fitting the two stories together.  If, however, that is not possible, you will then have to determine which of the conflicting versions you will accept.

You should ask yourself whether there was evidence tending to prove whether the witness testified falsely concerning some important fact or whether there was evidence at some other time the witness said or did something or failed to say or do something which was different from the testimony the witness gave before you during trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it.  Because people naturally tend to forget some things and remember other things incorrectly.

So if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood.  And the significance of that may depend on whether it has to do with an important fact or only an unimportant detail.

You are to consider only the evidence in the case.  But in your consideration of the evidence, you're not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts which you find have been provided such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence, such as testimony of an eyewitnesses, or documents which state uncontroverted matters.   The other is indirect or circumstantial evidence, the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.   The plaintiff may prove his claims by presenting such indirect evidence.

The testimony of a single witness which produces, in your minds, belief in the likelihood of the truth is sufficient for the proof of any facts and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

Also, the number of witnesses testifying regarding any particular issue is not controlling.  You are to decide the facts in this case fairly and impartially, without any sympathy, with out any prejudice, without any favoritism, and without any fear as to the consequences of your decision.

You are to decide what the facts are based upon the evidence that has been presented in the case, not upon the basis of guesswork or speculation.  That does not mean, however, that you are expected to leave your common sense behind you.  You are expected, instead, to use your common sense in applying and understanding the evidence in this case when you deliberate.

In order to return a verdict, it is necessary that each juror agree thereto.  Any verdict that you render in this case must be unanimous.  This means that each of you must agree to the verdict and that the verdict returned is your verdict.

Your verdict in the case should not be based upon or influenced by any sympathy for either party nor any prejudice for or against either party.  Your verdict should be based on the evidence in this case that has been presented to you from the witnesses who have testified, whether in person or by deposition, and from the exhibits.  And, of course, your verdict should be based on the law as I explain it to you.  Sympathy and prejudice should play no role no your verdict whatsoever.

When you do to the jury room, you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

And I will explain the verdict form to you as soon as the attorneys have presented closing arguments.