JURY INSTRUCTION NO. 1

## BEGINNING OF CHARGE -- PROVINCE OF THE COURT - CIVIL

MEMBERS OF THE JURY:

NOW THAT YOU HAVE HEARD THE EVIDENCE AND THE ARGUMENT, IT BECOMES MY DUTY TO GIVE YOU THE INSTRUCTIONS OF THE COURT AS TO THE LAW APPLICABLE TO THIS CASE.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS STATED IN THE INSTRUCTIONS OF THE COURT, AND TO APPLY THE RULES OF LAW SO GIVEN TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE.

COUNSEL HAVE QUITE PROPERLY REFERRED TO SOME OF THE GOVERNING RULES OF LAW IN THEIR ARGUMENTS. IF, HOWEVER, ANY DIFFERENCE APPEARS TO YOU BETWEEN THE LAW AS STATED BY COUNSEL AND THAT STATED BY THE COURT IN THESE INSTRUCTIONS, YOU OF COURSE ARE TO BE GOVERNED BY THE INSTRUCTIONS.

YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

NEITHER ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY RULES OF LAW STATED BY THE COURT. REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANY OTHER VIEW OF THE LAW THAN THAT GIVEN IN THE INSTRUCTIONS OF THE COURT; JUST AS IT WOULD BE A VIOLATION OF YOUR SWORN DUTY, AS JUDGES OF THE FACTS, TO BASE A VERDICT UPON ANYTHING BUT THE EVIDENCE IN THE CASE.

## BEGINNING OF CHARGE -- PROVINCE OF THE COURT - CIVIL (CONT'D)

JUSTICE THROUGH TRIAL BY JURY MUST ALWAYS DEPEND UPON THE
WILLINGNESS OF EACH INDIVIDUAL JUROR TO SEEK THE TRUTH AS TO THE FACTS
FROM THE SAME EVIDENCE PRESENTED TO ALL THE JURORS; AND TO
ARRIVE AT A VERDICT BY APPLYING THE SAME RULES OF LAW, AS GIVEN IN
THE INSTRUCTIONS OF THE COURT.

AUTHORITY: 3 Devitt and Blackmar, Federal Jury Practice and
Instructions, § 71.01 (4th ed. 1987).

JURY INSTRUCTION NO. 2

**PROVINCE OF THE JURY - CIVIL**

YOU ARE TO PERFORM THIS DUTY WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY.  THE LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY SYMPATHY, PREJUDICE, OR PUBLIC OPINION.  THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT AND REACH A JUST VERDICT, REGARDLESS OF THE CONSEQUENCES.

AUTHORITY: 3 Devitt and Blackmar, _Federal Jury Practice and Instructions_, § 71.01 (4th ed. 1987).

JURY INSTRUCTION NO. 3

## ALL PERSONS EQUAL BEFORE THE LAW -- ORGANIZATIONS -- CIVIL

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS OF LIFE.  A CORPORATION IS ENTITLED TO THE SAME FAIR TRIAL AT YOUR HANDS AS A PRIVATE INDIVIDUAL. ALL PERSONS, INCLUDING CORPORATIONS, PARTNERSHIPS, UNINCORPORATED ASSOCIATIONS, AND OTHER ORGANIZATIONS, STAND EQUAL BEFORE THE LAW, AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.

AUTHORITY:  3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 71.04 (4th ed. 1987).

JURY INSTRUCTION NO. 4

**JUDGING THE EVIDENCE - CIVIL**

THERE IS NOTHING PARTICULARLY DIFFERENT IN THE WAY THAT A JUROR SHOULD CONSIDER THE EVIDENCE IN A TRIAL FROM THAT IN WHICH ANY REASONABLE AND CAREFUL PERSON WOULD TREAT ANY VERY IMPORTANT QUESTION THAT MUST BE RESOLVED BY EXAMINING FACTS, OPINIONS, AND EVIDENCE. YOU ARE EXPECTED TO USE YOUR GOOD SENSE IN CONSIDERING AND EVALUATING THE EVIDENCE IN THE CASE FOR ONLY THOSE PURPOSES FOR WHICH IT HAS BEEN RECEIVED AND TO GIVE SUCH EVIDENCE A REASONABLE AND FAIR CONSTRUCTION IN THE LIGHT OF YOUR COMMON KNOWLEDGE OF THE NATURAL TENDENCIES AND INCLINATIONS OF HUMAN BEINGS.

AUTHORITY: Based on 1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 12.02 (4th ed. 1992).

JURY INSTRUCTION NO. 5

**OBJECTIONS AND RULINGS - CIVIL**

IT IS THE SWORN DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR EXHIBITS WHICH THAT ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. ONLY BY RAISING AN OBJECTION CAN A LAWYER REQUEST AND OBTAIN A RULING FROM THE COURT ON THE ADMISSIBILITY OF THE EVIDENCE BEING OFFERED BY THE OTHER SIDE. YOU SHOULD NOT BE INFLUENCED AGAINST AN ATTORNEY OR [HIS] [HER] CLIENT BECAUSE THE ATTORNEY HAS MADE OBJECTIONS.

DO NOT ATTEMPT, MOREOVER, TO INTERPRET MY RULINGS ON OBJECTIONS AS SOMEHOW INDICATING TO YOU WHAT I BELIEVE THE OUTCOME OF THE CASE SHOULD BE.

AUTHORITY: 1 Devitt and Blackmar, _Federal Jury Practice and Instructions_, § 11.03 (4th ed. 1992).

JURY INSTRUCTION NO. 6

**COURT'S COMMENTS TO COUNSEL - CIVIL**

IT IS THE DUTY OF THE COURT TO ADMONISH AN ATTORNEY WHO, OUT OF ZEAL FOR HIS OR HER CAUSE, DOES SOMETHING WHICH THE COURT FEELS IS NOT IN KEEPING WITH THE RULES OF EVIDENCE OR PROCEDURE.

YOU ARE TO DRAW ABSOLUTELY NO INFERENCE AGAINST THE SIDE TO WHOM AN ADMONITION OF THE COURT MAY HAVE BEEN ADDRESSED DURING THE TRIAL OF THIS CASE.

AUTHORITY: 1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 11.04 (4th ed. 1992).

JURY INSTRUCTION NO. 7

**COURT'S QUESTIONS TO WITNESS - CIVIL**

DURING THE COURSE OF A TRIAL, I HAVE OCCASIONALLY ASKED QUESTIONS OF A WITNESS.  DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTIONS RELATED.  THE COURT MAY ASK A QUESTION SIMPLY TO CLARIFY A MATTER - NOT TO HELP ONE SIDE OF THE CASE OR HURT ANOTHER SIDE.

AUTHORITY: 1 Devitt and Blackmar, _Federal Jury Practice and Instructions_, § 11.05 (4th ed. 1992).

JURY INSTRUCTION NO. 3

## EVIDENCE IN CASE-STIPULATIONS-JUDICIAL NOTICE-INFERENCES PERMITTED- CIVIL

THE EVIDENCE IN THE CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM; AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM; AND ALL FACTS WHICH HAVE BEEN ADMITTED OR STIPULATED.

WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE EXISTENCE OF A FACT, HOWEVER, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE STIPULATION AS EVIDENCE, AND REGARD THAT FACT AS PROVED.

STATEMENTS, ARGUMENTS, QUESTIONS AND OBJECTIONS OF COUNSEL ARE NOT EVIDENCE IN THE CASE. ANY EVIDENCE AS TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT, AND ANY EVIDENCE ORDERED STRICKEN BY THE COURT, MUST BE ENTIRELY DISREGARDED.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE, AND MUST BE ENTIRELY DISREGARDED.

YOU ARE TO CONSIDER ONLY THE EVIDENCE IN THE CASE. BUT IN YOUR CONSIDERATION OF THE EVIDENCE, YOU ARE NOT LIMITED TO THE BALD STATEMENTS OF THE WITNESSES. IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY. YOU ARE PERMITTED TO DRAW, FROM FACTS WHICH YOU FIND HAVE BEEN PROVED, SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF EXPERIENCE.

AUTHORITY: Based on 1 Devitt and Blackmar, Federal Jury Practice and Instructions, § 11.11 (3rd ed. 1977), and 3 Devitt, Blackmar & Wolff,

<u>Federal Jury Practice and Instructions</u>, § 71.08 (4th ed. 1987).

JURY INSTRUCTION NO. $\underline{\phantom{9}}$ 9

**INFERENCES FROM THE EVIDENCE - CIVIL**

INFERENCES ARE SIMPLY DEDUCTIONS OR CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD THE JURY TO DRAW FROM THE EVIDENCE RECEIVED IN THE CASE.

AUTHORITY: Based on 1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 12.05 (4th ed. 1992).

JURY INSTRUCTION NO. 10

## DIRECT EVIDENCE -- CIRCUMSTANTIAL EVIDENCE - CIVIL

THERE ARE TWO TYPES OF EVIDENCE FROM WHICH YOU MAY FIND THE TRUTH

AS TO THE FACTS OF A CASE -- DIRECT AND CIRCUMSTANTIAL EVIDENCE.

DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE

OF A FACT, SUCH AS AN EYEWITNESS; CIRCUMSTANTIAL EVIDENCE IS PROOF

OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING A FACT.   THE LAW

MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT

OR CIRCUMSTANTIAL EVIDENCE.   NOR IS A GREATER DEGREE OF CERTAINTY

REQUIRED OF CIRCUMSTANTIAL EVIDENCE IN THE CASE.

AUTHORITY: Based on 1 Devitt and Blackmar, Federal Jury Practice and
Instructions, § 15.02 (3rd ed. 1977).

JURY INSTRUCTION NO. 11

**CONSIDERATION OF THE EVIDENCE -- CORPORATE PARTY'S AGENTS AND EMPLOYEES -- CIVIL**

WHEN A CORPORATION IS INVOLVED, OF COURSE, IT MAY ACT ONLY THROUGH NATURAL PERSONS AS ITS AGENTS OR EMPLOYEES, AND, IN GENERAL, ANY AGENT OR EMPLOYEE OF A CORPORATION MAY BIND THE CORPORATION BY HIS ACTS AND DECLARATIONS MADE WHILE ACTING WITHIN THE SCOPE OF HIS AUTHORITY DELEGATED TO HIM BY THE CORPORATION, OR WITHIN THE SCOPE OF HIS DUTIES AS AN EMPLOYEE OF THE CORPORATION.

AUTHORITY: 3 Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, § 71.09 (4th ed. 1987).

JURY INSTRUCTION NO. 12

**JURY'S RECOLLECTION CONTROLS - CIVIL**

IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF EVIDENCE DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION, IT IS YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS.

AUTHORITY: Based on Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 15.05 (1977).

JURY INSTRUCTION NO. 13

**CREDIBILITY OF WITNESSES -- DISCREPANCIES IN TESTIMONY - CIVIL**

YOU, AS JURORS, ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IS WORTHY OF BELIEF. CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE AND STATE OF MIND, AND DEMEANOR AND MANNER WHILE ON THE STAND. CONSIDER THE WITNESS'S ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED, AND WHETHER THE WITNESS IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF THESE MATTERS. CONSIDER ALSO ANY RELATION EACH WITNESS MAY BEAR TO EITHER SIDE OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE VERDICT; AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS, OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES, MAY OR MAY NOT CAUSE THE JURY TO DISCREDIT SUCH TESTIMONY. TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY; AND INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON EXPERIENCE. IN WEIGHING THE EFFECT OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND WHETHER THE DISCREPANCY RESULTS FROM

INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, YOU WILL GIVE THE TESTIMONY OF EACH WITNESS SUCH CREDIBILITY, IF ANY, AS YOU MAY THINK IT DESERVES.

AUTHORITY: 1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 17.01 (3rd ed. 1977).

JURY INSTRUCTION NO. 14

## CREDIBILITY OF WITNESSES -- INCONSISTENT STATEMENT (FALSUS IN UNO FALSUS IN OMNIBUS) - CIVIL

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR, AS WE SOMETIMES SAY, IMPEACHED BY SHOWING THAT HE OR SHE PREVIOUSLY MADE STATEMENTS WHICH ARE DIFFERENT THAN OR INCONSISTENT WITH HIS OR HER TESTIMONY HERE IN COURT.  THE EARLIER INCONSISTENT OR CONTRADICTORY STATEMENTS OF A WITNESS NOT A PARTY TO THE ACTION ARE ADMISSIBLE ONLY TO DISCREDIT OR IMPEACH THE CREDIBILITY OF THE WITNESS AND NOT TO ESTABLISH THE TRUTH OF THESE EARLIER STATEMENTS MADE SOMEWHERE OTHER THAN HERE DURING THIS TRIAL.  IT IS THE PROVINCE OF THE JURY TO DETERMINE THE CREDIBILITY, IF ANY, TO BE GIVEN THE TESTIMONY OF A WITNESS WHO HAS MADE PRIOR INCONSISTENT OR CONTRADICTORY STATEMENTS.

WHERE, HOWEVER, THE WITNESS IS A PARTY TO THE CASE, AND BY SUCH STATEMENT, OR OTHER CONDUCT, ADMITS SOME FACT OR FACTS, THEN SUCH STATEMENT OR OTHER CONDUCT, IF KNOWINGLY MADE OR DONE, MAY BE CONSIDERED AS EVIDENCE OF THE TRUTH OF THE FACT OR FACTS SO ADMITTED BY SUCH PARTY, AS WELL AS FOR THE PURPOSE OF JUDGING THE CREDIBILITY OF THE PARTY AS A WITNESS.

JURY INSTRUCTION NO. 15

**PREPONDERANCE OF THE EVIDENCE - CIVIL**

TO "ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE" MEANS TO PROVE THAT SOMETHING IS MORE LIKELY SO THAN NOT SO.  IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE IN THE CASE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE, AND PRODUCES IN YOUR MINDS BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE.  THIS RULE DOES NOT, OF COURSE, REQUIRE PROOF TO AN ABSOLUTE CERTAINTY, SINCE PROOF TO AN ABSOLUTE CERTAINTY IS SELDOM POSSIBLE IN ANY CASE.

AUTHORITY:  3 Devitt, Blackmar & Wolff, _Federal Jury Practice and Instructions_, § 72.01 (4th ed. 1987).

JURY INSTRUCTION NO. 16

**DEPOSITIONS – GENERALLY**

DURING THE TRIAL, CERTAIN TESTIMONY HAS BEEN PRESENTED BY WAY OF DEPOSITION.  THE DEPOSITION CONSISTED OF SWORN, RECORDED ANSWERS TO QUESTIONS ASKED OF THE WITNESS IN ADVANCE OF THE TRIAL BY ATTORNEYS FOR THE PARTIES TO THE CASE.  THE TESTIMONY OF A WITNESS WHO, FOR SOME REASON, IS NOT PRESENT TO TESTIFY FROM THE WITNESS STAND MAY BE PRESENTED IN WRITING UNDER OATH.  SUCH TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AND IS TO BE JUDGED AS TO CREDIBILITY, AND WEIGHED, AND OTHERWISE CONSIDERED BY YOU, INSOFAR AS POSSIBLE, IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND.

JURY INSTRUCTION NO. 17

## 30(B)(6) DEPOSITION — DEFINED

YOU WILL HEAR TESTIMONY FROM A WITNESS DEPOSITION THAT WAS TAKEN UNDER A RULE, 30(b)(6).  THE TESTIMONY ELICITED AT THE DEPOSITION REPRESENTS THE KNOWLEDGE OF THE CORPORATION, NOT JUST THE INDIVIDUAL WITNESS.  THE WITNESS SPEAKS ON BEHALF OF THE CORPORATION BECAUSE HE WAS CHOSEN BY THE CORPORATION AS ITS SPOKESPERSON ON PARTICULAR TOPICS.  THE WITNESS WAS OBLIGATED TO BECOME FAMILIAR WITH ANY KNOWLEDGE IN THE CORPORATION CONCERNING THE TOPICS ON WHICH HE WAS DESIGNATED TO TESTIFY.

JURY INSTRUCTION NO. 18

**INTERROGATORIES**

EACH PARTY HAS INTRODUCED INTO EVIDENCE CERTAIN INTERROGATORIES—THAT IS, QUESTIONS TOGETHER WITH ANSWERS SIGNED AND SWORN TO BY THE OTHER PARTY.  A PARTY IS BOUND BY ITS SWORN ANSWERS. BY INTRODUCING AN OPPOSING PARTY'S ANSWERS TO INTERROGATORIES, THE INTRODUCING PARTY DOES NOT BIND ITSELF TO THOSE ANSWERS.   THE INTRODUCING PARTY MAY CHALLENGE THE OPPOSING PARTY'S ANSWERS IN WHOLE OR IN PART OR MAY OFFER CONTRARY EVIDENCE.

JURY INSTRUCTION NO. 19

**"CLASS ACTION" - DEFINED**

THIS CASE IS PROCEEDING AS A CLASS ACTION.  THE CLASS ACTION
PROCEDURE ALLOWS THE FILING OF ONE LAWSUIT BY A REPRESENTATIVE OR
A SMALL NUMBER OF REPRESENTATIVES ON BEHALF OF A WHOLE GROUP OF
PLAINTIFFS WHO HAVE SIMILAR CLAIMS.   IN THIS CASE, MR. THOMAS BROUGHT
THIS ACTION AS A CLASS REPRESENTATIVE.

YOU SHOULD NOT HOLD THE PHYSICAL ABSENCE OF ANY CLASS MEMBER
AGAINST THE PLAINTIFFS.   YOUR VERDICT HERE WILL BE BINDING ON ALL
CLASS MEMBERS.

IN THIS CASE, THERE ARE TWO CLASSES.   THE FIRST CLASS, WHICH
MAY BE REFERRED TO AS THE "IMPERMISSIBLE USE CLASS," INCLUDES ____
CONSUMERS, WHOSE CONSUMER REPORTS DEFENDANTS OBTAINED AND USED
WITHOUT MAKING A CLEAR AND CONSPICUOUS DISCLOSURE AND WITHOUT
OBTAINING THE CONSUMERS' AUTHORIZATION, AS REQUIRED BY THE FAIR
CREDIT REPORTING ACT.

THE SECOND CLASS, WHICH MAY BE REFERRED TO AS THE "ADVERSE ACTION
SUB-CLASS," IS A SUBSET OF THE IMPERMISSIBLE USE CLASS.   THE ADVERSE
ACTION SUB-CLASS INCLUDES ____ CONSUMERS, AGAINST WHOM DEFENDANTS
TOOK ADVERSE EMPLOYMENT ACTION BASED ON THEIR CONSUMER REPORTS, AND
TO WHOM DEFENDANTS DID NOT PROVIDE A COPY OF THE CONSUMER REPORT AND
A WRITTEN SUMMARY OF RIGHTS UNDER THE FAIR CREDIT REPORTING ACT BEFORE
TAKING THAT ADVERSE EMPLOYMENT ACTION.

AUTHORITY: Newberg on Class Actions § 11:22 (5th ed. 2014).

JURY INSTRUCTION NO. 20

**STATUTE – 15 U.S.C. § 1681b(b)(2)**

TITLE 15, UNITED STATES CODE, SECTION 1681b(b)(2) PROVIDES, IN

PERTINENT PART:

> a person may not procure a consumer report, or
> cause a consumer report to be procured, for
> employment purposes with respect to any
> consumer, unless:
>
> (i)   a clear and conspicuous disclosure has
>       been made in writing to the
>       consumer...before the report is
>       procured or caused to be procured, in a
>       document that consists solely of the
>       disclosure, that a consumer report may
>       be obtained for employment purposes;
>       and
>
> (ii)  (ii) the consumer has authorized in
>       writing...the procurement of the report
>       by that person.

THIS SECTION WAS ENACTED TO ENSURE THAT CONSUMERS WERE

INFORMED OF EMPLOYERS' INVESTIGATIONS INTO THEIR PERSONAL LIVES AND

TO PROTECT THE CONFIDENTIALITY OF CONSUMERS' PERSONAL INFORMATION

BY PREVENTING EMPLOYERS FROM OBTAINING CONSUMER REPORTS WITHOUT THE

CONSUMERS' PERMISSION.

THE COURT HAS DETERMINED THAT DEFENDANTS VIOLATED THE ABOVE

SECTION OF THE FCRA AS A MATTER OF LAW BECAUSE DEFENDANTS' DISCLOSURE

FORM DID NOT CLEARLY DISCLOSE THAT DEFENDANTS SOUGHT TO OBTAIN A

CONSUMER REPORT AND DID NOT AUTHORIZE DEFENDANTS TO OBTAIN SUCH A

REPORT.

THEREFORE, THE DEFENDANTS CAN BE HELD LIABLE FOR VIOLATING THIS

PART OF THE STATUTE, BUT ONLY IF THE PLAINTIFF PROVES BY A

PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANTS' VIOLATION WAS WILLFUL.  IT WILL BE UP TO YOU TO DETERMINE WHETHER THOSE VIOLATIONS WERE WILLFUL AND, IF SO, WHAT DAMAGES TO AWARD.

AUTHORITY: 15 U.S.C. § 1681b(b)(2); S. Rep. No. 517, 91st Cong., 1st Sess. 1-4; H.R. Rep. No. 103-486, 103d Cong., 2d Sess. 30 (1994); ECF Nos. 228, 230 (summary judgment opinions).

JURY INSTRUCTION NO. 21

**STATUTE – 15 U.S.C. § 1681b(b)(3)**

TITLE 15, UNITED STATES CODE, SECTION 1681b(b)(3) PROVIDES, IN

PERTINENT PART, THAT:

> In using a consumer report for employment
> purposes, before taking any adverse action
> based in whole or in part on the report, the
> person intending to take such adverse action
> shall provide to the consumer to whom the report
> relates:
> (i)     a copy of the report; and
> (ii)    a description in writing of the rights
>         of the consumer under this
>         subchapter[.]

THIS SECTION WAS ENACTED TO ENSURE THAT CONSUMERS HAD AN

OPPORTUNITY TO REVIEW THEIR CONSUMER REPORTS AND DISCUSS THEM WITH

THEIR EMPLOYERS BEFORE THE EMPLOYERS TOOK ADVERSE ACTION AGAINST THE

CONSUMERS BASED ON THE CONSUMER REPORTS.

THE COURT HAS DETERMINED THAT DEFENDANTS VIOLATED THE ABOVE

SECTION OF THE FCRA AS A MATTER OF LAW BECAUSE DEFENDANTS DID NOT

PROVIDE ANY ADVERSE ACTION SUB-CLASS MEMBER WITH A COPY OF HIS OR

HER CONSUMER REPORT AND SUMMARY OF RIGHTS BEFORE TAKING ADVERSE

EMPLOYMENT ACTION.  IT IS UP TO YOU TO DETERMINE WHETHER THOSE

VIOLATIONS WERE WILLFUL.

THEREFORE, THE DEFENDANTS CAN BE HELD LIABLE FOR VIOLATING THIS

PART OF THE STATUTE, BUT ONLY IF THE PLAINTIFF PROVES BY A

PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANTS' VIOLATION WAS

WILLFUL.  IT WILL BE UP TO YOU TO DETERMINE WHETHER THOSE VIOLATIONS

WERE WILLFUL AND, IF SO, WHAT DAMAGES TO AWARD.

AUTHORITY: 15 U.S.C. § 1681b(b)(3); S. Rep. No. 517, 91st Cong., 1st
Sess. 1-4; H.R. Rep. No. 103-486, 103d Cong., 2d Sess. 30 (1994);
ECF Nos. 228, 230 (summary judgment opinions).

JURY INSTRUCTION NO. 22

**PURPOSES OF THE FCRA**

THE PURPOSES OF THE FCRA AS A WHOLE ARE TO IMPROVE THE ACCURACY OF CONSUMER REPORTS, ENSURE THE FAIRNESS OF CREDIT REPORTING PROCESSES, AND PROTECT THE CONFIDENTIALITY OF CONSUMERS' PERSONAL INFORMATION.

AUTHORITY: 15 U.S.C. § 1681.

JURY INSTRUCTION NO. 23

**"CONSUMER" – DEFINED**

    THE TERM "CONSUMER" MEANS AN INDIVIDUAL.

AUTHORITY: 15 U.S.C. § 1681a(c).

JURY INSTRUCTION NO. 24

**"CONSUMER REPORT" – DEFINED**

A "CONSUMER REPORT" MEANS ANY WRITTEN, ORAL, OR OTHER COMMUNICATION OF ANY INFORMATION BY A CONSUMER REPORTING AGENCY BEARING ON A CONSUMER'S CREDIT WORTHINESS, CREDIT STANDING, CREDIT CAPACITY, CHARACTER, GENERAL REPUTATION, PERSONAL CHARACTERISTICS, OR MODE OF LIVING USED OR EXPECTED TO BE USED OR COLLECTED IN WHOLE OR IN PART FOR THE PURPOSE OF SERVING AS A FACTOR IN ESTABLISHING THE CONSUMER'S ELIGIBILITY FOR EMPLOYMENT PURPOSES.

AUTHORITY: 15 U.S.C. § 1681a(d).

JURY INSTRUCTION NO. 25

**"EMPLOYMENT PURPOSES" — DEFINED**

"EMPLOYMENT PURPOSES," WHEN USED IN CONNECTION WITH A CONSUMER REPORT, MEANS A REPORT USED FOR THE PURPOSE OF EVLALUATING A CONSUMER FOR EMPLOYMENT, PROMOTION, REASSIGNMENT OR RETENTION AS AN EMPLOYEE.

AUTHORITY: 15 U.S.C. § 1681a(h).

JURY INSTRUCTION NO. 26

**"CONSUMER REPORTING AGENCY" – DEFINED**

A "CONSUMER REPORTING AGENCY" IS ANY PERSON WHO, FOR MONETARY FEES, DUES, OR ON A COOPERATIVE NONPROFIT BASIS, REGULARLY ENGAGES IN WHOLE OR IN PART IN THE PRACTICE OF ASSEMBLING OR EVALUATING…INFORMATION ON CONSUMERS FOR THE PURPOSE OF FURNISHING CONSUMER REPORTS TO THIRD PARTIES, AND WHO USES ANY MEANS OR FACILITY OF INTERSTATE COMMERCE FOR THE PURPOSE OF PREPARING OR FURNISHING CONSUMER REPORTS.

AUTHORITY: 15 U.S.C. § 1681a(f).

JURY INSTRUCTION NO. 27

**"PERSON" — DEFINED**

A "PERSON" AS DEFINED BY THE FCRA MEANS ANY INDIVIDUAL,
PARTNERSHIP, CORPORATION, TRUST, ESTATE, COOPERATIVE, ASSOCIATION,
GOVERNMENT OR GOVERNMENTAL SUBDIVISION OR AGENCY, OR OTHER ENTITY.

.

AUTHORITY: 15 U.S.C. § 1681a(b).

JURY INSTRUCTION NO. 28

**"ADVERSE ACTION" — DEFINED**

"ADVERSE ACTION" MEANS A DENIAL OF EMPLOYMENT OR ANY OTHER
DECISION FOR EMPLOYMENT PURPOSES THAT ADVERSELY AFFECTS ANY CURRENT
OR PROSPECTIVE EMPLOYEE.

AUTHORITY: 15 U.S.C. § 1681a(k)(B)(ii).

JURY INSTRUCTION NO. 29

**"WILLFULLY" — DEFINED**

IT IS UP TO YOU TO DETERMINE WHETHER THE DEFENDANTS' VIOLATIONS WERE WILLFUL.  "WILLFULLY" MEANS THAT DEFENDANTS VIOLATED THE LAW KNOWINGLY OR WITH RECKLESS DISREGARD FOR THE FACT THAT THEIR CONDUCT WAS PROHIBITED BY THE FAIR CREDIT REPORTING ACT.

AUTHORITY: Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007).

JURY INSTRUCTION NO. 30

**"KNOWINGLY" — DEFINED**

AN ACT OR OMISSION IS "KNOWINGLY" DONE, IF DONE VOLUNTARILY AND INTENTIONALLY, AND NOT BECAUSE OF MISTAKE OR ACCIDENT OR OTHER INNOCENT REASON.

JURY INSTRUCTION NO. 31

**"RECKLESS DISREGARD" – DEFINED**

AN ACT OR OMISSION IS DONE IN "RECKLESS DISREGARD" OF THE
PLAINTIFFS' RIGHTS IF THE ACTION ENTAILED AN UNJUSTIFIABLY HIGH RISK
OF HARM THAT WAS EITHER KNOWN TO THE DEFENDANTS OR SO OBVIOUS THAT
IT SHOULD HAVE BEEN KNOWN.   RECKLESS CONDUCT NEED NOT BE INTENTIONAL,
PREMEDITATED,   OR   MALICIOUS.     HOWEVER,   RECKLESSNESS   REQUIRES
SUBSTANTIALLY MORE THAN ORDINARY CARELESSNESS OR INDIFFERENCE.   IN
OTHER WORDS, AN EMPLOYER ACTS WITH RECKLESS DISREGARD WHEN IT ACTS,
OR FAILS TO ACT, WITH A CONSCIOUS LACK OF CONCERN FOR THE CONSEQUENCES
OF ITS ACTIONS ON THE RIGHTS OF THOSE PROTECTED BY THE LAW THEY ARE
FOUND TO HAVE VIOLATED.

Safeco, 551 U.S. at 68, 69; Voisine v. United States, 136 S. Ct. 2272,
2278 (2016) (contrasting "reckless" with "knowing," "intentional,"
and "purposeful"); 4 L. Sand, J. Siffert, S. Reiss, & N. Batterman,
Modern Federal Jury Instructions – Civil ¶ 85.01, p. 85-33 (2015).

JURY INSTRUCTION NO. 32

**"OBJECTIVELY REASONABLE" — DEFINED**

THE DEFENDANTS HAVE OFFERED EVIDENCE THAT THEY UNDERSTOOD
_____, AND THEY CONTEND THAT IT WAS OBJECTIVELY REASONABLE FOR THEM
TO HOLD THAT UNDERSTANDING.  AN EMPLOYER, SUCH AS THE DEFENDANTS,
DOES NOT ACT WILLFULLY FOR PURPOSES OF THE FCRA IF IT HELD AN
OBJECTIVELY REASONABLE UNDERSTANDING OF THE FCRA AND ACTED IN
ACCORDANCE WITH THAT UNDERSTANDING WHEN IT ENGAGED IN THE CONDUCT
THAT VIOLATED THE LAW.

AN UNDERSTANDING OF THE LAW IS "OBJECTIVELY REASONABLE" IF A
REASONABLY PRUDENT EMPLOYER WOULD HAVE ADOPTED THAT INTERPRETATION
UNDER THE SAME OR SIMILAR CIRCUMSTANCES, EVEN IF THAT INTERPRETATION
WAS ERRONEOUS.

IN ASSESSING WHETHER DEFENDANTS' CONDUCT WAS OBJECTIVELY
REASONABLE, YOU MAY CONSIDER THE STATUTORY TEXT; THE EFFORTS
DEFENDANTS TOOK TO COMPLY WITH THE STATUTE; AND THE PRESENCE OR
ABSENCE OF ANY BINDING AUTHORITY INTERPRETING THE STATUTE.

Safeco, 551 U.S. at 69-70; In re Simmons, 810 F.3d 852, 858 (1st Cir.
2016); Fuges v. Sw. Fin. Servs., Ltd., 707 F.3d 241 (3d Cir. 2012).

JURY INSTRUCTION NO. 33

**APPLICABILITY OF THE FCRA**

FOR PURPOSES OF THIS CASE:

MR. THOMAS, AND ALL OTHER CLASS MEMBERS, ARE "CONSUMERS" ENTITLED TO THE PROTECTION AND BENEFIT OF THE FAIR CREDIT REPORTING ACT.

THE REPORTS THAT DEFENDANTS OBTAINED CONCERNING THE CLASS MEMBERS [SUCH AS THOSE ADMITTED INTO EVIDENCE AS EXHIBITS _____,] ARE "CONSUMER REPORTS" GOVERNED BY THE ACT.

DEFENDANTS USED THE CLASS MEMBERS' CONSUMER REPORTS FOR EMPLOYMENT PURPOSES.

AUTHORITY: 3A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 153:11 (6th ed. 2011).

JURY INSTRUCTION NO. 34

**STATUTORY DAMAGES**

IF YOU FIND THAT DEFENDANTS WILLFULLY VIOLATED SECTION 1681b(b)(2) OR SECTION 1681b(b)(3) OF THE FCRA, YOU MUST THEN DETERMINE PLAINTIFFS' DAMAGES. FOR EACH WILLFUL VIOLATION, YOU MUST AWARD EACH CLASS MEMBER STATUTORY DAMAGES IN THE AMOUNT YOU BELIEVE IS REASONABLE UNDER THE CIRCUMSTANCES, PROVIDED THAT THE AMOUNT IS AT LEAST $100, BUT NO MORE THAN $1,000, PER VIOLATION.

THE LAW DOES NOT PROVIDE ANY FIXED STANDARD BY WHICH YOU ARE TO DETERMINE THE AMOUNT OF STATUTORY DAMAGES WITHIN THIS RANGE. HOWEVER, WHEN DETERMINING THE AMOUNT OF STATUTORY DAMAGES PER CLASS MEMBER, YOU MAY CONSIDER CONGRESS'S PURPOSES IN ENACTING THE FCRA AND, MORE SPECIFICALLY, SECTIONS 1681b(b)(2) AND 1681b(b)(3), THE NATURE OF DEFENDANTS' VIOLATIONS, AND OTHER CIRCUMSTANCES RELATING TO DEFENDANTS' COURSE OF CONDUCT.

YOU MAY NOT AWARD STATUTORY DAMAGES FOR THE PURPOSE OF PUNISHING THE DEFENDANTS. STATUTORY DAMAGES ARE SEPARATE FROM ANY PUNTIIVE DAMAGES YOU MAY CHOOSE TO AWARD.

AUTHORITY: Ashby v. Farmers' Ins. Co. of Oregon, 592 F. Supp. 2d 1307, 1318-19 (D. Or. 2008); Harris v. Mexican Specialty Foods, Inc., 564 F.3d 1301, 1313 (11th Cir. 2009) (confirming that the purpose of statutory damages under the FCRA is neither punitive nor compensatory).

JURY INSTRUCTION NO. 35

IF YOU FIND THAT DEFENDANTS WILLFULLY VIOLATED THE FCRA, YOU MAY, IN THE EXERCISE OF YOUR DISCRETION, ADD TO YOUR AWARD OF STATUTORY DAMAGES SUCH AMOUNT OF PUNITIVE DAMAGES AS YOU UNANIMOUSLY AGREE IS PROPER IN ORDER TO PUNISH DEFENDANTS FOR VIOLATING THE FCRA. YOU MAY ALSO AWARD PUNITIVE DAMAGES TO SET AN EXAMPLE TO OTHERS NOT TO ENGAGE IN SUCH CONDUCT.

YOU ARE NOT OBLIGATED TO AWARD PUNITIVE DAMAGES. RATHER, YOU HAVE THE DISCRETION TO DECIDE WHETHER PUNITIVE DAMAGES ARE APPROPRIATE AND WHAT AMOUNT, IF ANY, THOSE PUNITIVE DAMAGES ARE TO BE.

AUTHORITY: 3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 153:71 (6th ed. 2011); 3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 128:81 (6th ed. 2011); Mullins v. Equifax Info. Servs., Civ. No. 3:05-cv-888-REP.

JURY INSTRUCTION NO. 36

IF YOU FIND THAT DEFENDANTS' VIOLATIONS OF THE FAIR CREDIT REPORTING ACT WERE WILLFUL, AND IF YOU CHOOSE TO ASSESS PUNITIVE DAMAGES, YOU MAY CONSIDER THE FOLLOWING FACTORS IN ASSESSING SUCH AN AWARD:

A) THE REMEDIAL PURPOSE OF THE FAIR CREDIT REPORTING ACT;

B) THE HARM TO CONSUMERS INTENDED TO BE AVOIDED OR CORRECTED BY THE ACT'S REQUIREMENTS;

C) THE MANNER IN WHICH THE DEFENDANTS CONDUCTED BUSINESS;

D) THE LENGTH OF TIME BEFORE THE DEFENDANTS CORRECTED THEIR VIOLATIONS;

E) THE DEGREE OF NOTICE PROVIDED TO THE DEFENDANTS ABOUT THEIR VIOLATIONS;

F) DEFENDANTS' AWARENESS OF THE VIOLATIONS; AND

G) THE DEFENDANTS' INCOME AND NET WORTH.

AUTHORITY: Saunders v. Branch Banking & Trust Co. of VA, 3:05-cv-731; Mullins v. Equifax Info. Servs., 3:05-cv-888-REP.

JURY INSTRUCTION NO. 31

YOU SHOULD BEAR IN MIND NOT ONLY THE CONDITION UNDER WHICH AND THE PURPOSE FOR WHICH THE LAW PERMITS AN AWARD OF PUNITIVE DAMAGES TO BE MADE, BUT ALSO THE REQUIREMENT OF THE LAW THAT THE AMOUNT OF SUCH PUNITIVE DAMAGES MUST BE FIXED WITH CALM DISCRETION AND SOUND REASON, AND MUST NEVER BE EITHER AWARDED OR FIXED IN AMOUNT BECAUSE OF ANY SYMPATHY, BIAS OR PREJUDICE WITH RESPECT TO ANY PARTY.  YOU MAY CONSIDER DEFENDANTS' NET WORTH IN CONNECTION WITH PUNITIVE DAMAGES.  THE NET WORTH OF DEFENDANTS IS _____.  THEIR NET INCOME FOR _____, THE LAST YEAR FOR WHICH FIGURES ARE AVAILABLE, IS _____.

AUTHORITY: 3A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 153:71 (6th ed. 2011); Mullins v. Equifax Info. Servs., 3:05-cv-888-REP.

JURY INSTRUCTION NO. 38

NOW, THE FACT THAT I HAVE INSTRUCTED YOU AS TO THE PROPER MEASURE

OF DAMAGES SHOULD NOT BE CONSIDERED AS INTIMATING ANY VIEW OF MINE

AS TO WHICH PARTY IS ENTITLED TO VERDICT IN THIS CASE.   INSTRUCTIONS

ON THE MEASURE OF DAMAGES ARE GIVEN FOR YOUR GUIDANCE IN THE EVENT

YOU SHOULD FIND IN FAVOR OF THE PLAINTIFF IN THIS CASE IN ACCORDANCE

WITH THE OTHER INSTRUCTIONS.

JURY INSTRUCTION NO. 39

**VERDICT - ELECTION OF FOREPERSON - DUTY TO DELIBERATE - UNANIMITY - PUNISHMENT - FORM OF VERDICT - COMMUNICATION WITH THE COURT - CIVIL**

UPON RETIRING TO YOUR JURY ROOM TO BEGIN YOUR DELIBERATIONS, YOU WILL ELECT ONE OF YOUR MEMBERS TO ACT AS YOUR FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

YOUR VERDICT MUST REPRESENT THE COLLECTIVE JUDGMENT OF THE JURY. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT. YOUR VERDICT, IN OTHER WORDS, MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH ONE ANOTHER WITH A VIEW TOWARDS REACHING AN AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF OR HERSELF, BUT DO SO ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS. DO NOT SURRENDER YOUR HONEST CONVICTION, HOWEVER, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS. YOU ARE JUDGES - JUDGES OF THE FACTS OF THIS CASE. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE RECEIVED

IN THE CASE.  NOTHING YOU HAVE SEEN OR READ OUTSIDE OF COURT MAY BE

CONSIDERED.  NOTHING THAT I HAVE SAID OR DONE DURING THE COURSE OF

THIS TRIAL IS INTENDED IN ANY WAY, TO SOMEHOW SUGGEST TO YOU WHAT

I THINK YOUR VERDICT SHOULD BE.  NOTHING SAID IN THESE INSTRUCTIONS

AND NOTHING IN ANY FORM OF VERDICT PREPARED FOR YOUR CONVENIENCE IS

TO SUGGEST OR CONVEY TO YOU IN ANY WAY OR MANNER ANY INTIMATION AS

TO WHAT VERDICT I THINK YOU SHOULD RETURN.  WHAT THE VERDICT SHALL

BE IS THE EXCLUSIVE DUTY AND RESPONSIBILITY OF THE JURY.  AS I HAVE

TOLD YOU MANY TIMES, YOU ARE THE SOLE JUDGES OF THE FACTS.

[A] [F]ORM[S] OF VERDICT[S] [HAS] [HAVE] BEEN PREPARED FOR YOUR

CONVENIENCE.

YOU WILL TAKE THIS FORM [THESE FORMS] TO THE JURY ROOM AND, WHEN

YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL

HAVE YOUR FOREPERSON WRITE YOUR VERDICT, DATE AND SIGN THE FORM[S],

AND THEN RETURN WITH YOUR VERDICT TO THE COURTROOM.

IF   IT   BECOMES   NECESSARY   DURING   YOUR   DELIBERATIONS   TO

COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE, SIGNED BY YOUR

FOREPERSON OR BY ONE OR MORE OF THE JURY, THROUGH THE BAILIFF. NO

MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT

BY ANY MEANS OTHER THAN A SIGNED WRITING AND THE COURT WILL NEVER

COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE

MERITS OF THE CASE OTHER THAN IN WRITING OR ORALLY HERE IN OPEN COURT.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON – NOT

EVEN TO THE COURT – HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE,

ON THE QUESTION OF WHETHER OR NOT THE PLAINTIFF HAS SUSTAINED
[HIS][HER] BURDEN OF PROOF UNTIL AFTER YOU HAVE REACHED A UNANIMOUS
VERDICT.

AUTHORITY: 3 Devitt and Blackmar, Federal Jury Practice and
Instructions, §§ 74.01, 74.04, 20.01 (4th ed. 1987).